UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV13-2079-CAS(AJWx) | Date | May 23, 2013 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:**    **(In Chambers:) DEFENDANT'S MOTION TO DISMISS** (filed May 6, 2013) [Dkt. No. 15]

## I.    INTRODUCTION

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of June 3, 2013, is vacated, and the matter is hereby taken under submission.

On February 13, 2013, plaintiffs Jared Andresen, Yeghia Bekiarian, and John Duffy filed suit against defendants International Paper Company, d/b/a Container the Americas ("IP") and Does 1–50 in the Los Angeles County Superior Court. Defendant IP removed the action to this Court on March 22, 2013. Dkt. No. 1. Plaintiffs are former employees of defendant who allege that defendant has deprived them of severance pay, vested vacation wages, and commissions they accrued during their employment. Plaintiffs filed the operative First Amended Complaint ("FAC") on April 22, 2013, asserting claims for: (1) failure to pay vested vacation wages upon termination; (2) failure to pay wages, including commissions earned and/or owed; (3) violation of California waiting period penalties, Labor Code § 203; (4) violation of California unfair competition law, Bus. & Prof. Code § 17200 et seq.; (5) violation of California record-keeping provisions, Labor Code § 226; (6) breach of contract; and (7) breach of contract based on promissory estoppel.

On May 6, 2013, defendant filed a motion to dismiss for failure to state a claim. Dkt. No. 15. Plaintiffs opposed the motion on May 16, 2013, and defendant filed a reply on May 20, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV13-2079-CAS(AJWx) | Date | May 23, 2013 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

## II.   BACKGROUND

Plaintiffs allege the following facts in support of their claims. All three plaintiffs began their employment as full-time sales representatives with a company called Crocket Containers. Plaintiff Andresen began his employment in or about 1977; plaintiff Duffy in or about 1986; and plaintiff Bekiarian in or about 1972. FAC ¶¶ 7, 9–10. In 1990, a company by the name of Temple-Inland acquired Crocket Containers. Id. ¶ 7. In 2012, IP acquired Temple-Inland, at which time plaintiffs became employees of defendant. Id.

Plaintiffs Andresen and Duffy allege that they were wrongfully deprived of commissions on sales they achieved in 2012 before their departure from IP. Plaintiff Andresen was supposed to receive commissions related to sales with customer Grimway Enterprises; Duffy was supposed to receive a commission on his sales to a number of specific entities. Id. ¶¶ 11–14. Although both plaintiffs made sales to their respective target companies while at IP, neither received their commissions despite numerous complaints to management and human resources. Id. ¶ 17. Andresen alleges he is owed approximately $22,000 in commissions; Duffy alleges that he is owed $8,000. Id. ¶ 16.

In addition, all three plaintiffs allegedly were afforded paid vacation days pursuant to defendant IP and its acquired companies' vacation policies. Id. ¶ 18. As a result of these policies, plaintiffs acquired a substantial amount of vested vacation time for which they seek payment. Based upon the vacation accrual policy set forth in IP's employee handbook, plaintiff Andresen accrued 2,671 hours of vested and unused vacation time; Bekiarian accrued 5,680 hours of vested and unused vacation time; and Duffy accrued 2,836 hours of vested and unused vacation time. Id. ¶¶ 19–22. No plaintiff has received compensation for their accrued vacation time, which they claim amounts to $300,000 for Andresen and Duffy and $780,000 for Bekiarian. Id. ¶¶ 23–25.

## III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV13-2079-CAS(AJWx) | Date | May 23, 2013 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

**CIVIL MINUTES - GENERAL**

| Case No. | CV13-2079-CAS(AJWx) | Date | May 23, 2013 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   ANALYSIS

### A.   Plaintiffs' Claims for Payment of Vested Vacation Wages

California Labor Code § 227.3 provides in relevant part that:

> whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination.

Id. This section "does not require than an employer provide its employees with any paid vacation at all. . . ." Owen v. Macy's, Inc., 175 Cal. App. 4th 462, 468 (2009). Instead, once an employer chooses to provide their employees with vacation benefits, "certain requirements must be met when the employment terminates." Id. Under section 227.3, the amount of vacation pay that an employee is entitled to be paid as wages is determined by reference to the employer's policy; vesting of this pay, however, is mandated by statute. Suastez v. Plastic Dress–Up Co., 31 Cal. 3d 774, 783 (1982).

