UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2079 CAS (AJWx) | Date | August 5, 2013 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Douglas Silverstein | Amy Gillinger |

**Proceedings:** **DEFENDANT'S MOTION TO DISMISS** (filed June 26, 2013) [22]

## I.   INTRODUCTION

On February 13, 2013, plaintiffs Jared Andresen, Yeghia Bekiarian, and John Duffy filed suit against defendants International Paper Company, d/b/a Container the Americas ("IP") and Does 1–50 in the Los Angeles County Superior Court. Defendant IP removed the action to this Court on March 22, 2013. Dkt. No. 1. Plaintiffs are former employees of defendant who allege that defendant has deprived them of severance pay, vested vacation wages, and commissions they accrued during their employment.

On April 22, 2013, plaintiffs filed their First Amended Complaint ("FAC"), asserting claims for: (1) failure to pay vested vacation wages upon termination; (2) failure to pay wages, including commissions earned and/or owed; (3) violation of California waiting period penalties, Labor Code § 203; (4) violation of California unfair competition law, Bus. & Prof. Code § 17200 et seq.; (5) violation of California record-keeping provisions, Labor Code § 226; (6) breach of contract; and (7) breach of contract based on promissory estoppel.

On May 23, 2013, the Court granted in part defendant's motion to dismiss the FAC without prejudice. The Court found that plaintiffs' claims for failure to pay commissions, for breach of contract, and promissory estoppel were adequately plead, but that plaintiffs failed to plead a viable claim for payment of vested vacation wages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2079 CAS (AJWx) | Date | August 5, 2013 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

On June 12, 2013, plaintiffs filed their Second Amended Complaint, asserting the same seven claims for relief. On June 26, 2013, defendant filed a motion to dismiss for failure to state a claim. Plaintiffs opposed the motion on July 8, 2013, and defendant filed a reply on July 15, 2013. The Court held a hearing on August 5, 2013. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiffs allege the following facts in support of their vested vacation pay claim. All three plaintiffs began their employment as full-time sales representatives with a company called Crockett Containers ("Crockett"). Plaintiff Andresen began his employment in or about 1977; plaintiff Duffy in or about 1986; and plaintiff Bekiarian in or about 1972. SAC ¶¶ 7, 9–10. In 1990, a company by the name of Temple-Inland acquired Crockett. Id. ¶ 7. In 2012, IP acquired Temple-Inland, at which time plaintiffs became employees of defendant. Id.

All three plaintiffs were afforded paid vacation days pursuant to defendant IP and its acquired companies' vacation policies. Id. ¶ 19. As a result of these policies, plaintiffs acquired a substantial amount of vested vacation time for which they seek payment.

Crockett Containers' vacation policy provided for a certain number of weeks of "vested vacation days" based on the number of years of service the employee had provided. Id. ¶ 20. When Crockett was acquired by Temple-Inland, Andresen had acquired approximately 680 hours of vacation time; Duffy about 216 hours; and Bekiarian approximately 1,824 hours. Id. ¶¶ 21–23. According to plaintiffs, Temple-Inland acquired all of Crocket's assets and liabilities, including liability for payment of vested vacation wages to its employees. Moreover, there was "substantial continuity" in operations after the succession—Temple-Inland conducted its operations at the same business locations, with the same employees, under the same working conditions, under the same management personnel. Id. ¶ 46. Temple-Inland also adopted the exact same vacation policy in its applicable employee handbook.

By the time IP acquired Temple-Inland in 2012, Andresen had acquired an additional 1,991 hours of vested vacation time; Duffy an additional 2,620 hours; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2079 CAS (AJWx) | Date | August 5, 2013 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

Bekiarian an additional 3,856 hours. At the time of the acquisition, IP's written benefit policy indicated that IP would maintain the Temple-Inland vacation policy through December 31, 2012. Id. ¶ 51. As with Temple-Inland's acquisition of Crockett, plaintiffs maintain that there was substantial continuity in their operations and working conditions after the acquisition, and that IP agreed to and "was aware of its obligations to pay vested vacation days" that employees had acquired from their "predecessor employers." Id. ¶ 56.

Based upon the vacation accrual policy set forth in IP's employee handbook and at these predecessor entities, plaintiff Andresen accrued 2,671 hours of vested and unused vacation time; Bekiarian accrued 5,680 hours of vested and unused vacation time; and Duffy accrued 2,836 hours of vested and unused vacation time. No plaintiff has received compensation for their accrued vacation time, which they claim amounts to $300,000 for Andresen and Duffy and $780,000 for Bekiarian. Id. ¶¶ 36–38.

### III.  LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2079 CAS (AJWx) | Date | August 5, 2013 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

(2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2079 CAS (AJWx) | Date | August 5, 2013 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

## IV.   ANALYSIS

### A.   Plaintiffs' Claims for Payment of Vested Vacation Wages

California Labor Code § 227.3 provides in relevant part that:

whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination.

