UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2014 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

Not Present                                       Not Present

**Proceedings:**   (In Chambers:) PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS (Dkt. #44, filed May 7, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of June 9, 2014, is vacated, and the matter is hereby taken under submission.

## I.    INTRODUCTION

On February 13, 2013, plaintiffs Jared Andresen, Yeghia Bekiarian, and John Duffy filed suit against defendants International Paper Company, d/b/a Container the Americas ("IP") and Does 1-50 in the Los Angeles County Superior Court. IP removed the action to this Court on March 22, 2013. Dkt. #1. The operative second amended complaint ("SAC") asserts claims for failure to pay vested vacation wages upon termination, in violation of Labor Code § 227.3[1], failure to pay wages, waiting time penalties pursuant to Labor Code §§ 202-03, violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq., violation of the record-keeping provisions set forth in Labor Code § 226, breach of contract, and promissory estoppel. Dkt. #21. IP filed an amended answer on April 23, 2014, in which it asserts assert counterclaims against Bekiarian for breach of the duty of loyalty, breach of fiduciary duty, gross negligence, and intentional misrepresentation. Dkt. #43.

On May 7, 2014, Bekarian filed a motion to dismiss IP's counterclaims. IP filed an opposition on May 19, 2014, dkt. #50, and Bekarian replied on May 26, 2014, dkt. #51. After considering the parties' arguments, the Court finds and concludes as follows.

---

[1] References to "Labor Code" are to the California Labor Code.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2014 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

## II. BACKGROUND

Plaintiffs are former employees of defendant who allege that defendant has deprived them of severance pay, vested vacation wages, and commissions that they accrued during their employment. See generally SAC. The crux of IP's counterclaims is that, to the extent that IP is liable to plaintiffs for accrued vacation pay, Bekiarian is partially responsible for creating this liability. In this regard, IP alleges that Bekiarian was first hired by Crockett Containers in 1972. Countercl. ¶ 5. IP alleges that, at that time, Bekiarian oversaw all Crockett facilities in California. Id. In 1990, Crockett was acquired by Temple-Inland, and IP acquired Temple-Inland in or around February 2012. Id. ¶¶ 5-15. After Temple-Inland acquired Crockett, Bekiarian became vice president and general manager of Temple-Inland's Crockett Division, and remained in that position after IP acquired Temple-Inland. Id. ¶¶ 8-16.

IP asserts that Bekiarian "created and subjected Crockett, [Temple-Inland, and IP] to material contingent paid vacation accrual liability" as to certain sales representatives, including plaintiffs Andresen and Duffy, while at the same time instructing human resources and accounting employees under his control not to provide paid vacation for IP's sales representatives, and not to account for accruing vacation pay liability. Id. ¶¶ 5-20. In particular, IP alleges that Bekiarian instructed Gale Leach, formerly a human resources manager at Crockett, that commissioned sales representatives were not entitled to paid vacation, and further instructed her not to account for accruals of paid vacation as to those representatives. Id. ¶ 7. IP alleges that Bekiarian gave similar instructions to Edith Rocha, the Controller of the Crockett Division of Temple-Inland. Id. ¶¶ 11-12. Additionally, according to IP, when IP acquired Temple-Inland, Bekarian did not disclose the possibility that this alleged liability existed. Id. ¶¶ 5-20.

## III. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint or counterclaim. "While a [pleading] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2014 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the counterclaim, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The counterclaim must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a counterclaim, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint [or counterclaim] states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint or counterclaim (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the counterclaim and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2014 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

As a general rule, leave to amend a complaint or counterclaim which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

    **B.    Fed. R. Civ. P. 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

**IV.    DISCUSSION**

The Court first addresses Bekiarian's arguments that are applicable to IP's claims as a group, and then considers those that are directed at individual claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2014 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

### A. Bekiarian's Arguments Applicable to all of IP's Claims

Bekiarian first argues that all of IP's claims should be dismissed because IP does not allege that any liability for paid vacation has actually accrued. According to Bekiarian, IP cannot assert claims based on accrued liability for vacation pay without first alleging that such liability exists. This argument fails. In its answer, IP denies that any paid vacation liability has accrued as to plaintiffs. Answer ¶ 19. The crux of IP's claims is that, to the extent that any liability for vacation pay has accrued, Bekiarian is responsible for that accrual. Rule 8 of the Federal Rules of Civil Procedure expressly permits pleading in the alternative in this fashion. See Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."); cf. Standfacts Credit Servs. v. Experian Information Solutions, Inc., 405 F. Supp. 2d 1141, 1150 (C.D. Cal. 2005) ("[A] pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case.").[2]

Next, Bekiarian argues that IP lacks standing under Article III of the United States Constitution to sue for injuries allegedly incurred as a result of Bekiarian's conduct prior to IP's acquisition of Temple-Inland. In this regard, Bekiarian contends that IP has denied in its answer that it is a successor employer of Crockett or Temple-Inland, and is therefore estopped from asserting it has suffered an injury in fact based on conduct that occurred while Bekiarian was employed by those entities. This argument lacks merit for two reasons. First, a "credible threat of harm" is sufficient to satisfy the injury-in-fact requirement for Article III standing. Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010). Here, it is plain that IP is now facing a lawsuit by plaintiffs, alleging that IP is liable for accrued vacation pay, including pay that accrued prior to IP's acquisition of Temple-Inland. See SAC ¶¶ 39-62. Thus, IP is facing a threat of economic harm stemming from the possibility that plaintiffs will prevail on their claims for accrued paid vacation. See Krottner, 628 F.3d at 1143. Second, as stated above, IP's claims are properly construed as pleading in the alternative, by alleging that, to the extent that IP is found liable as a successor to Crockett or Temple-Inland for accrued vacation pay, Bekiarian is responsible for that liability. IP need not admit that it is a successor to Crockett or Temple-Inland in order to assert claims based on the possibility that it could

---

[2] Bekiarian also argues that IP's claims are implausible based on its denial that it as any obligation to provide plaintiffs with paid vacation. This argument fails for the same reason stated above, namely, that Rule 8 permits IP to plead in the alternative.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2014 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

be deemed a successor at some point in this litigation. See Standfacts Credit Servs., 405 F. Supp. 2d at 1150.

Bekiarian also argues that IP's claims should be dismissed because, under California law, there is no personal liability for failure to pay wages. This argument fails. California law recognizes that an employer may assert claims against an employee "when the employee takes action which is inimical to the best interests of the employer." See Stokes v. Dole Nut Co., 41 Cal. App. 4th 285, 295 (1995).[3] Here, IP's claims do not seek to hold Bekiarian liable for failure to pay wages. Rather, they seek indemnity for Bekiarian's own alleged tortious conduct, done to the detriment of IP—exposing IP to liability for vacation pay, and then concealing that liability from IP. This theory of liability is available under California law. See id.

Bekiarian next argues that IP's claims "impermissibly seek[] to thrust an employer's cost of doing business upon an employee," in violation of California law. Specifically, Bekiarian argues that IP's claims violate California Labor Code section 221, which provides that "[i]t shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Cal. Labor Code § 221. This argument fails for substantially the same reason set forth in the previous paragraph; California law recognizes that an employer may seek to hold an employee liable for his or her own tortious conduct. That is what IP's claims seek to do in the present case.

Finally, Bekiarian argues that IP is barred from seeking damages against him because, pursuant to California Labor Code section 2802, IP would be required to indemnify him for any damages awarded against him. The Court disagrees. Labor Code section 2802 provides, in relevant part, that an employer "shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." Cal. Labor Code § 2802. This section does not require an employer to indemnify an employee for that employee's tortious

---

[3] The rule cited by plaintiff is inapplicable here, but rather applies to situations in which an employee brings an action against an employer for unpaid wages, and seeks to hold an agent of the employer personally liable for the unpaid wages. See, e.g., Reynolds v. Bement, 36 Cal. 4th 1075, 1087 (2005), abrogated on other grounds by Martinez v. Combs, 49 Cal. 4th 35 (2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2014 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

conduct toward the employer.  See Exec. Sec. Mgmt. v. Dahl, 830 F. Supp. 2d 870, 882 (C.D. Cal. 2011) (explaining that claims involving "alleged conduct outside the scope of [an employee's] duties, such as breach of fiduciary duty" do not come within the scope of section 2802).  Here, as set forth above, IP seeks to hold Bekiarian liable for alleged tortious conduct committed toward IP.  Labor Code section 2802 is inapplicable to such claims.  See Dahl, 830 F. Supp. 2d at 882.

### B.     Bekiarian's Claim-Specific Arguments

#### 1.     IP's claim for intentional misrepresentation

To maintain a claim for intentional misrepresentation, a plaintiff must allege: (1) a false representation as to a material fact; (2) knowledge of its falsity; (3) intent to defraud; (4) actual and justifiable reliance; and (5) resulting damages.  E.g., Do Sung Uhm v. Humana, Inc., 620 F.3d 1134, 1157 (9th Cir. 2010); Glen Holly Entm't, Inc. v. Tektronix, Inc., 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999).  In support of this claim, IP alleges that Bekiarian knowingly made false statements to Crockett, Temple-Inland, and IP that no paid vacation accrual liability existed as to any sales representatives or himself.  Countercl. ¶ 37.  IP further alleges that it relied on these representations, and as a result, has been damaged because it was deprived of the opportunity to "manage or account" for any of this alleged accrued liability.  Id. ¶¶ 37-38.  This claim also incorporates by reference IP's allegations that Bekiarian (1) instructed various human resources personnel not to record any paid vacation for sales representatives, and (2) never disclosed this alleged accrual liability at the time that IP acquired Temple-Inland.  See id. ¶¶ 5-20.

Bekiarian contends that this claim is not pled with the particularity required by Rule 9(b) because it does not specify the "who, what, when, where, and how of the misconduct charged."  Mot. Dismiss at 8.  The Court finds this argument unpersuasive.  As discussed above, a pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."  Walling, 476 F.2d at 397.  Moreover, although the "who, what, when, where, and how" standard evokes the level of detail required by Rule 9(b), it does not articulate a rigid checklist.  See U.S. ex rel. Grubbs v. Kanneganti, 565 F.3d 180, 190 (5th Cir. 2009) ("[T]he 'time, place, contents, and identity' standard is not a straitjacket for Rule 9(b).  Rather, the rule is context specific and flexible . . . .").  Because the allegations summarized above identify the substance of the misstatements that form the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2014 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

basis for plaintiff's fraud claim, the Court concludes that the claim is pled with sufficient particularity.

      2.      Manager's privilege

Bekiarian argues that IP's claims for gross negligence and intentional misrepresentation are barred by the rule that "managers . . . cannot be held liable for actions taken in their managerial capacity." Mot. Dismiss at 9-10. According to Bekiarian, he cannot be held liable for these torts because all of the "alleged misconduct is based on [his] conduct as a manager." Id. Under California law, the manager's privilege acts primarily as a shield to protect a manager from individual liability to third parties for certain torts. For example, it operates as a shield against individual liability arising from personnel decisions, e.g., Hernandez v. Ignite Restaurant Group, 917 F. Supp. 2d 1086, 1090 (E.D. Cal. 2013), or from liability for intentional interference with contractual relations resulting from a corporation's breach of a contract on the advice of the manager, e.g., Halvorsen v. Aramark Uniform Servs., 65 Cal. App. 4th 1383, 1392 (1998). No authority supports Bekiarian's argument that the manager's privilege shields a manager from liability as to the manager's own principal. Thus, the Court finds that the manager's privilege does not bar IP's claims for gross negligence or intentional misrepresentation.

**V.    CONCLUSION**

In accordance with the foregoing, the Court hereby DENIES Bekiarian's motion to dismiss.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |