UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Douglas Silverstein | Amy Gillinger<br>Marcus Torrano |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS PLAINTIFF YEGHIA BEKIARIAN'S COUNTERCLAIM IN REPLY (Dkt. #61, filed July 14, 2014)

## I.    INTRODUCTION

On February 13, 2013, plaintiffs Jared Andresen, Yeghia Bekiarian, and John Duffy filed suit against defendants International Paper Company, d/b/a Container the Americas ("IP") and Does 1-50 in the Los Angeles County Superior Court. IP removed the action to this Court on March 22, 2013. Dkt. #1. The operative second amended complaint ("SAC") asserts claims for failure to pay vested vacation wages upon termination, in violation of Labor Code § 227.3,[1] failure to pay wages, waiting time penalties pursuant to Labor Code §§ 202-03, violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq., violation of the record-keeping provisions set forth in Labor Code § 226, breach of contract, and promissory estoppel. Dkt. #21. IP filed an amended answer on April 23, 2014, in which it asserts assert counterclaims against Bekiarian for breach of the duty of loyalty, breach of fiduciary duty, gross negligence, and intentional misrepresentation. Dkt. #43. On June 24, 2014, in response to IP's counterclaims, Bekiarian filed an answer and counterclaim in reply. Dkt. #61. The reply counterclaim asserts a single claim for indemnification based on Labor Code § 2802, California Corporations Code § 317, and IP's corporate bylaws. Reply Countercl. ¶¶ 112-18.

---

[1] References to "Labor Code" are to the California Labor Code.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

On July 14, 2014, IP filed a motion to dismiss the reply counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. #61. Bekiarian filed an opposition on July 21, 2014, dkt. #63, and IP replied on May 26, 2014, dkt. #64. The Court held a hearing on August 11, 2014. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiffs are former employees of defendant who allege that defendant has deprived them of severance pay, vested vacation wages, and commissions that they accrued during their employment. See generally SAC. The crux of IP's counterclaims is that, to the extent that IP is liable to plaintiffs for accrued vacation pay, Bekiarian is partially responsible for creating this liability. Specifically, IP alleges that Bekiarian "created and subjected Crockett, [Temple-Inland, and IP] to material contingent paid vacation accrual liability" as to certain sales representatives, including plaintiffs Andresen and Duffy, while at the same time instructing human resources and accounting employees under his control not to provide paid vacation for IP's sales representatives, and not to account for accruing vacation pay liability. Countercl. ¶¶ 5-20.

In the reply counterclaim, Bekiarian alleges that, to the extent that IP has incurred any liability as a result of Bekiarian's actions, this liability was incurred as a result of Bekiarian carrying out his duties as an employee of IP. Reply Countercl. ¶¶ 114-15.

## III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint or counterclaim. "While a [pleading] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the pleading, as well as all reasonable inferences to be drawn from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The pleading must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a [pleading], they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a [pleading] to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a [counterclaim] states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the counterclaim (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the counterclaim and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | August 11, 2014 |
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

As stated above, Bekiarian alleges that, to the extent that IP has incurred any liability to plaintiffs as a result of his actions, this liability was incurred as a result of Bekiarian carrying out his duties as an employee of IP. Bekiarian's claim for relief is grounded on Labor Code § 2802, California Corporations Code § 317, and IP's corporate bylaws. The Court addresses each ground in turn.

### A. Indemnification Under Labor Code § 2802

Bekiarian first seeks indemnification pursuant to Labor Code § 2802, which provides, in relevant part:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

Cal. Labor Code § 2802. To the extent that the reply counterclaim is grounded on Section 2802, it fails to state a claim. In this regard, the California Court of Appeal held in Nicholas Laboratories, LLC v. Chen, 199 Cal. App. 4th 1240, 1251 (2011), that the California Legislature did not "intend[] to depart from the usual meaning of the word 'indemnify' to address 'first party' disputes between employers and employees."; see also Warner v. Sims Metal Mgmt., 2013 WL 4777314, at *2 (N.D. Cal. Sept. 6, 2013) ("An employee, however, cannot seek indemnification for the costs of defending himself against a lawsuit by his employer under Section 2802"). Thus, Section 2802 is inapplicable to the present case because Bekiarian is engaged in litigation against his employer, and not a third party. The Court accordingly concludes that the reply counterclaim fails to state a claim based on Section 2802.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

At oral argument, Bekiarian noted that <u>Chen</u> and <u>Warner</u> addressed the employer's duty to reimburse an employee for expenses incurred in defending against an action by his employer, and not to indemnification for other liability, such as the amount of the judgment itself. This argument fails. Bekiarian is correct that <u>Chen</u> focused on the applicability of Section 2802 to attorney's fees and expenses. However, the court's conclusion, namely, that Section 2802 does not apply to attorney's fees incurred by an employee while defending against a suit by his employer, was grounded on an analysis of the statutory language of Section 2802 and fundamental principles of California law. The result of that analysis was that the California Legislature did not "intend[] to depart from the usual meaning of the word 'indemnify' to address 'first party' disputes between employers and employees." <u>Chen</u>, 199 Cal. App. 4th at 1251. Thus, the holding of <u>Chen</u>, as well as <u>Warner</u>, is fully applicable to the present case, where the question presented is whether Section 2802 applies in the context of litigation between an employer and an employee.

### B. Indemnification Under California Corporations Code § 317

Bekiarian's claim for indemnity is also grounded on California Corporations Code § 317, which provides, in relevant part:

> A corporation shall have power to indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending, or completed action by or in the right of the corporation to procure a judgment in its favor by reason of the fact that the person is or was an agent of the corporation, against expenses actually and reasonably incurred by that person in connection with the defense or settlement of the action if the person acted in good faith, in a manner the person believed to be in the best interests of the corporation and its shareholders.
>
> To the extent that an agent of a corporation has been successful on the merits in defense of any proceeding referred to in [the previous paragraph] or in defense of any claim, issue, or matter therein, the agent shall be indemnified against expenses actually and reasonably incurred by the agent in connection therewith.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       'O'

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

Cal. Corp. Code § 317(c)-(d). IP argues that the reply counterclaim fails to state a claim under Corporations Code § 317 because this section "prohibits indemnification in cases of bad faith or intentional wrongdoing." Mot. Dismiss at 3 (quoting Plate v. Sun-Diamond Growers, 225 Cal. App. 3d 1115, 1124 (1990)). The Court finds this argument unpersuasive. First, Section 317 is not "limited in application to third party lawsuits." Wilshire-Doheny Assocs. Ltd. v. Shapiro, 83 Cal. App. 4th 1380, 1390 (2000). Thus, unlike in the context of Labor Code § 2802, the fact that Bekiarian was "sued by the corporation [as opposed to a third party] is not a bar to recovery." See id. Next, IP is correct that, to the extent that it is able to prove that Bekiarian engaged in intentional, tortious misconduct towards IP, he is not subject to indemnification. See Plate, 225 Cal. App. 3d at 1124. However, if Bekiarian is "successful on the merits" in this action, then he may be entitled to indemnification "against expenses actually and reasonably incurred by [him] in connection therewith." See Cal. Corp. Code § 317(d); see also Wilshire-Doheny Assocs. Ltd. v. Shapiro, 83 Cal. App. 4th 1380, 1390-91 (2000). Accordingly, the Court finds that the reply counterclaim states a claim under Corporations Code § 317.

### C.   Indemnification Under IP's Corporate Bylaws

Bekiarian also seeks indemnification under IP's corporate bylaws. IP argues that the reply counterclaim fails to state a claim for indemnification based on the bylaws because the reply counterclaim does not identify what provisions of the bylaws give rise to his claimed right to indemnification. The Court agrees. The reply counterclaim provides no information about the terms of the bylaws, and the bylaws are not appended to the reply counterclaim. Without additional allegations regarding the terms of the bylaws, the reply counterclaim's reference to the bylaws amounts to mere "labels and conclusions," which are not sufficient to give rise to a plausible claim for relief. See Twombly, 550 U.S. at 555. Accordingly, the Court concludes that the reply counterclaim fails to state a claim for indemnification based on IP's corporate bylaws.

### V.   CONCLUSION

In accordance with the foregoing, IP's motion to dismiss is GRANTED IN PART and DENIED IN PART. Specifically, IP's motion is GRANTED insofar as it is grounded on California Labor Code § 2802 and IP's corporate bylaws. IP's motion is DENIED insofar as it is grounded on California Corporations Code § 317. Bekiarian

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

shall have leave to file an amended reply counterclaim no later than **September 8, 2014**, that corrects the deficiencies identified herein.

IT IS SO ORDERED.

| | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |