UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | October 21, 2014 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Douglas Silverstein<br>Lauren Morrison | Amy Gillinger<br>Marcus Torrano<br>Jason Campbell |

**Proceedings:** PLAINTIFF YEGHIA BEKIARIAN'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING DEFENDANT IP'S 12(B)(6) MOTION (Dkt. 80, filed September 8, 2014)

## I. INTRODUCTION

On February 13, 2013, plaintiffs Jared Andresen, Yeghia Bekiarian, and John Duffy filed suit against defendants International Paper Company, d/b/a Container the Americas ("IP") and Does 1-50 in the Los Angeles County Superior Court.  IP removed the action to this Court on March 22, 2013.  Dkt. 1.  The operative second amended complaint ("SAC") asserts claims for failure to pay vested vacation wages upon termination, in violation of Labor Code § 227.3,[1] failure to pay wages, waiting time penalties pursuant to Labor Code §§ 202-03, violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq., violation of the record-keeping provisions set forth in Labor Code § 226, breach of contract, and promissory estoppel.  Dkt. 21.  IP filed an amended answer on April 23, 2014, in which it asserts counterclaims against Bekiarian for breach of the duty of loyalty, breach of fiduciary duty, gross negligence, and intentional misrepresentation.  Dkt. 43.  On June 24, 2014, in response to IP's counterclaims, Bekiarian filed an answer and counterclaim in reply.  Dkt. 61.  The reply counterclaim asserts a single claim for indemnification based on Labor Code § 2802, California Corporations Code § 317, and IP's corporate bylaws.  Reply Countercl. ¶¶ 112-18.

---

[1] References to "Labor Code" are to the California Labor Code.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | October 21, 2014 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

IP filed a motion to dismiss the reply counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 14, 2014. Dkt. 61. On August 11, 2014, the Court denied IP's motion insofar as it was based on California Corporations Code § 317, but granted the motion insofar as it was based on Labor Code § 2802 and IP's corporate bylaws. Dkt. 65.

On September 8, 2014, Bekiarian filed a motion for reconsideration of the Court's August 11, 2014 order. Dkt. 80. Bekiarian only challenges the Court's decision with regard to California Labor Code § 2802. Id. IP opposed the motion on September 29, 2014. Dkt. 10.[2] The Court held a hearing on October 21, 2014. Having considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiffs are former employees of defendant IP who allege that defendant has deprived them of severance pay, vested vacation wages, and commissions that they accrued during their employment. See generally SAC. The crux of IP's counterclaims is that, to the extent that IP is liable to plaintiffs for accrued vacation pay, Bekiarian is partially responsible for creating this liability. Specifically, IP alleges that Bekiarian "created and subjected Crockett, [Temple-Inland, and IP] to material contingent paid vacation accrual liability" as to certain sales representatives, including plaintiffs Andresen and Duffy, while at the same time instructing human resources and accounting employees under his control not to provide paid vacation for IP's sales representatives, and not to account for accruing vacation pay liability. Countercl. ¶¶ 5-20. In the reply counterclaim, Bekiarian alleges that, to the extent that IP has incurred any liability as a result of Bekiarian's actions, this liability was incurred as a result of Bekiarian carrying out his duties as an employee of IP. Reply Countercl. ¶¶ 114-15.

---

[2] On August 11, 2014, Bekiarian filed an identical counterclaim against IP in the related matter of Farris v. International Paper, 5:13-cv-00485-CAS-SPx. IP filed a motion to dismiss, which the Court granted in part and denied in part on October 6, 2014. In light of the Court's decision in the Farris matter, Bekiarian's counsel stated at the October 6, 2014 hearing that he would not file a reply in connection with the instant motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | October 21, 2014 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

In partially granting IP's motion to dismiss Bekiarian's reply counterclaim, the Court found "Section 2802 [] inapplicable to the present case because Bekiarian is engaged in litigation against his employer, and not a third party." Dkt. 65 at 4.

### III. LEGAL STANDARD

Local Rule 7–18 sets forth the bases upon which the Court may reconsider its decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7–18.

### IV. DISCUSSION

Bekiarian asserts that reconsideration is proper for two reasons. The Court addresses each in turn.

First, Bekiarian argues that reconsideration is proper because there has been a change in the relevant law governing Labor Code § 2802. Mot. Recon. 6. Specifically, Bekiarian asserts that Cochran v. Schwan's Home Serv., Inc., 228 Cal. App. 4th 1137 (2014)—decided the day after the Court granted in part IP's motion to dismiss—mandates reconsideration because it "confirms [that] an employee may sue his employer directly for indemnification under Labor Code § 2802." Id.

The Court finds that Cochran did not effect a "change in the law." Rather, as Bekiarian himself argues, Cochran merely confirmed than an employee may sue his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            'O'

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | October 21, 2014 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. V. INTERNATIONAL PAPER COMPANY, ET AL. | | |

employer for indemnification under Section 2802 in certain situations—namely, when an employer attempts to pass its operating expenses onto its employees. 228 Cal. App. 4th at 1144. In that regard, the Cochran court held that "when employees must use their personal cell phones for work-related calls, Labor Code section 2802 requires the employer to reimburse them." Id. at 1140. Accordingly, the Cochran court did not change the law of Section 2802 and the Court declines to reconsider Bekiarian's motion on this basis.

Second, Bekiarian argues that reconsideration is appropriate because the Court "failed to consider the material fact that Bekiarian's counterclaim against IP sought indemnification under Labor Code § 2802 for *third-party* vacation pay liability alleged by John Duffy [] and Jared Andresen . . . ." Mot. Recon. at 3 (emphasis in original). Bekiarian appears to assert that, had the Court considered this material fact, the Court would have found that O'Hara v. Teamsters Union Local #856, 151 F. 3d 1152 (9th Cir. 1998), required denial of IP's motion to dismiss.

The Court finds that plaintiff has not made the requisite "manifest showing of a failure to consider material facts." As reflected in the August 11, 2014 order, the Court was aware that Bekiarian sought indemnification for liability arising from the claims asserted by plaintiffs Duffy and Andresen against IP. The Court simply found that, because Bekiarian was not engaged in litigation against these "third-party" plaintiffs, Section 2802 was not applicable. Dkt. 65 at 4. Accordingly, the Court considered this material fact and declines to reconsider its August 11, 2014 order on this basis.

## V.   CONCLUSION

In accordance with the foregoing, the Court DENIES plaintiff Bekiarian's motion for reconsideration of the Court's August 11, 2014 order.

IT IS SO ORDERED.

|  | 00 | : | 15 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |