1  Douglas N. Silverstein, Esq., SBN 181957
   Lauren J. Morrison, Esq., SBN 266135
2  KESLUK, SILVERSTEIN & JACOB, P.C.
   9255 Sunset Blvd., Suite 411
3  Los Angeles, CA 90069-3309
   Telephone: (310) 273-3180
4  Facsimile: (310) 273-6137
   dsilverstein@californialaborlawattorney.com
5  lmorrison@californialaborlawattorney.com

6  Attorneys for Plaintiffs Jared Andresen, Yeghia Bekiarian, John
   Duffy, and Cross Defendant Yeghia Bekiarian
7

8                 **UNITED STATES DISTRICT COURT**

9                 **CENTRAL DISTRICT OF CALIFORNIA**

10 JARED ANDRESEN, an individual;          **CASE NO. 2:13-cv-02079-CAS-AJW**
   YEGHIA BEKIARIAN, an                    **Related to No. 5:13-cv-00485-CAS-SP**
11 individual; and JOHN DUFFY, and
   individual,
12                                          *[Assigned to Courtroom 218-J/5 –*
   Plaintiffs,                             *Honorable Christina A. Snyder, Judge,*
13                                          *Magistrate Andrew J. Wistrich]*

14       v.                                **PLAINTIFFS  JARED ANDRESEN,**
                                           **YEGHIA BEKIARIAN AND JOHN**
15 INTERNATIONAL PAPER                     **DUFFY'S OPPOSITION TO**
   COMPANY dba CONTAINER THE               **DEFENDANT IP'S MOTION IN**
16 AMERICAS, a New York                    **LIMINE #13 TO EXCLUDE**
   Corporation; and DOES 1 through         **PLAINTIFFS' EXPERT REBUTTAL**
17 50; inclusive,                          **WITNESS DANIEL CORNET**

18 Defendants.

19 ---------------------------------------- DATE:     November 17, 2014
                                           TIME:      11:45 a.m.
20 AND RELATED ACTION AND                  PLACE:     Courtroom 5
   CROSS-ACTION.
21
                                           Complaint filed: February 13, 2014
22                                         Trial Date: December 2, 2014

23

24

25

26

27

28

1

PLAINTIFFS' OPPOSITION TO IP'S MOTION IN LIMINE NO. 13 TO EXCLUDE PLAINTIFFS'
REBUTTAL WITNESS DANIEL CORNET

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

IP's Motion *in Limine* No. 13 argues that Plaintiffs' Jared Andresen, John Duffy, and Yeghia Bekiarian's expert Dan Cornet should be excluded from testifying because: (1) his opinions "invade the province of the jury"; (2) Mr. Cornet allegedly is not qualified as an expert to opine on Plaintiffs' potential lost earnings– which IP alleges requires an economist; (3) the opinions of Mr. Cornet are based on improper assumptions; and (4) the opinions are irrelevant and would consume an undue consumption of time and confuse the jury. Each of the arguments fail.

First, to the extent that Mr. Cornet's opinions invade the province of the jury and are excluded on these grounds, then IP's experts (Crandall and Aubry) opinions must also be excluded. This is so because Mr. Cornet and all his opinions expressed in his report are purely rebuttal to the opinions expressed by Mr. Crandall and Mr. Aubry.  Declaration of Lauren Morrison ("Morrison Decl."), Ex. 1 & 2 – Mr. Crandall and Mr. Aubry's Expert Report.  To the extent Mr. Cornet is excluded, so should Mr. Crandall and Mr. Aubry.

Second, Mr. Cornet is a qualified expert.   Mr. Cornet's CV is both impressive and substantive. *See* Morrison Decl., Ex. 3 – Dan Cornet's Expert Report and CV.  Mr. Cornet worked for the DLSE for almost 32 years as a Senior Deputy Labor Commissioner, Hearing Officer, and Special Investigator. In his various roles at the DLSE, Mr. Cornet processing and adjudicating thousands of wage claims filed by employees, including vacation pay issues.

With regard to the damages, Mr. Cornet, is qualified to provide an opinion. Over years of working with the DLSE, he regularly analyzed data of hours worked, wages earned, and amounts owed to employees to provide the amount of compensation that was due and owning. *See*, Morrison Decl., Ex. 3.  Mr. Cornet

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

PLAINTIFFS' OPPOSITION TO IP'S MOTION IN LIMINE NO. 13 TO EXCLUDE PLAINTIFFS'
REBUTTAL WITNESS DANIEL CORNET

1  has done that type of analysis on hundreds and hundreds of occasions for the DLSE

2  and testified in Court regarding the same. Moreover, the methodology for such a

3  computation was something Mr. Cornet regularly did in his role at the DLSE.

4      The methodology required is to simply add up the entire world of vacation

5  days which an employee is entitled (based on the employers' policy) during the

6  time of his employment. In this case, the evidence will come from Mr. Andresen,

7  Mr. Bekiarian, Mr. Duffy, and the various employment policies that existed at

8  both Crocket Container and Temple-Inland. No economic analysis is required.

9  Then a determination is made regarding the number of vacation days actually

10  taken which is subtracted accordingly (based on the evidence from Plaintiffs and

11  any records IP had for vacation requests). Again, no economic analysis is

12  required. Rather, the determination will be made by the jury from the facts

13  introduced during trial. Plaintiffs would then simply be entitled to the unused

14  vacation multiplied by the final rate of pay.

15      An economic degree is not required for this type of calculation. Rather, this is

16  the exact same type of calculation, once the facts are established, that Mr. Cornet

17  regularly did at the DLSE, and can equally perform in court. The methodology is

18  not in question. A piece of paper, pencil and maybe a calculator is all that is

19  required. Moreover, to the extent that IP's wants to act as though such high math is

20  actually required, they have the capability to cross examine Mr. Cornet on his

21  methodology and/or his lack of an economics degree. Of course, this really is not

22  where the argument is. Mr. Cornet is qualified to perform these calculations as it is

23  something that he has done on countless occasions during the time he was

24  employed at the DLSE.

25      Finally, IP's argument that Mr. Cornet's opinions are based on improper

26  assumptions, because he relied upon Plaintiffs' discovery responses in how much

27  vacation each Plaintiff took over their 30 year careers is baseless. Certainly to the

28

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

2

PLAINTIFFS' OPPOSITION TO IP'S MOTION IN LIMINE NO. 13 TO EXCLUDE PLAINTIFFS'
REBUTTAL WITNESS DANIEL CORNET

1    extent that Plaintiffs' responses and testimony are inadequate, incomplete or

2    wrong, Mr. Cornet's opinions will be affected – just like any expert in any case.

3    This goes to the weight of the evidence, not its admissibility.

4    **II.    ARGUMENT**

5        A.    **The Legal Standard for Evaluating Experts Favors Admission**

6              **of Mr. Cornet's Proffered Testimony.**

7        Rule 702 of the *Federal Rules of Evidence* governs the admissibility of

8    expert testimony in Federal Court. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,

9    509 U.S. 579, 588 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48

10   (1999). The "touchstone of admissibility" under Rule 702 "is helpfulness to the

11   trier of fact." *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 648 (10th Cir.

12   1991). Specifically, Rule 702 allows admission of "scientific, technical, or other

13   specialized knowledge" by a qualified expert if it will "assist the trier of fact to

14   understand the evidence or to determine a fact in issue." *Fed. R. Civ. P.* 702.

15   Under *Daubert* and *Kumho Tire*, a Federal District Court applying Rule 702 is

16   charged with the gate-keeping role of ensuring that all forms of expert testimony

17   are both relevant and reliable. *Kumho Tire*, 526 U.S. at 152; *Daubert*, 508 U.S. at

18   589-95; *White v. Ford Motor Co.*, 312 F.3d 998, 1007 (9th Cir. 2002). Ultimately,

19   the Rule 702 inquiry "is a flexible one," as the relevant considerations largely

20   depend on the nature of the issue, the expert's particular expertise, and the subject

21   of the testimony. *White*, 312 F.3d at 1007 (*quoting Kumho*, 526 U.S. at 150). *See*

22   *also*, *Daubert*, 509 U.S. at 591-95 (outlining several non-exhaustive and non-

23   exclusive factors to evaluate scientific based testimony).

24       The "Rules of Evidence embody a strong and undeniable preference for

25   admitting any evidence which has the potential for assisting the trier of fact ...."

26   *Kannankeril v. Terminix Int'l*, 128 F.3d 802, 806 (3d Cir. 1997). Accordingly,

27   while Plaintiff bears the burden of establishing the admissibility of its experts by a

28

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

3

PLAINTIFFS' OPPOSITION TO IP'S MOTION IN LIMINE NO. 13 TO EXCLUDE PLAINTIFFS'
REBUTTAL WITNESS DANIEL CORNET

preponderance of the evidence, *Butler v. Home Depot, Inc.*, 984 F.Supp. 1257, 1260 (N.D. Cal. 1997), any question about permitting expert testimony should be resolved in favor of admissibility, *Sphere Drak Ins. PLC v. Trisko*, 226 F.3d 951, 955 (8th Cir. 2000). *See also*, *Fed. R. Evid.* 702 Advisory Committee Notes to 2002 Amendments ("A review of the case law after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule"). All but the most fundamental challenges to experts impact the weight given to this testimony by the jury, not its admissibility under Rule 702. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof [not expert exclusion] are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 595. Thus, as long as a logical basis exists for the expert's opinion, any weaknesses of the opinion go to weight, not admissibility. *Jones v. Otis Elevator Co.*, 861 F.2d 655, 663 (11th Cir. 1988).

**B.     <u>Mr. Cornet's Report And Testimony Is Rebuttal To IP's Expert.</u>**

Mr. Cornet was offered as Plaintiffs' rebuttal expert to IP's experts Mr. Crandall and Mr. Aubry. Defense expert Crandall was specifically retained as an expert to testify on "1) whether the data supports the contention that Mr. Andresen and Mr. Duffy were entitled to receive paid vacation as 100% commissioned outside salespeople; 2) whether a recoverable draw functions as paid vacation from an economic perspective; 3) whether the data and documents demonstrate that Mr. Andresen or Mr. Duffy ever received paid vacation; 4) whether Mr. Andresen's and Mr. Duffy's claims that paid vacation should be based on commissions earned is appropriate; 5) how many vacation days would have Mr. Andresen and Mr. Duffy accrued under Plaintiffs' theory that they were entitled to paid vacation; and, 7) [sic] what rate would any vacation be paid out under the assumption that Mr. Andresen and/or Mr. Duffy were entitled to paid vacation." Morrison Dec. Ex. 1,

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

4

PLAINTIFFS' OPPOSITION TO IP'S MOTION IN LIMINE NO. 13 TO EXCLUDE PLAINTIFFS' REBUTTAL WITNESS DANIEL CORNET

Crandall Expert Dec. pg. 1, lines 9-20)

Thus, to the extent, that Mr. Crandall is entitled to testify on issues regarding entitlement, Mr. Cornet would have the same opportunity. In other words, if IP's Motion is granted with respect to the argument that Cornet is testifying to ultimate issues which are in the province of the jury, since Cornet is a true rebuttal expert to Mr. Crandall, neither expert can be allowed to testify on these similar issues.

### C.   Mr. Cornet Is Qualified To Express Opinions Regarding His Methodology And Damages.

IP's argument that Mr. Cornet is not qualified is baseless. Mr. Cornet is a former Senior Deputy Labor Commissioner of the Division of Labor Standards Enforcement ("hereinafter referred to as "DLSE"), a Division of the Department of Industrial Relations, State of California. He retired from the agency on July 16, 2008 after nearly thirty-two (32) years of service. He supervised the Santa Barbara DLSE Office for more than nineteen (19) years. He also simultaneously supervised the Bakersfield Office for two (2) years and the former Ventura Office for three (3) years. Prior to serving as Senior Deputy, he was a Special Investigator, Senior Special Investigator, Deputy Labor Commissioner, and Hearing Officer. Morrison Dec. Ex. 3, Dec. of Cornet pg. 1, lines 4-11.

As the Senior Deputy Labor Commissioner, Mr. Cornet's duties included planning, organizing, directing, and coordinating the work of the offices that he supervised, selecting and training staff, making equitable case load assignments, evaluating staff performance, and interpreting and applying divisional administrative policies. During his tenure as Senior Deputy in Santa Barbara, the office processed more than 36,000 claims for wages, penalties, and interest filed by employees that worked in the counties of Ventura, Santa Barbara, and San Luis Obispo. Morrison Dec. Ex. 3, Dec. of Cornet pg. 1, lines 12-18.

As a Special Investigator, Senior Special. Investigator, and Deputy Labor

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

Commissioner, Mr. Cornet held investigatory hearings, examined witnesses, took affidavits, collected other evidence, made and directed hundreds of investigations, on-site inspections· and audits to determine the extent of compliance with provisions of the California Labor Code and Industrial Welfare Commission (IWC) Orders. In addition, he assessed and collected civil penalties, initiated civil and criminal actions, filed various court documents, met with employers and employees and their representatives to advise them of, and to secure compliance with, the state's wage and hour law requirements. As a Hearing Officer, he conducted approximately 400 Labor Code section 98(a) hearings per year to adjudicate wage disputes between employers and employees, issuing written orders, decisions or awards addressing virtually every wage and hour issue within the DLSE's jurisdiction. He also conducted citation appeal hearings and retaliation complaint investigation hearings. Morrison Dec. Ex. 3, Dec. of Cornet pg. 1, lines 4-11.

Mr. Cornet is uniquely qualified to provide an opinion on damages because that is what he has done for years.

Moreover, the methodology to be used is not in dispute, and is as follow. The employees' entire world of vacation days which they are entitled (based on the employers' policy) during the time of their employment is determined from witness testimony. Then the number of vacation days actually taken is then subtracted accordingly. Plaintiffs would then simply be entitled to the unused vacation days multiplied by is final rate of pay on a daily basis. An economist is not required for this type of calculation.[1]  Rather, this is the exact same type of calculation that Mr. Cornet has done for years. The methodology is not in question. A piece of paper, pencil and maybe a calculator is all that is required. To the extent that IP wants to act as though such high math is actually required, they have the capability to cross-examine Mr. Cornet on his methodology and or the numbers put into the formula as

---

[1] Ironically, defense expert Crandall is not a damages economist.  Rather, his area of practice is in labor economics.  See Crandall CV.

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

PLAINTIFFS' OPPOSITION TO IP'S MOTION IN LIMINE NO. 13 TO EXCLUDE PLAINTIFFS' REBUTTAL WITNESS DANIEL CORNET

set forth above. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof [not expert exclusion] are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 595. Thus, as long as a logical basis exists for the expert's opinion, any weaknesses of the opinion go to weight, not admissibility. *Jones v. Otis Elevator Co.*, 861 F.2d 655, 663 (11th Cir. 1988). Mr. Cornet is qualified.

### D.   Mr. Cornet's Opinions Regarding Damages is Reliable.

IP argues that Mr. Cornet testified that he relied primarily on unverified numbers when conducting Plaintiffs' damages. Mr. Cornet, like most experts, reviewed the depositions transcripts, various pleadings, exhibits, etc. supporting both the claims involving liability and damages. Morrison Decl., at Ex 3. Defendant's claim that Plaintiffs' estimates of the vacation they took is unreliable. Nonsense. Given IP does not have records of when Plaintiffs took vacation, the testimony and discovery responses of Plaintiffs is the best evidence of when and where they took vacation during their employ.  Indeed, the law expressly recognizes this because in the absence of records as here, once an employee testifies to the vacation wages owed, the burden shifts to the employer to disprove the entitlement.  *Hernandez v. Mendoza*, 199 Cal. App. 3d 721 (1988).  The fact that Mr. Crandall comes up with different numbers is inevitable in litigation and especially in this case. Again this argument goes to the weight of the evidence, not its admissibility. Mr. Cornet's testimony is based on reliable information.

### E.   Mr. Cornet's Opinions Are Neither Irrelevant, Prejudicial, Confusing Or Would Necessitate Undue Consumption Of Time.

IP's position that Cornet's opinions are irrelevant makes no sense. He is a true rebuttal expert to those opinions expressed by IP's experts Mr. Crandall and Mr. Aubry.  Thus, relevance is not a proper objection unless IP concedes the testimony of Mr. Crandall and Mr. Aubry is irrelevant. Likewise, Mr. Cornet's testimony

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

1  regarding the damages is not speculative or irrelevant as argued by IP. Again, Mr.

2  Cornet relied upon the proper information to form the basis for his opinions. Mr.

3  Cornet's opinions will aid the jury in coming to a just resolution.

4  **III.   CONCLUSION**

5      Based on the foregoing, Plaintiffs respectfully request that the Court deny IP's

6  Motion *in Limine* No. 13.

7

8  DATED:        November 13, 2014        KESLUK, SILVERSTEIN & JACOB, P.C.

9

10

11                                        By_____/s/_____

12                                          Douglas N. Silverstein, Esq.
                                            Lauren J. Morrison, Esq.
13                                          Attorneys for Plaintiffs JARED
                                            ANDRESEN, YEGHIA BEKIARIAN and
                                            JOHN DUFFY
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Kesluk, Silverstein & Jacob, P.C.*
*9255 Sunset Blvd., Ste. 411*
*Los Angeles, CA  90069*
*Tel: (310) 273-3180*
*Fax: (310) 273-6137*

8

PLAINTIFFS' OPPOSITION TO IP'S MOTION IN LIMINE NO. 13 TO EXCLUDE PLAINTIFFS'
REBUTTAL WITNESS DANIEL CORNET

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify this 13th day of November, 2014 the foregoing **PLAINTIFFS  JARED ANDRESEN, YEGHIA BEKIARIAN AND JOHN DUFFY'S OPPOSITION TO DEFENDANT IP'S MOTION IN LIMINE #13 TO EXCLUDE PLAINTIFFS' EXPERT REBUTTAL WITNESS DANIEL CORNET; DECLARATION OF LAUREN J. MORRISON** was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Marcus A. Torrano, Esq.
Amy McGinnis Gillinger, Esq.
Emilie C. Woodhead, Esq.
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, California 90071
Telephone (213) 615-1700
Facsimile (213) 615-1750
mtorrano@winston.com
<u>agillinger@winston.com</u>
<u>ewoodhead@winston.com</u>
*[Attorneys for Defendant International Paper Company]*

Walter J. Lack, Esq.
Paul A. Traina, Esq.
Jared W. Belilke, Esq.
Andrew M. Jacobson, Esq.
ENGSTROM, LIPSCOMB & LACK
10100 Santa Monica Blvd., 12th Foor
Los Angeles, CA 90067
Telephone (310) 552-3800
Facsimile (310) 552-9434
*[Attorneys for Plaintiff Daniel Farris]*

                                                    /s/ Michael Bew