In addition, nothing in section 227.3 prevents an employer from adopting a "no additional accrual policy," which "prevent[s] additional vacation time from vesting after a certain level has been reached." Boothby v. Atlas Mech., Inc., 6 Cal. App. 4th 1595, 1602 (1992) (quotation omitted). Stated otherwise, once vacation time accrues, an employer cannot deprive their employees of the accrued time. But an employer may permissibly set a cap on the total amount of vacation time that its employees can accrue without violating section 227.3. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV13-2079-CAS(AJWx) | Date | May 23, 2013 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

The Court finds that plaintiffs' allegations are insufficient to state a claim, as plaintiffs fail to allege the existence of any vacation policy under which they allegedly accrued thousands of hours of vacation time for which IP would be liable. First, plaintiffs' allegation that they were "afforded paid vacation days pursuant to defendant IP and its acquired companies' vacation policies," FAC ¶ 18, is insufficient to state a claim. Plaintiffs fail to identify any policy that was in effect during their lengthy employment tenure with Crockett Containers and Temple-Inland; merely alleging the existence of a "policy" is not enough. Plaintiffs must plead the existence and terms of a policy entitling them to the amount of accrued vacation time alleged in their complaint to proceed with this claim. Only where an employment contract specifically provides for the accrual of vacation time is an employee entitled to payment for vested vacation time at termination under section 227.3. Owen, 175 Cal. App. 4th at 468. Second, plaintiffs must at a minimum allege that any vacation time they accrued while at Crockett Containers or Temple-Inland carried over during the respective acquisitions of these companies, such that IP would have a duty to pay for this accrued time. Plaintiffs have not done so here.

Notwithstanding their failure to allege the existence of a policy at the acquired companies, plaintiffs appear to allege that IP's current vacation policy determined the amount of vacation time that plaintiffs accrued during their tenure at the acquired companies. See FAC ¶¶ 29–31 (alleging that each plaintiff accrued thousands of hours of vacation time "pursuant to [IP's] policy" set forth "in the applicable employee handbook"). This allegation is similarly insufficient to state a claim. According to plaintiffs' own allegations, IP's vacation policy provides for the accrual of vacation time only "after one year of employment" at IP. Id. ¶ 19. Because plaintiffs admit that they were employed by IP for less than one year, id. ¶¶ 7–10, this policy is facially inapplicable to them. In addition, plaintiffs allege no facts supporting their bare allegation that they earned vacation time "pursuant to" IP's current vacation policy for the many years they were not employed at IP. For all of these reasons, plaintiffs' claims cannot withstand defendant's motion to dismiss, as plaintiffs fail to allege the terms of a policy entitling them to the accrued vacation time that they claim in this suit.

### B.     Andresen and Duffy's Claims for Payment of Commissions

Defendant moves to dismiss Andresen and Duffy's claims for payment of commissions owed pursuant to an alleged contract, contending that plaintiffs have failed to identify "the most basic facts" in support of their claims. Without alleging what

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV13-2079-CAS(AJWx) | Date | May 23, 2013 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

specific policy and provision of that policy they are relying on, or whether the policy was oral or written, defendant argues that plaintiffs do not state claims for relief.

Although plaintiffs' claims are thinly pled, the Court finds that plaintiffs have adequately alleged a claim for failure to pay them commissions. Each plaintiff alleges that they were supposed to receive a particular rate of commissions for the sale of products to a particular customer or customers, although plaintiffs do not identify a specific contract that they are relying on. FAC ¶¶ 39–42. Andresen and Duffy further allege that they made sales to these customers during their tenure at IP, and that the customers have paid defendant the full contract prices for the products they contracted to purchase. Id. ¶¶ 40, 42. However, defendant has allegedly failed to pay them the commissions that they are owed, in the amount of $22,000 and $8,000, respectively. Id. ¶ 43. Because both plaintiffs have alleged the existence of a compensation policy entitling them to the relief that they seek, including specific facts demonstrating the policy's purported applicability to plaintiffs, the Court finds that Duffy and Andresen have stated a claim for relief. Accordingly, the Court denies defendant's motion to dismiss these claims.

### C.   Andresen's Claims for Breach of Contract and Promissory Estoppel

Defendant also moves to dismiss plaintiff Andresen's claims for breach of contract and promissory estoppel. To state a claim for breach of contract, plaintiff must allege (1) the existence of a contract, (2) plaintiff's performance or excuse for non-performance of the contract, (3) defendant's breach, and (4) resulting damage. Reichert v. General Ins. Co. of America, 68 Cal. 2d 822, 830 (1968).

Andresen alleges that on May 17, 2012, Derek Bates, defendant's human resources manager, orally offered him a severance package in the sum of $57,765.70 in exchange for Andresen's resignation of his employment with IP. FAC ¶ 8. Bates then handwrote the sum of $57,765.70 on a copy of IP's "Enhanced Severance Pay Policy" and handed it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV13-2079-CAS(AJWx) | Date | May 23, 2013 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

to Andresen.¹  Id. ¶¶ 8, 67.  Plaintiff accepted the offer on or about June 15, 2012, and resigned from his employment.  Id.  Andresen has yet to receive any severance pay.

    Defendant notes that the Enhanced Severance Pay Policy specifically provides that where an employee voluntarily resigns prior to being terminated, he is not entitled to severance pay.  Dillinger Decl. Ex. A, ¶ 2.  Because Andresen alleges that he "accepted Defendant IP's offer of severance and resigned his employment," defendant argues that Andresen's allegations of entitlement to severance are directly contradicted by the terms of the severance policy, and accordingly, he fails to state a claim.

    Defendant's contentions are unpersuasive.  Andresen's allegation is that Derek Bates, human resources manager for IP, orally offered plaintiff a severance package in an amount certain "in exchange for Andresen's resignation of his employment with IP."  FAC ¶ 67.  Andresen allegedly performed his obligations under this purported oral agreement by tendering his resignation on or about June 15, 2012, but defendant failed to pay him the promised severance.  Id. ¶ 68.  Whatever the terms of the Enhanced Severance Pay Policy may be, the Court finds that plaintiff has adequately stated a claim for breach of an oral agreement separate and apart from the written severance policy.²

---

    ¹ Defendant offers a copy of the "Enhanced Severance Pay Policy" with its motion to dismiss, asserting that the Court may consider this document given that plaintiff expressly references it in his complaint.  See Decl. of Amy Gillinger Ex. A.  The Court agrees.  A court may review documents outside of a plaintiff's complaint where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted).  In addition, although a court must accept as true all material allegations in the complaint when considering a Rule 12(b)(6) motion, "a court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

    ² For similar reasons, the Court denies defendant's motion to dismiss plaintiff's alternative claim for promissory estoppel, which relies on the same alleged factual predicate, in addition to plaintiff's alleged reliance on defendant's oral representations in choosing to resign his employment.  See FAC ¶¶ 78–82.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV13-2079-CAS(AJWx) | Date | May 23, 2013 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

Although the written policy provides for no severance pay where an employee terminates their employment by resignation, plaintiff is alleging that he entered into a separate oral contract supported by adequate consideration. Accordingly, defendant's motion to dismiss this claim is hereby denied.

### D.  Derivative Claims

Plaintiffs' remaining claims—for violation of California's waiting period penalties, unfair competition law, and record-keeping provisions—are derivative of their other claims for relief addressed herein. The Court therefore denies defendant's motion to dismiss these claims as to plaintiffs Andresen and Duffy, who have adequately alleged two potential claims. The Court grants defendant's motion as to plaintiff Bekiarian, who has yet to plead a viable claim for relief.

### V.  CONCLUSION

In accordance with the foregoing, the Court GRANTS in part and DENIES in part defendant's motion to dismiss without prejudice. Plaintiffs may file an amended complaint addressing the deficiencies identified herein within **twenty (20)** days of the date of this order. Failure to do so will result in the dismissal of their claim for failure to pay vested vacation wages, and all of plaintiff Bekiarian's claims, with prejudice.[3]

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[3] As a separate ground for denying defendant's motion, plaintiffs contend that defendant "failed to file a notice of motion." This contention is plainly incorrect. See Dkt. No. 15. Plaintiff also argues that defendant did not meet and confer in good faith under Local Rule 7-3 before filing its motion; both parties submit and describe email exchanges from counsel disputing this issue, among others. The Court admonishes counsel for all parties that civility and strict compliance with the Local Rules is expected of them. See Dkt. No. 5 ("Notice to Counsel").