Id.  This section "does not require than an employer provide its employees with any paid vacation at all. . . ."  Owen v. Macy's, Inc., 175 Cal. App. 4th 462, 468 (2009).  Instead, once an employer chooses to provide their employees with vacation benefits, "certain requirements must be met when the employment terminates."  Id.  Under section 227.3, the amount of vacation pay that an employee is entitled to be paid as wages is determined by reference to the employer's policy; vesting of this pay, however, is mandated by statute.  Suastez v. Plastic Dress–Up Co., 31 Cal. 3d 774, 783 (1982).  An employer may permissibly set a cap on the total amount of vacation time that its employees can accrue without violating section 227.3.  Boothby v. Atlas Mech., Inc., 6 Cal. App. 4th 1595, 1602 (1992).

Applying the foregoing standards to plaintiffs' FAC, the Court found that plaintiffs failed to state a claim for payment of vested vacation wages for two reasons.  First, plaintiffs failed to identify any policy that was in effect during their lengthy employment tenure with Crockett and Temple-Inland.  The Court noted that plaintiffs had to plead the existence and terms of a policy at the acquired companies entitling them to the amount of accrued vacation time alleged in their complaint.  Second, plaintiffs did not allege whether, or how, IP assumed the duty to pay for any vacation time they accrued while at Crockett or Temple-Inland, such that IP would have a duty to pay for any or all of this accrued time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2079 CAS (AJWx) | Date | August 5, 2013 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

Defendant argues that plaintiffs still fail to plead a viable claim for payment of vested vacation time, because plaintiffs' allegations concerning the existence of these purported vacation policies are implausible. However, taking plaintiffs' allegations as true, the Court finds that plaintiffs have alleged the existence of a vacation policy that was in effect at both Crockett and Temple-Inland during their employment at these entities. According to plaintiffs' recitation, these vacation policies are identical in all respects, but this alone does not render plaintiffs' allegations implausible. It is sufficient to allege the existence of these policies at this stage, as plaintiffs have done, before further factual development in discovery. This includes the crucial question as to whether any of these policies had limitations on the accrual of additional unused vacation time.

Even if plaintiffs have alleged the existence of a policy in effect at Crockett and Temple-Inland, defendant maintains that plaintiffs still fail to plead facts demonstrating that there was an explicit agreement between Crockett and Temple-Inland, and between Temple-Inland and IP, to carry over vacation accruals from each employer to the next.

Under California law, the sale of a business acts as a termination of the employee's employment with her employer, even if the employee continues working in the same capacity at the new employer. See Chapin v. Fairchild Camera etc. Corp., 31 Cal. App. 3d 192, 199 (1973); see also Gresham v. Lumbermen's Mut. Cas. Co., 404 F.3d 253, 262 (4th Cir. 2005) ("courts have uniformly concluded that a company terminates its employees when it sells the portion of the business that employs them, even if the employees immediately begin work for the purchasing company"). When this occurs, employment benefits that are due upon termination, including the right to vested vacation time, must be paid to employees absent an agreement to the contrary. Id.; see also California Division of Labor Standards Enforcement (DLSE), Enforcement Policies and Interpretations Manual § 15.1.11 (2002). Thus, absent a specific agreement providing for the assumption of liability for vacation pay here, IP is not liable for the alleged vacation time that plaintiffs' accrued at the Crockett and Temple-Inland.

The Court finds that plaintiffs adequately allege the existence of such an assumption by both Temple-Inland and IP in this case. As noted, plaintiffs allege that both Temple-Inland and IP acquired all of the assets and liabilities of their predecessor companies, including the liability for vested vacation, and that each was "aware" of its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2079 CAS (AJWx) | Date | August 5, 2013 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

respective obligation to pay vested vacation days that employees had acquired from their "predecessor employers." See SAC ¶¶ 24, 34. While plaintiffs have not pled the exact contractual language of these assumptions of liability, a plaintiff "may plead the legal effect of the contract rather than its precise language." Constr. Protective Servs., Inc. v. TIG Specialty Ins. Co., 29 Cal. 4th 189, 199 (2002). Because plaintiffs have done so here, the Court finds that plaintiffs state a claim for payment of vested vacation wages. Whether these policies in fact entitle plaintiffs to the vacation wages that they claim is better decided on a motion for summary judgment.

### B. Derivative Claims

Plaintiffs' remaining claims—for violation of California's waiting period penalties, unfair competition law, and record-keeping provisions—are derivative of their other claims for relief addressed herein. The Court therefore denies defendant's motion to dismiss these claims as they pertain to plaintiffs' claim for payment of vested vacation wages.

### V. CONCLUSION

In accordance with the foregoing, the Court DENIES defendant's motion to dismiss.

IT IS SO ORDERED.

|  | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |