## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                            **'O'**

| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|----------|---------------------------------------------------|------|-------------------|
| Title    | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. |      |                   |

| Present: The Honorable | CHRISTINA A. SNYDER |     |
|------------------------|---------------------|-----|
| Catherine Jeang        | Pat Cuneo           | N/A |
| Deputy Clerk           | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
| Andrew Jacobson | Amy Gillinger |
| Jared Beilke | Marcus Torrano |
| Paul Traina | Jason Campbell |
| Douglas Silverstein | <u>Attorneys</u> <u>Present</u> <u>for</u> <u>Third</u> <u>Party</u> |
| Lauren Morrison | <u>Defendant</u>: |
| | Douglas Silverstein |
| | Lauren Morrison |

**Proceedings:**          VARIOUS MOTIONS *IN LIMINE*

On February 6, 2013, Daniel Farris ("Farris") filed an action against International Paper Company, Inc. ("IP" or "defendant") and Does 1-100 in San Bernardino County Superior Court.  The operative second amended complaint ("SAC") asserts claims for failure to pay vested vacation wages upon termination, in violation of Labor Code § 227.3,[1] failure to pay wages and waiting time penalties pursuant to Labor Code §§ 202–03, violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq., and violation of the record-keeping provisions set forth in Labor Code § 226.  Farris ECF No. 21.

On February 13, 2013, plaintiffs Jared Andresen ("Andresen"), Yeghia Bekiarian ("Bekiarian"), and John Duffy ("Duffy") (collectively "Andresen plaintiffs") filed a lawsuit against IP and Does 1-50 in Los Angeles County Superior Court.  <u>See</u> Andresen ECF No. 1.  The operative Second Amended Complaint ("SAC") asserts claims on behalf of all three plaintiffs for (1) failure to pay vested vacation wages upon termination, in violation of Cal. Labor Code § 227.3; (2) waiting period penalties in violation of Labor Code §§ 202, 203; (3) violations of California's Unfair Competition Law ("UCL"), Cal.

---

[1] References to "Labor Code" are to the California Labor Code.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

Bus. & Prof. Code §§ 17200 et seq.; and (4) violations of record-keeping provisions in Cal. Labor Code § 226.  Andresen ECF No. 21.  The SAC also asserts claims on behalf of Andresen and Duffy for failure to pay wages, including commissions, and on behalf of Andresen only for (1) breach of contract and (2) promissory estoppel.  Id.

On October 1, 2014, the Court consolidated the two aforementioned cases.  See ECF No. 169.  Phase I of the consolidated trial is set to begin on December 2, 2014.  Id. On November 17, 2014, the Court held a hearing on numerous motions *in limine*.  After considering the parties' arguments, the Court finds and concludes as follows.

**A.      Legal Standard**

A motion *in limine* is "a procedural device to obtain an early and preliminary ruling on the admissibility of evidence."  Goodman v. Las Vegas Metro. Police Dep't, 963 F. Supp. 2d 1036, 1046 (D. Nev. 2013).  Trial courts have broad discretion when ruling on such motions.  See Jenkins v. Chrysler Motor Corp., 316 F.3d 664, 664 (7th Cir. 2002).  Moreover, such rulings are provisional and "not binding on the trial judge" on the court.  Ohler v. United States, 529 U.S. 753, 758 n.3 (2000).  "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded."  Ind. Ins. Co. v. Gen. Elec. Co., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

Many of the motions *in limine* discussed below seek to exclude evidence as irrelevant or unfairly prejudicial under Federal Rules of Evidence 401, 402, and 403. Under these rules, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Rule 402 provides that "[i]rrelevant evidence is not admissible," and that "[r]elevant evidence is admissible unless" the United States Constitution, a federal statute, the Federal Rules of Evidence, or another rule prescribed by the Supreme Court provides otherwise.  Fed. R. Evid. 402.  Pursuant to Rule 403, the Court should exclude relevant evidence if its probative value is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         **'O'**

| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
| --- | --- | --- | --- |
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

**B.    Plaintiff Farris's Motions _in Limine_**

**1.    To Preclude Evidence of Farris's Business "My Three Sons" (Farris ECF No. 185)**

Farris moves to preclude evidence or argument concerning his current, business, My Three Sons Container Corporation ("My Three Sons"), which sells boxes and corrugated packaging.  He argues that this business is irrelevant to this case because it does not affect whether he was entitled to vacation, and if so how much and at what rate of pay.  Farris argues that IP has produced "no evidence to support an argument that [Farris] took anytime [sic] away from his work at IP and [a predecessor] to engage in activities with My Three Sons."  Farris ECF No. 185 at 4.  He also argues that mention of My Three Sons could unfairly prejudice Farris by painting him "as a two-timing employee who engaged in a competing business while still employed by his employer, only to resign, and steal his employer's customers for his own benefit."  Id.  at 1.

In opposition, defendant contends that evidence of Farris's work for My Three Sons is relevant to the amount of vacation days Farris took and, accordingly, to his potential damages.  Defendant reasons that any time Farris took off from IP to set up My Three Sons should be counted as vacation time, and suggests that a significant drop in Farris's sales in the last month before his resignation could be attributed to his diverting IP's clients to My Three Sons.  Defendant also argues that, because Farris's credibility is crucial to his claims that he was entitled to paid vacation and did not take all of his vacation time over a multi-decade period, Farris's setting up of a competing business is relevant evidence.  Defendant contends that Farris incorporated My Three Sons in his wife's name to avoid company policy against competing businesses, making it more likely that his vacation claims are incredible and contrived.

On the record before it, the Court does not see any showing that evidence of My Three Sons is relevant to plaintiffs' vacation claims or damages.  The Court finds defendant's invitation to speculate that Farris's sales must have dropped because he was taking unreported time off from IP too speculative to justify introducing evidence that could confuse the jury or otherwise unfairly prejudice Farris.  Defendant has not cited—and the Court has been unable to find—any legal provision that would bolster the relevance of My Three Sons evidence.  Nor, on the present showing, does the Court find

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:13-CV-00485-CAS(SPx) 2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|----------|------------------------------------------------|------|-------------------|
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

evidence of My Three Sons relevant to the issue of Farris's credibility. Therefore, the Court GRANTS Farris' Motion *in Limine* No. 1.

**2.     To Preclude Evidence of Farris's Previously Claimed Damages (Farris ECF No. 186)**

Farris seeks to preclude defendant from introducing evidence pertaining to or mentioning his initially claimed damages of over eight million dollars. Farris argues that this evidence is irrelevant given his superseding disclosure claiming a reduced amount of damages, and would unfairly prejudice him by impugning his credibility or characterizing him as an employee seeking to "strong arm his employer for millions of dollars." Farris ECF No. 186 at 5. At oral argument, Farris's counsel explained that the earlier damages figure was a pre-discovery estimate. Farris also argues that this evidence could confuse the jury as to the amount at stake.

In opposition, defendant argues that the initial claimed damages figure, as stated in an initial disclosure and Farris's deposition testimony, is relevant to Farris's credibility, and is admissible as a prior inconsistent statement. Defendant contends that any unfair prejudice can be minimized with an instruction that "in hearing any evidence of prior inconsistent statements or testimony about Plaintiff's claimed vacation pay owed, the jury is not to consider the evidence as proof or disproof of a fact, but can consider the evidence in assessing Farris' claim that he was entitled to paid vacation at all, and regarding the reliability (or lack thereof) of his damages' [sic] calculations." Farris ECF No. 264, Memo. at 5.

Given that the evidence Farris now seeks to preclude comes from his own discovery disclosure, the Court does not find that its introduction would lead to significant unfair prejudice. The Court therefore DENIES Farris's Motion *in Limine* No. 2 without prejudice to a request for a limiting instruction if the evidence is offered at trial.

**3.     To Exclude or Limit Expert Testimony of Robert Crandall (Farris ECF No. 191)**

Farris seeks to exclude the expert testimony of Robert Crandall ("Crandall") in its entirety or, in the alternative, limit any testimony he gives to the opinions set forth in his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**              **'O'**

| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

existing expert report and deposition.  Crandall is an economist who opines that Farris was not entitled to paid vacation, and that even if he was, he has overstated both the number of days to which he is entitled and the correct rate at which those vacation days should be compensated.  In doing so, Crandall relies on general economic theory and market observations, his experience with other companies' employment policies, employment handbooks and memoranda from IP and its predecessors, and other documentary evidence.  Crandall relies on one opinion letter by the Labor Commissioner for the proposition that "[i]n most instances, when a salesperson is on a draw plus commission, that person receives the draw during the vacation period and any commissions for the period prior to the vacation and pay this amount during the vacation period."  See Crandall Decl. at 10.

Farris argues that these opinions "encompass the ultimate legal issues that the Court and jury will ultimately decide," and therefore are not a proper subject for expert testimony.  Farris ECF No. 191, Memo. at 3–4.  Farris also argues that Crandall's expert opinions are inadmissible because he is not qualified and cannot present "reliable" testimony within the meaning of Federal Rule of Evidence 702.  Farris contends that because Crandall is not a lawyer, let alone a labor lawyer, he has no "specialized" knowledge that would qualify him to opine on Farris's entitlement to vacation.  Farris also argues that Crandall misstates California law.  Finally, Farris asserts that Crandall's opinions concerning "industry standards" for vacation policy are irrelevant and could mislead the jury, mandating their exclusion.

In opposition, defendant argues that Crandall's testimony is admissible because under Federal Rule of Evidence 704, an "expert may give his opinion even if it embraces an ultimate issue to be decided by the jury."  United States v. Rogers, 769 F.2d 1418, 1425 (9th Cir. 1985).  Defendant contends that Crandall will not testify as to whether a legal standard has been satisfied, but rather to "facts that, if found, would support a conclusion that the legal standard at issue was [not] satisfied."  Burkhart v. Wash. Metro. Area Transit Auth., 112 F.3d 1207, 1212–13 (D.C. Cir. 1997).  Defendant further contends that Crandall's opinions are based on "economic and labor market observations," not legal conclusions.  Farris ECF No. 265, Memo. at 4.  Defendant argues that it is irrelevant to Crandall's qualifications that he is not a lawyer, because he will offer economic labor market opinions, not legal conclusions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                    'O'

| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|----------|---------------------------------------------------|------|-------------------|
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

To the extent IP seeks to file a supplemental expert report by Crandall, Farris asserts that any such report should be stricken pursuant to Federal Rule of Civil Procedure 37(c)(1).  Farris contends that any such report would be unfair given the rapidly approaching trial date and the accordingly limited opportunity to depose Crandall, so that IP cannot "substantially justify" a supplemental report filed months after Crandall's initial report filed on June 16, 2014.  Defendant objects to this attempt to limit Crandall's testimony, arguing that "[s]ince Mr. Crandall's deposition in July 2014, thousands of pages of documents have been produced and multiple depositions have been taken."  Farris ECF No. 265, Memo. at 9.  Defendant contends that it would be unfair to prevent Crandall from incorporating this new discovery into his opinions, and argue that any prejudice has been cured by producing Crandall for further deposition on November 11, 2014.

Having reviewed the parties' arguments, the Court has some concerns as to the scope of Crandall's testimony, but does not find that he should be excluded from trial entirely.  Accordingly, the Court reserves judgment on Farris's Motion *in Limine* No. 3. Defendant is to file, no later than **November 24, 2014**, a brief updated summary of Crandall's expected trial testimony, not to exceed **10 pages**.  Crandall may not opine on ultimate issues to be decided by the jury.

### 4.    To Preclude Witnesses and Documents Set Forth in IP's Consolidated Amended Initial Disclosure (Farris ECF No. 187)

This motion is based on IP's Consolidated Amended Initial Disclosure, served on October 27, 2014.  This amended disclosure lists a new fact witness: Jack Harrington, IP's Regional General Manager.  Farris argues that the disclosure was not made in a "timely manner" under Federal Rule of Civil Procedure 26 because it was served three months after the close of discovery in the <u>Farris</u> matter, and one month after the discovery cutoff in the <u>Andresen</u> matter.  Farris further contends that, because Harrington was known to IP long before he was disclosed, and because discovery has closed and trial is rapidly approaching, IP cannot meet its burden of showing that the untimely disclosure was "substantially justified or is harmless" under Rule 37(c)(1), and that the witness must therefore be excluded.  Farris additionally argues that the addition of Harrington as a witness is improper because it is not intended to fill in a gap or correct an inaccuracy in IP's initial disclosures, but rather is intended to strengthen IP's case on the eve of trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:13-CV-00485-CAS(SPx) 2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

In opposition, defendant argues that Harrington's testimony will not be unfairly prejudicial to Farris or any other party because he was already identified on Bekiarian's witness list on September 15, 2014, and there is thus no unfair surprise in IP adding him to its own witness list. Defendant asserts that it only determined that Harrington could offer relevant testimony after reviewing Bekiarian's witness list.

At oral argument, the parties clarified the circumstances behind Harrington's disclosure. After considering the parties' arguments, the Court determines that Harrington is only relevant to Phase II of the bifurcated trial. Therefore, the Court GRANTS IN PART Farris's Motion *in Limine* No. 4 insofar as it seeks to exclude Harrington from testifying at Phase I of the trial. The Court DENIES IN PART the motion insofar as it seeks to exclude Harrington from Phase II of the trial. The request to depose Harrington is DENIED without prejudice to being renewed.

**5.     To Preclude Evidence of or Argument About Farris's Alleged Scheme to Fabricate Vacation Claims (Farris ECF No. 188)**

Farris moves to preclude IP from referring to an alleged scheme between Farris, Bekiarian, and other IP employees to fabricate vacation wage claims against IP. Farris anticipates that IP will point to (1) an email from Bekiarian to another commission-based sales employee wherein Bekiarian assists that employee in calculating his accrued vacation on a spreadsheet, and (2) a consultation with an attorney in July 2012 attended by Bekiarian, Andresen, and three other IP employees (but not Farris). Farris asserts that any such evidence used against him would be irrelevant and based on speculation. Farris further contends that any probative value that does exist would be substantially outweighed by the risk of misleading or inflaming the jury.

In opposition, defendant argues that evidence of the alleged scheme is relevant to Farris's credibility and IP's central defense, that Farris was not entitled to vacation pay. Defendant asserts that it intends to present evidence that Farris's vacation claim "is nothing more than a fraudulent scheme and conspiracy [Farris] concocted along with Bekiarian and other sales representatives, well before [Farris] resigned." Farris ECF No. 267, Memo. at 2. Defendant argues that such evidence "goes not only to the lack of credibility of [Farris's] claims *but also* to the credibility of Bekiarian's recent assertion that commissioned sales representatives were entitled to paid vacation" based on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:13-CV-00485-CAS(SPx) 2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

assertions from Bekiarian himself.  Id.  Defendant also asserts that evidence of efforts between the employees to solidify evidence of accrued vacation in the last months of their employment is relevant to IP's defense of unclean hands.

Accepting *arguendo* that Farris was planning to sue IP before he resigned, the Court does not see how evidence of this is relevant to the claims and defenses at issue in this case, or to Farris's credibility as a witness.  This is especially so since it appears that Farris is not directly implicated by the objected-to evidence, and the jury would be asked to infer Farris's involvement from evidence of his co-plaintiffs' actions.  Therefore, the Court GRANTS Farris's Motion IN LIMINE No. 5.

**6.     For a Legal Determination of Plaintiff's Final Rate of Pay (Farris ECF No. 189)**

Farris moves for a legal determination that, pursuant to California Labor Code section 227.3, any vacation wages Farris is found to be owed must be paid at a rate of $83,3880.80 a month.  Farris contends that he was earning a fixed monthly salary in this amount at the time of his separation from IP, and that as a matter of law, he is entitled to be compensated based on this figure.

In support of this position, Farris cites Drumm v. Morningstar, Inc., 695 F. Supp. 2d 1014, 1019 (N.D. Cal. 2010).  In Drumm, the court explained that in California, vested vacation time is paid out "at the rate at which the employee would have been paid during a vacation, had he taken one."  Id.  Farris also cites a Division of Labor Standards Enforcement letter that states that "there could be numerous combinations of draws and commissions available as a basis for setting a vacation policy."  See DLSE Opinion Letter 1986.11.17.6.  Farris argues that defendant's argument that any wages should only be calculated based on his draw of $1,000 per week are based on "superseded, pre-March 2012" compensation, and that it is undisputed that plaintiff was paid a fixed salary at the time of separation.

Defendant argues that this motion *in limine* is a disguised motion for summary adjudication, and that it would be improper for the Court to rule as a matter of law that any accrued vacation wages must be paid "based on [Farris's] monthly commissions in the last two months of his employment" instead of, as defendant contends, on his "draw"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

of $2,000 per month.  <u>See</u> Farris ECF No. 268.  Defendant points to this Court's order denying defendant's motion for summary judgment as showing that the final rate of pay issue is a factual one.  <u>See</u> Farris ECF No. 116.  Defendant also points out that in <u>Drumm</u>, the jury determined the final rate of pay, and the court held that the jury had properly relied only on the plaintiff's annual salary—excluding commissions—in calculating the amount of vacation pay owed.  695 F. Supp. 2d at 1020.

The Court agrees with defendant that, as previous Court orders have stated, the final rate of pay for any vacation pay found to be owed is a factual issue not properly determined through a motion *in limine*.  The Court therefore DENIES Farris's Motion *in Limine* No. 6.

## 7.    To Exclude Testimony by Gale Leach and Edith Rocha Regarding IP'S Vacation Policy (Farris ECF No. 190)

Farris moves to preclude testimony from IP employees Gale Leach or Edith Rocha to the effect that IP's vacation policy did not apply to commission-based sales employees. First, Farris argues that any testimony from these witnesses regarding IP's vacation policy is irrelevant and lacks foundation because neither held a "supervisory, policy-making role[]," and that because "[t]hey did not make or participate in making the policy . . . their recitation or interpretation of the policy has no bearing on how the policy was actually applied to Daniel Farris."  Farris ECF No. 190, Memo. at 3.  Farris also contends that if any such policy existed at IP, IP would be able to produce a document containing it, instead of relying on testimony from Leach or Rocha, further undermining any probative value.  Farris asserts that he would be unfairly prejudiced by the introduction of unreliable and "self-serving" evidence.

In opposition, defendant counters that Leach and Rocha gained personal knowledge of vacation policies through years of experience at the SFSC facility.  <u>See</u> Farris ECF No. 269.  Defendant submits evidence that Leach "worked at the SFSC Facility for approximately 30 years, and acted as the *sole* Human Resources Manager at the Facility, responsible (along with Bekiarian) for implementing vacation policies and practices."  <u>Id.</u>, Memo. at 2.  Defendant also contends that Rocha "was the Controller at the SFSC Facility for approximately 15 years, and was responsible (along with Bekiarian) for financial reporting, including payroll, and tracking vacation accruals and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|----------|---------------------------------------------------|------|-------------------|

| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. |
|-------|---------------------------------------------------|

liabilities." <u>Id.</u>  Defendant further asserts that Leach and Rocha's testimony will be admissible to impeach Bekiarian's anticipated testimony that commissioned sales representatives at the SFSC Facility were entitled to paid vacation, because Leach and Rocha will offer prior inconsistent statements and directions from Bekiarian.  The Court agrees with defendant that, at least at this juncture, it cannot be said that Leach and Rocha's testimony is excludable as irrelevant.  Leach and Rocha appear to have had significant experience with the vacation policies central to the case to be tried, even if they did not formulate the policies.

Farris also argues that testimony by Leach or Rocha as to IP's alleged vacation policy would constitute inadmissible hearsay because the witness's purported knowledge of the policy is based on alleged statements by Bekiarian.  "Hearsay is defined as 'a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.' "  <u>United States v. Bochicchio</u>, 23 Fed. App'x 751, 755 (9th Cir. 2001) (quoting Fed. R. Evid. 801). Hearsay is generally inadmissible.  <u>See</u> Fed. R. Evid. 802.  Farris argues that the testimony he seeks to preclude would be hearsay because it would be offered to prove the truth of the matter asserted: that commissioned sales representatives are not entitled to paid vacation.  He also argues that the testimony would not be admissible against Farris as a party-opponent admission under Federal Rule of Evidence 801(d)(2) because the alleged out-of-court statements were made by Bekiarian, not Farris, and at times when Bekiarian was an agent and employee of IP.  Farris additionally contends that the testimony does not fit under the prior inconsistent statement provision of Rule 801(d)(1)(A) because Bekiarian's alleged prior statements were not made under oath.[2]

---

[2]Based on the purported hearsay nature of the witness's conversations with Bekiarian, Farris also argues that testimony from Leach or Rocha would be improper lay opinion.  Under Federal Rule of Evidence 701, a lay witness may only offer opinions "rationally based on the witness's perception."  Fed. R. Evid. 701.  Moreover, a lay witness is not " 'allowed . . . to testify based on hearsay information, and to couch [her] observations as generalized opinions rather than as firsthand knowledge.' "  <u>United States v. Freeman</u>, 498 F.3d 893, 904 (9th Cir. 2007) (further internal quotation marks omitted) (quoting <u>Jinrno Am. Inc. v. Secure Invest., Inc.</u>, 266 F.3d 993, 1004 (9th Cir. 2001)). Farris contends that the only foundation Leach or Rocha have for their alleged knowledge

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:13-CV-00485-CAS(SPx) <br> 2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|----------|-----------------------------------------------------|------|-------------------|
| Title    | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL.   |      |                   |

Defendant argues that Leach and Rocha's testimony as to Bekiarian's statements regarding the vacation policy applicable to plaintiffs is admissible as non-hearsay because it will be offered to show the effect on Leach and Rocha—that is, why they never paid, tracked, or accounted for vacation accruals by commission-based sales employees at the SFSC Facility. See, e.g., United States v. Payne, 944 F.2d 1458, 1472 (9th Cir. 1991) (admitting an out-of-court statement introduced not for its truth, but to show its effect on the listener). Defendant further argues that the statements are admissible as those of a party-opponent, since Bekiarian is an adverse party to IP in this lawsuit. Finally, defendant argues that Leach's and Rocha's testimony is admissible under the "residual" hearsay exception set forth in Federal Rule of Evidence 807. See Fed. R. Evid. 807(a) (providing that a hearsay statement not otherwise covered by an exception in Rule 803 or 804 is admissible if "(1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of [the Federal Rules] and the interests of justice"). Defendant argues that the fact that neither Leach, Rocha, nor Bekiarian ever tracked vacation liabilities for commissioned sales representatives, and the fact that Leach and Rocha have no direct interest in the litigation, constitute significant circumstantial guarantees of trustworthiness. Defendant further contends that the evidence is relevant to the central issue of whether plaintiffs were entitled to paid vacation, and is highly probative.

Leach and Rocha appear to have had significant personal experience with the way vacation policies were applied at the SFSC Facility, and it would be inappropriate to preclude them from speaking about the matter entirely. And to the extent that Bekiarian's alleged out-of-court statements to Leach and Rocha are inconsistent with his testimony at trial regarding vacation pay, they may be admitted for impeachment purposes. See Fed. R. Evid. 613; United States v. Tafollo-Cardenas, 897 F.2d 976, 980 (9th Cir. 1990). To the extent that defendant wishes to offer Bekiarian's alleged statements to Leach and Rocha about vacation policies for substantive evidentiary purposes, the Court finds on the

---

about IP's vacation policies comes from "conversations with other people at IP, including Lee Bekiarian," which "constitute inadmissible hearsay" for the reasons discussed above. Farris ECF No. 190, Memo. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

record before it that such statements would be admissible against Farris as showing their effect on Leach and Rocha, or Leach and Rocha's state of mind.  Therefore, the Court DENIES Farris's Motion *In Limine* No. 7 without prejudice to its being renewed at trial.

Farris has also filed notices to the effect that he joins in the Andresen plaintiffs' motions *in limine* numbers 5 and 7, discussed below.  See Farris ECF No. 207.

**C.     Plaintiff and Third-Party Defendant Bekiarian's Motion *In Limine* To Preclude Evidence of Maria Anaya (Farris ECF No. 102)**

Bekiarian moves to preclude evidence or argument that Bekiarian purchased with his personal credit card plane tickets for a woman named Maria Anaya, to whom he was not married.  Credit card statements to this effect were produced in the Andresen matter. Bekiarian contends that this evidence is irrelevant to his claims and any issues in the case, would unfairly prejudice him by insinuating that he was having an affair, and would constitute inadmissible character evidence.  Because this motion overlaps with the Andresen plaintiffs' first motion *in limine*, the Court addresses these motions together, below.  As indicated below, the Court GRANTS Bekiarian's motion to the extent that he seeks to exclude any reference to Anaya or an alleged affair.

Bekiarian has also filed a notice that he joins in Farris's motion *in limine* number 5, discussed above, which seeks to exclude evidence of an alleged scheme to fabricate vacation claims.  See Farris ECF No. 205.  At oral argument, plaintiffs' counsel clarified that Andresen and Duffy also joined in this motion.

**D.     Plaintiffs Andresen, Bekiarian, and Duffy's Motions *In Limine***

**1.     To Preclude Evidence of Maria Anaya and Alleged Affairs (Andresen ECF No. 133)**

The Andresen plaintiffs move to preclude defendant from introducing evidence that "Bekiarian had alleged affairs, had Victoria Secret catalogs delivered to his office, had merchandise delivered to his office from Victoria Secret, had women's underwear [in] his desk drawer, and purchased plane tickets for a woman named Maria Anaya ("Anaya") with his personal credit card" in order to insinuate that he was having an affair

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

while married.  See Andresen ECF No. 133 at 4.  Bekiarian contends that this evidence is irrelevant to his claims and any issues in the case, would unfairly prejudice him by insinuating that he was having an affair, and constitutes inadmissible character evidence.

    In opposition, defendant argues that, if Bekiarian testifies at trial, defendant should be permitted to question him about his allegedly untruthful testimony regarding taking vacation with Anaya during his employment with IP and its predecessors.  Defendant contends that Bekiarian's credit card statements and his wife's testimony show that Bekiarian went on a shopping trip with Anaya in Las Vegas from November 7 to 9, 2007, and that his testimony that he never took "time off of work that would constitute vacation time in order to spend time with Maria Anaya in any location" was untruthful.  Therefore, defendant argues that the evidence is admissible under Federal Rule of Evidence 608(b), which allows a party to cross-examine a witness about specific instances of the witness's conduct in order to attack the witness's character for truthfulness.  Fed. R. Evid. 608(b), (b)(1).[3]  Moreover, defendant argues that because Bekiarian's credibility is central to all plaintiffs' claims, the probative value of this impeachment evidence is high and outweighs any unfair prejudice to Bekiarian.

    Whether Bekiarian was on vacation with another woman is wholly irrelevant to the claims or defenses at issue in this trial, and carries obvious risk of unfair prejudice.  Therefore, the Court GRANTS IN PART the Andresen plaintiffs' Motion *in Limine* No. 1, ordering that defendants may not introduce any evidence pertaining to Anaya, any alleged affair, or Bekiarian's wife's absence on the purported trip to Las Vegas.  The motion is DENIED IN PART only so that defendant may introduce any otherwise admissible evidence that Bekiarian himself was in Las Vegas for non-business reasons on a non-holiday workday but did not report it or denied it, to the extent such evidence is relevant to defendant's argument that Bekiarian's claimed vacation days should be reduced by vacation Bekiarian took to Las Vegas at the stated time.

--------

    [3]The Court notes that Rule 608(b) *does not* allow the admission of "extrinsic evidence . . . to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | | **'O'** |
|---|---|---|---|---|
| Case No. | 5:13-CV-00485-CAS(SPx) 2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 | |
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | | |

**2.    To Preclude Evidence of Business Plaintiffs or Their Families Engaged in Outside of Working for IP and its Predecessors (Andresen ECF No. 134)**

The Andresen plaintiffs move to exclude evidence regarding any businesses plaintiffs or their families engaged in outside of their employment with IP and its predecessors. Specifically, plaintiffs seek to exclude mention of "JackPack," "Andresen Packaging," "Cabrillo Packaging," "Crockett Packaging," plaintiffs' current employment, and any customers plaintiffs or their families worked with while conducting business for these entities. Plaintiffs argue that such evidence has no relevance to their claims and would unfairly prejudice them by depicting them as "disloyal employees" who competed with their employer. Plaintiffs also deny that defendant has produced any evidence that plaintiffs took time away from their work at IP or its predecessors to engage in any work with outside businesses.

With respect to JackPack, Andresen Packaging, and Cabrillo Packaging, which defendant terms "plaintiffs' side-businesses," defendants argue that evidence of these businesses is relevant to plaintiffs' credibility and claimed damages. Defendant submits deposition testimony indicating that Cabrillo Packaging, also known as Andresen Packaging, is owned by Andresen's wife, Debra. Debra Anderson testified that her husband does not have any responsibility with regard to Cabrillo Packaging, but "answered [her] questions initially," with regard to the business. See Debra Anderson Depo. at 105:18–20, 109:11-15. Debra Anderson later testified that, with regard to Andresen Packaging in 2006, her husband "facilitated" providing customers with "certain items," including contacting suppliers by email. Id. at 123:3–12, 125:7–10. Defendant also submits evidence that JackPack, which sells self-packaging supplies including corrugated boxes, is owned by Duffy and his wife Cynthia. Cynthia Duffy Depo., Vol. I, at 98:2–11. Cynthia Duffy testified that her husband receives orders, and that she "just push[es] the paper." Id. at 101:11–16. She also testified that she and her husband have been running the company since about 1988, id. at 101:20–24, and that customers "probably call [her husband's] personal cell phone, which is also his work phone," id. at 108:4–5.

Defendant argues that because plaintiffs' own testimony is crucial to their claims, so is plaintiffs' credibility. Defendant contends that plaintiffs' deposition testimony

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|----------|---------------------------------------------------|------|-------------------|
| Title    | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

regarding their side and subsequent employment conflicts with that of their wives, impeaching their credibility. For example, defendant submits that Andresen testified that he had "very little" role in Cabrillo Packaging and never "sold anything on [his] wife's behalf in her business," although she occasionally asked him "technical questions." <u>See</u> Jared Andresen Depo. Vol. I at 215:20–22, 244:3–12. Defendant argues that this is in tension with his wife's testimony, discussed above. Similarly, defendant offers Duffy's testimony that his wife used the "JackPack" name and email address to "run any little businesses that she worked out of the house," but that although it sold packaging supplies, it was not a "box business." Duffy Depo. Vol. I, at 187:1–25. Although Duffy clarified that his wife's company "did sell some corrugated boxes," <u>id.</u> at 188:1–8, defendant contends that Duffy's testimony is nevertheless in tension with that of his wife. Defendant also asserts that after Cabrillo Packaging and JackPack were formed, Andresen and Duffy falsely signed forms attesting to Temple-Inland that they had no competing businesses, further impugning Andresen's and Duffy's credibility.[4] Defendant also argues that evidence of these businesses is relevant to damages because Andresen and Duffy may have taken time off from IP to set up or perform work for the side businesses.

With respect to Crockett Packaging, plaintiffs' current employment, and any customers plaintiffs or their families worked with while conducting business for these entities, defendant objects that plaintiffs "present no argument whatsoever to explain why evidence related to these additional entities should be excluded, and their request should therefore be regarded." Andresen ECF No. 146, Memo. at 1 n.1. Defendant submits evidence that Andresen and Duffy now work at a company called Packaging Corporation of America, for which Bekiarian is a manager. Defendant requests that "to the extent the Court believes evidence related to these additional entities should also be excluded . . . the Court require briefing on these issues." <u>Id.</u> at 1 n.1.

---

[4]Defendant submits signed "Standards of Business Conduct" forms signed on July 26, 2011 (Duffy) and July 27, 2011 (Andresen), in which both plaintiffs certified that they did not have "additional employment that needs to be disclosed" and did not have any "financial or ownership interest" in any "customers or competitors of Temple-Inland." <u>See</u> Andresen ECF No. 146-9, 146-10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**               'O'

| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|----------|------------------|------|-------------------|
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

For reasons discussed in connection with Farris's motion to exclude evidence of My Three Sons, the Court is not persuaded that evidence of plaintiffs' alleged side businesses is relevant to the claims or defenses at issue. Therefore, the Court GRANTS IN PART the Andresen plaintiffs' Motion *in Limine* No. 2. The Court will revisit at trial, if necessary, whether defendant may, for impeachment purposes only, ask questions about—but not offer extrinsic evidence of—Andresen and Duffy's alleged failure to report or tell the truth about the business.

### 3.    To Preclude Allegations of Theft (Andresen ECF No. 135)

The Andresen plaintiffs anticipate that defendant will attempt to introduce evidence that they "removed property from Defendant's facilities and stole customers from Defendant during and after their employment." Andresen ECF No. 135 at 4. Plaintiffs contend that such allegations are irrelevant to their vacation pay claims, and would be unfairly prejudicial and confusing. Moreover, the Andresen plaintiffs argue that defendant instructed its employees not to divulge what customer information or property was allegedly stolen, preventing plaintiffs from doing any discovery on the matter or refuting the allegations, so that defendant's introduction of theft evidence would be even more prejudicial.

Defendant responds that evidence that plaintiffs took IP property and customers to use in subsequent competing businesses is relevant to IP's defense that plaintiffs' vacation claims are part of a scheme they concocted along with other sales representatives before leaving the company. Defendant further argues that the alleged theft is relevant to its defense of unclean hands.[5] Moreover, defendant argues that the evidence will be admissible to impeach the credibility of testimony given by plaintiffs.

---

[5] "In California, the unclean hands doctrine applies not only to equitable claims, but also to legal ones." Adler v. Fed. Rep. Of Nigeria, 219 F.3d 869, 877 (9th Cir. 2000), as amended on denial of reh'g and reh'g en banc (Aug. 17, 2000) (citing Jacobs v. Universal Dev. Corp., 53 Cal. App. 4th 692, 699 (1997)). California courts determining whether the defense applies consider "the analogous case law, the nature of the misconduct, and the relationship of the misconduct to the claimed injuries." Blain v. Doctor's Co., 222 Cal. App. 3d 1048, 1060 (1990).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:13-CV-00485-CAS(SPx) 2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|----------|------------------------------------------------|------|-------------------|
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

Finally, defendant argues that "it is of no consequence that [IP] instructed witnesses not to specify the customers that were allegedly stolen because the actual names are not relevant to the underlying point, *i.e.*, that Plaintiffs left with International Paper's property/customers, which they have admitted."[6]  Andresen ECF No. 147, Memo. at 3. Defendant also asserts that plaintiffs' argument about the witnesses is "disingenuous . . . since their counsel also forbade witnesses from testifying as to the names of these customers." Id. at 4.

On the record before it, the Court does not find relevant to the claims and defenses asserted evidence of alleged taking of IP customers or property.  Moreover, the Court finds that such evidence carries an obvious risk of unfairly prejudicing the jury. Therefore, the Court GRANTS the Andresen plaintiffs' Motion *in Limine* No. 3.

### 4.    To Preclude Evidence of Attorney-Client Privileged Correspondence (Andresen ECF No. 136)

Bekiarian anticipates that defendant will attempt to introduce at trial evidence of a May 2012 email correspondence between Bekiarian and his attorney John Pringle, in which Pringle referred Bekiarian to a labor attorney.  See Andresen ECF No. 136 Ex. B. Bekiarian argues that these email communications, which he avers were inadvertently saved in an Outlook file and which defendant obtained by doing a forensic examination of Bekiarian's computer after he retired from IP, are covered by the attorney-client privilege because Pringle was Bekiarian's attorney at the time.  Bekiarian also argues that the correspondence is irrelevant to the claims at issue.

In opposition, defendant first argues that the emails were not privileged because Bekiarian's request for a referral does not qualify as seeking "legal advice" within the meaning of the privilege.  Even if the emails would otherwise have been privileged, defendant asserts that Bekiarian waived any possible attorney-client privilege because he

---

[6]Andresen testified that most of his customers at IP, and about forty percent of his sales volume, followed Andresen when he left IP.  See Andresen Depo., Vol I, at 104:4 – 105:7.  Duffy testified that sixty-five or seventy percent of his customers followed him when he left IP.  See Duffy Depo., Vol. I, at 88:21 – 89: 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 5:13-CV-00485-CAS(SPx) 2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
| --- | --- | --- | --- |
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

had no reasonable expectation of privacy with respect to activity on his work computer, including emails.  See Griffith v. Davis, 161 F.R.D. 687, 694 (C.D. Cal. 1995) ("Courts have consistently refused to apply the privilege to information that the client intends or understands may be conveyed to others.").  Defendant points to IP's "Acceptable Use Policy," which applied to Bekiarian and provided that employees' activities on company computers are not private.[7]  See Holmes v. Petrovich Dev. Co., 191 Cal. App. 4th 1047, 1068–72 (2011) (holding that emails sent by to an attorney from a company computer were not privileged in light of a company policy stating that activities conducted on the company computer was not private and could be monitored by the employer).  Defendant also argues that the emails are relevant to impeach Bekiarian's credibility and establish IP's defense and third-party claim that Bekiarian conspired with other plaintiffs to create false vacation wage claims while they were still employed at IP.

Having reviewed the Acceptable Use Policy and case law submitted by defendant, it appears that the emails in question were not privileged.  However, the Court does not see how the fact that Bekiarian consulted with a labor attorney prior to his resignation is relevant to the claims and defenses to be tried.  Therefore, the Court GRANTS the Andresen plaintiffs' Motion *in Limine* No. 4.

---

[7]This Acceptable Use Policy, attached to Derrick Bates's declaration in support of defendant's opposition to this motion *in limine*, applied "to all International Paper Company employees."  See Andresen ECF No. 148-8.  The policy stated that IP was the "sole and exclusive owner of its IT Resources and Information Assets, including User files, e-mails, instant messages, and any electronically stored information composed, sent, received or stored using company-provided systems and devices."  Id.  It stated that users "have no expectation or right to provacy of any kind related to their use of the company's IT Resources or its Information Assets," and warned that "the company retains the right, with or without cause or any additional notice to the User, to access and monitor its IT Resources . . . . including those marked 'private,' 'personal,' or 'confidential.' " Id.  The policy further provided that "[u]sers expressly consent to the access, monitoring, and recording of their use of the company's IT Resources, and waive any right of privacy or similar right in their use of the IT Resources or any Information Assets."  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | '**O**' |
|---|---|---|---|
| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

**5.      To Preclude Evidence Not Disclosed During Discovery (Andresen ECF No. 137)**

The Andresen plaintiffs seek to preclude on the ground of late disclosure (1) fact witness Jack Harrington, added to defendant's Amended Initial Disclosure on October 27, 2014 and discussed above in connection with Farris's fourth motion *in limine*, and (2) 17,026 photographs and videos of plaintiffs and their families "from some unidentified source" disclosed on November 3, 2014.[8]  See Andresen ECF No. 137, at 3.  Plaintiffs argue that these disclosures were not "timely" under Federal Rule of Civil Procedure 26(e) and would unfairly prejudice plaintiffs, and should accordingly be excluded under Rule 37(c)(1).

As to Harrington, defendant argues that plaintiffs have not been surprised by the late identification because Bekiarian himself identified Harrington as a witness for trial, and Bekiarian is represented by the same counsel as Andresen and Duffy.  As to the photographs and videos, defendant asserts that they were disclosed after they were recently obtained and only after IP "timely requested them in discovery and Plaintiffs utterly refused to produce them."  Andresen ECF No. 149, Memo. at 1.  Specifically, defendant asserts that it obtained the photographs only after the magistrate judges assigned to this case granted multiple motions to compel, and IP retained a forensic specialist to review IP's hard drives that were used by Bekiarian.  Defendant avers that after it received on October 17, 2014, a report from this specialist that the hard drive may contain vacation photos, it "promptly produced all relevant photographs and videos to Plaintiffs on November 3, 2014."  Id. at 5–6.  Defendant further contends that there can be no unfair surprise from these photographs because "they are inclusive of the photographs that [the magistrate judges] have already ordered Plaintiffs to produce and because Bekiarian surely knew of their existence," since they were discovered on his own work computer.  Id. at 6.  Defendant argues that the photographs are probative of Bekiarian's credibility and damages, and should not be excluded.

---

[8]According to defendant, the photographs were recovered from an IP hard drive used by Bekarian.  See Andresen ECF No. 149, Memo. at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|---|
| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | | Date | November 17, 2014 |
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | | |

For the same reasons discussed above in connection with Farris's Motion *in Limine* No. 4, the Andresen plaintiff's Motion *in Limine* No. 5 is GRANTED IN PART in that Harrington may not testify in Phase I of the bifurcated trial.  The motion is MOOT insofar as it seeks to exclude photographic evidence because the Court finds that such evidence should be excluded for other reasons, as set forth below.

### 6.     To Preclude Evidence of Alleged Misconduct Not Relating to Vacation Accruals (Andresen ECF No. 138)

Bekiarian anticipates that defendant will attempt to introduce evidence that he engaged in "misconduct such as removing property, unlawfully competing, stealing customers, and other unfounded rumors during and after his employment."  Andresen ECF No. 138 at 3.  Bekiarian contends that such evidence is irrelevant to the issues for trial, is unfairly prejudicial, and constitutes inadmissible character evidence.  Bekiarian also asserts that because defendant instructed its witnesses not to divulge what was allegedly stolen, and witnesses who have testified about the alleged misconduct did so after the discovery cutoff, he has been unable to conduct discovery on the basis of these allegations.

For reasons discussed above with regard to other motions *in limine*, defendant counters that this evidence is relevant to IP's defense and cross-complaint that Bekiarian conspired with other plaintiffs to fabricate the vacation claims at issue in this suit, as well as to Bekiarian's credibility.  See generally Andresen ECF No. 150.  Defendant also asserts that Bekiarian's alleged misconduct is relevant to its unclean hands defense.

For the same reason the Court grants the Andresen plaintiffs' Motion *in Limine* No. 3, the Court GRANTS the Andresen plaintiffs' Motion *in Limine* No. 6.

### 7.     To Preclude Use of Photographs at Trial (Andresen ECF No. 139)

The Andresen plaintiffs, joined by Farris, move to exclude the use of photographs at trial.  They anticipate that defendant will attempt to introduce photographs allegedly showing plaintiffs on vacation during the time periods at issue.  Plaintiffs argue that the photographs "do not actually have dates on them, do not tell the jury whether the photograph was a day a Plaintiff used a vacation day, or whether the photograph was on a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 5:13-CV-00485-CAS(SPx) 2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|----------|------------------------------------------------|------|-------------------|
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

weekend day."   Andresen ECF No. 139 at 5.  Plaintiffs contend that these photograph violate privacy rights (including those of third parties and juveniles), and would be unfairly prejudicial.

Defendant counters that the photographs are relevant to the plaintiffs' credibility and claimed damages, especially in the absence of other documentary absence of vacation for long periods at issue in this case.  IP avers that an inspection of photographs has already "reflected an additional 26 days on which [Farris] was on vacation on a work day, which he did not identify in sworn testimony or discovery responses."  Andresen ECF No. 151, Memo. at 3.  Attempting to rebut the argument that the photographs will not identify when they were taken—and thus, whether they reflect vacation days—defendant argues that "the photographs contain metadata that establishes the dates that the photographs were taken," and that "some images themselves display the dates on which the photographs were taken and clearly indicate where the photograph was taken."  Id. at 5–6.

Defendant additionally argues that because plaintiffs' claims are based in part on alleged conversations with Bekiarian in which Bekiarian said that all of the plaintiffs were entitled to paid vacation, credibility is especially important in this case, and that the photographs are relevant to show that plaintiffs have not been entirely truthful in their testimony and discovery responses regarding vacations taken while employed by IP and its predecessors. To the extent that the photographs implicate privacy rights of third parties and juveniles, defendant asserts that it is "more than willing to work with Plaintiffs and the Court to fashion an appropriate method of protecting third-party privacy rights short of an overbroad across-the-board exclusion."  Andresen ECF No. 151, Memo. at 6.  Finally, defendant avers that although the photographs were disclosed after the discovery cutoff, they were promptly disclosed in good faith after defendant obtained them, in compliance with Federal Rule of Civil Procedure 26.

As the Court has previously stated, vacation photographs carry a serious risk of unfair prejudice, and are not necessary for proving vacations taken by the plaintiffs. Moreover, the fact that photographs were ordered produced during discovery does not make them automatically admissible at trial.  To the extent that the photographic informs defendant when and where it believes plaintiffs were on undisclosed vacations, defense

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                    'O'

| Case No. | 5:13-CV-00485-CAS(SPx) 2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|----------|-----------------------------------------------|------|-------------------|

| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. |
|-------|---------------------------------------------------|

counsel is free to ask plaintiffs about those alleged instances. Therefore, the Court GRANTS Andresen plaintiffs' Motion *in Limine* No. 7.

**8.    To Exclude Expert Witness Lloyd Aubry, Jr. (Andresen ECF No. 155)**

**The Andresen plaintiffs move to exclude IP's expert witness Lloyd Aubry, Jr.** ("Aubry."). Aubry is an attorney who formerly worked at the California Department of Industrial Relations, and as California's State Labor Commissioner. <u>See</u> Andresen ECF No. 155-1 at 25. In his submitted declaration, Aubry opines that California law does not require that employers provide vacation benefits, and that it is "not uncommon for employers not to provide paid vacation or vested vacation pay to commissioned salespersons especially in those circumstances where the employee is compensated on the basis of a recoverable draw against commissions." <u>Id.</u> Aubry also refers to an opinion letter he wrote as Labor Commissioner in 1986. <u>Id.</u>

Movants argue that Aubry's opinions are based on insufficient facts and are unreliable because they rely on general knowledge of vacation policies and California law, and not on IP's specific policies or a factual analysis of the evidence in this case. Movants contends that his testimony about what employers *generally* do is "completely irrelevant" and would confuse the jury and waste the Court's time.

In opposition, defendant argues that Aubry will provide relevant opinion, based on experience, about industry standards relating to commissioned sales representatives' entitlement to vacation and the computation of vacation wages, not legal conclusions.

Having considered the parties' arguments, the Court has concerns that some of Aubry's proposed testimony may constitute improper legal conclusions about ultimate issues in the case. Nevertheless, it appears that there is some foundation for Aubry to testify based on his relevant experiences. Therefore, the Court reserves judgment on the Andresen plaintiffs' Motion *in Limine* No. 8. Defendant is to file, no later than **November 24, 2014**, a brief updated summary of Aubry's expected trial testimony, not to exceed **10 pages**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

**E.     Defendant IP's Motions *In Limine***

**1.     To Exclude Evidence Regarding Unused, Accrued Vacation for Periods of Time for Which Plaintiffs Failed to Produce Documentation (Farris ECF No. 192)**

Defendant moves to exclude evidence regarding any unused, accrued vacation for any periods of time that plaintiffs failed to produce documents reflecting vacations actually taken.  Defendant argues that each plaintiff has failed to produce documentation of vacations taken for the majority of the long time spans for which he now seeks compensation, and that it would be unfair to allow plaintiffs to introduce "*solely* their own self-serving testimony and discovery responses regarding the amount of vacation they allegedly accrued but did not use."  Farris ECF No. 192, Memo. at 1.  Defendant submits that because it is plaintiffs' burden to prove how much unused vacation they accrued, and because employers are only required to maintain personnel and wage records for three years under California law, plaintiffs are required to produce documentation reflecting if, when, where, and how much vacation they actually took.  However, defendant argues, each plaintiff has failed to list specific vacation dates for certain time periods in discovery responses, and has failed to produce documentary evidence reflecting vacations taken for long stretches of time.  Defendant contends that, without any documentary evidence for these periods, plaintiffs' testimony as to vacation taken during these periods would be speculative, incompetent, and unduly prejudicial.  Accordingly, defendant requests that the Court exclude "any and all alleged vacation claims" pertaining to 1983 to 2006 for Farris, 1977 to 2001 for Andresen, 1986 to 1998 for Duffy, and 1973 to 1991 for Bekiarian.

In opposition, Farris argues that defendant improperly seeks summary judgment through a motion *in limine* by attempting to throw out all evidence directed at the vast majority of Farris's claimed damages.  Farris also argues that he has produced "thousands of pages supporting his vacation claim," including (1) personal calendars from 1988 to 2012 reflecting his daily activities and vacation days, (2) monthly auto expense reports submitted to IP and its predecessors, (3) cellular telephone records submitted to IP's predecessors, (4) credit card and bank statements for "all available periods of time," and (5) vacation photographs.  Farris ECF No. 242, Memo. at 1.  Farris points out that he has also provided discovery responses and deposition testimony on how much vacation he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|----------|---------------------------------------------------|------|-------------------|

| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. |
|-------|---------------------------------------------------|

took and accrued.  In their opposition, the Andresen plaintiffs similarly argue that they have provided detailed interrogatory responses and produced credit card statements, vacation request forms, vacation photographs, and deposition testimony on taken vacations.  See Farris ECF No. 253.  The Andresen plaintiffs argue that "[a]ny argument that this is insufficient evidence goes to the weight of the evidence, not its admissibility." Id. at 4.

Farris and the Andresen plaintiffs also cite Hernandez v. Mendoza, 199 Cal. App. 3d 721 (1988).  In that case, the California Court of Appeal reversed the trial court's determination that an hour-and-wage plaintiff had failed to meet his burden of showing the amount of unpaid wages he was owed with the requisite certainty.  Id. at 727.  The court reasoned that because the employer had failed to keep accurate time records as required by statute, "imprecise evidence by the employee [could] provide a sufficient basis for damages."  Id.  The court relied on the U.S. Supreme Court's decision in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686–88 (1946), superseded by statute on other grounds as stated in Sandifer v. U.S. Steel Corp., 134 S. Ct. 870, 875 (2014).  In that Fair Labor Standards Act case, the Supreme Court explained that while the employee "has the burden of proving that he performed work for which he was not properly compensated," public policy and the "fact that it is the employer who has the [statutory] duty . . . to keep proper records" informs the application of that burden.  See id. at 686–87.  The Court held that "where the employer's records are inaccurate or inadequate" in violation of a "statutory duty," "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  Id. at 687.  If the employee does so, the "burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.  If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result may only be approximate."  Id. at 687–88.

Anticipating arguments based on Hernandez, defendant argues that the case is inapposite because IP, which was only required to keep records for three years, has not failed to keep any records required by statute.  Defendant points out that California Labor Code § 226(a), on which Farris relies to argue that defendant failed to keep records

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|----------|--------------------------------------------------|------|-------------------|
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

required by law, provides that wage statements "shall be kept on file by the employer for at least three years."  Cal. Labor Code § 226(a).

The Court agrees with plaintiffs that defendant's arguments duplicate ones rejected on summary judgment, and go to the weight, rather than the admissibility, of evidence for older vacation claims.  Therefore, the Court DENIES defendant's Motion *in Limine* No. 1.

### 2.    To Exclude Evidence of Unrelated Complaints About IP (Farris ECF No. 193)

Defendant seeks to exclude plaintiffs from offering testimony regarding their and other employees' dissatisfaction with, and other complaints or negative opinions regarding, IP as an employer.  Defendant argues that such complaints—including charges that IP "tried to take commissions away from sales representatives, unfairly changed their commission plans, generally did not treat its employees well, and had a poor reputation for service to its customers"—have no bearing on the issues for trial, would be unfairly prejudicial if admitted, and would constitute inadmissible character evidence.  Farris ECF No. 193, Memo. at 2.

In opposition, Farris argues that defendant's motion is overbroad, and seeks to exclude relevant evidence.  See generally Farris ECF No. 243.  Farris contends that the "complaints" IP seeks to exclude include those about IP's alleged failure to pay accrued vacation wages and how sales employees' final rates of pay should be calculated, which are key issues in dispute.  Farris also argues that evidence regarding IP's decision to "take commissions away from sales representatives" and "change[] their commission plans" are directly relevant to whether Farris's final rate of pay constituted a fixed salary.  Farris further asserts that, to the extent other commission-based sales employees have similar "complaints," that evidence is also directly relevant to establishing whether Farris was in fact entitled to paid vacation.  He argues that such "other acts" evidence is admissible under Rule 404(b) because it tends to prove the material point of how the final rate of pay should be calculated, and will not be offered simply to prove that IP acted in accordance with its character by failing to pay Farris accrued vacation wages.  The Andresen plaintiffs offer substantially identical arguments in a separate opposition.  See generally Farris ECF No. 254.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

On the record before the Court, it appears that complaints made by other parties about IP are not relevant to plaintiffs' specific claims. Moreover, the Court is not persuaded that the evidence will be offered for a permissible "other purpose" under Federal Rule of Evidence 404(b). Therefore, the Court GRANTS defendant's Motion *in Limine* No. 2.

### 3.   To Exclude Testimony of Other Commissioned Sales Representatives (Farris ECF No. 203)

Defendant seeks to preclude testimony from a series of other commissioned sales representatives, who defendant expects to "proclaim their belief that Plaintiffs were entitled to accrue paid vacation, that they too were entitled to vacation pay, and that International Paper also deprived them of vacation pay (or, conversely, that International Paper in fact paid them vacation, and that it should have done the same for Plaintiffs)." Farris ECF No. 203, Memo. at 1.[9]

First, defendant argues that each of these witnesses lack personal knowledge regarding whether the individual plaintiffs were entitled to accrue paid vacation. Defendant also contends that Leavitt, Cwieka, and Skrede lack personal knowledge about the facility at which plaintiffs worked because Cwieka never worked there, while Leavitt and Skrede only worked there "for a short time, many years ago," and that none of the three have "any knowledge of what policies or practices applied to Plaintiffs" as regards vacation. Id. at 9. To the extent that plaintiffs intend to offer the testimony of these employees as to those employees' personal experiences with vacation pay, defendant contends that such testimony is irrelevant because it does not shed light on the individual plaintiffs' contracts with IP. Defendant further argues that any probative value from these employees' individual experiences is substantially outweighed by the risk of misleading the jury "through the effect of cumulative evidence of other witnesses' dissatisfaction with the company and its vacation policies and practices," confusing the

---

[9]The specific employees whose testimony defendant seeks to exclude are James Campbell, Mike Cwieka, Chris Farris, Donald Fry, Robert Jones, Larry Leavitt, Eric Radtke, Donald Skrede, and Donald Zenser.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|----------|---------------------------------------------------|------|-------------------|
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

jury "as to the actual legal standard to apply" and the policies and contracts that actually applied to each plaintiff, and engendering irrelevant "mini-trials."  Id. at 12–13.

In opposition, Farris argues that, as fellow commission-based sales representatives, the witnesses have personal knowledge regarding (1) how IP tracked vacation days for commissioned sales employees, (2) what interactions they had with human resources departments regarding vacation, and (3) whether they personally did or did not receive vacation pay.  Farris contends that such knowledge is relevant because the witnesses "share the exact same job title that IP proclaims is not entitled to paid vacation."  Farris ECF No. 244, Memo. at 2.  He notes that IP has not argued that some commission-based sales employees were entitled to vacation and others were not.   The Andresen plaintiffs offer similar arguments in a separate opposition.  See Farris ECF No. 255.  They add that "IP itself intends to call former commissioned sales representative Scott Winder to testify at trial, thus completely undermining any argument that other commissioned sales representatives' testimony is irrelevant."  Id., Memo. at 1–2.

The Court is not persuaded by defendant's arguments that the testimony of other commission-based sales employees is wholly irrelevant, given that IP strenuously argues that such employees were not entitled to paid vacation.  Therefore, the Court DENIES defendant's Motion *in Limine* No. 3.  As the Court explained at oral argument, however, testimony from as many as nine sales employees in addition to plaintiffs would be cumulative and time-consuming.  Therefore, barring unforeseen developments, plaintiffs will only be permitted to call three such witnesses.

**4.     To Exclude Evidence or Argument Regarding Labor Commissioner Complaints Filed by Duffy and Other Sales Representatives (Farris ECF No. 194)**

Defendant seeks to preclude plaintiffs from offering evidence or argument pertaining to claims filed by Duffy and any other former sales employees against IP with the California Labor Commissioner ("Labor Commissioner") for disputes over commissions that are not at issue in this lawsuit.

Defendant anticipates that plaintiffs will attempt to offer evidence of a claim Duffy filed with the Labor Commissioner for commissions he alleged were owed for the month

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | | **'O'** |
|---|---|---|---|---|
| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | | November 17, 2014 |
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | | |

of March 2012, a claim which was settled and dismissed in August 2012. Defendant contends that this settled claim is irrelevant to Duffy's claim for unpaid commissions in this lawsuit, which relates to commissions allegedly earned in or around November 2012. Other former IP employees who have filed claims with the Labor Commissioner include Donald Fry and Larry Leavitt, both of whom have been identified by plaintiffs as witnesses for trial, and who filed and closed claims with the Labor Commissioner in 2012 or 2013. Defendant argues that these complaints are not relevant to the issues to be tried. Moreover, defendant argues that all of the evidence it seeks to preclude through this motion constitutes inadmissible character evidence and would unfairly prejudice defendant by confusing the issues and adding needless delay. Finally, defendant submits that the settlement of any of these claims is inadmissible to prove the validity of plaintiffs' vacation claims or Duffy's commission claim pursuant to Federal Rule of Evidence 408(a)(1).

Farris states that the only administrative complaint filed with the Labor Commissioner he intends to introduce is Donald Fry's claim for vacation pay, so that the motion *in limine* is mostly moot. With respect to Fry's claim, Farris argues that it is directly relevant because Fry and Farris were both commission-based sales employees for IP and its predecessors, and IP's defense throughout the litigation has been that such employees were not entitled to paid vacation. Farris argues that, if Fry is not allowed to testify about his administrative claim, the "jury will be left in the dark as to why [he] would forego [sic] his legal rights and question the credibility of his testimony." Farris ECF No. 245, Memo. at 1.

The Andresen plaintiffs, who apparently intend to offer broader evidence of Labor Commissioner claims, argue that such evidence must be admitted because it "goes directly to willfulness, an essential element of Labor Code § 203."[10] Farris ECF No. 256

---

[10]This provision provides in part: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Labor Code § 203(a). An employer acts "willfully" when it " 'intentionally fail[s] or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

at 2. In addition to arguments raised by Farris and discussed above, the Andresen plaintiffs contend that the complaints show that "[d]uring the time that [IP] purports it had no obligation to pay Plaintiffs' vested vacation wages, it knew that various other employees had already raised nearly identical Labor Code claims with the Labor Commissioner for their own vested wages." Id. In support of this argument that the evidence is relevant to proving willfulness, the Andresen plaintiffs cite Weeks v. Baker & McKenzie, 63 Cal. App. 4th 1128, 1163 (1998) (admitting under the California Evidence Code for punitive damages purposes only evidence of a supervisor's past conduct with employees other than the plaintiff, and resulting discipline, as tending to prove that the supervisor was aware of the harmfulness of the conduct).

The Court is not persuaded that Fry's testimony will be discredited if he is unable to testify about his unrelated and apparently settled claim against IP. Because section 203 contains a willfulness element, however, any adverse judgment or other indicator of knowledge on the part of IP could be relevant to plaintiffs' claims. Because this motion is linked to which sales representatives plaintiffs choose to call at trial, and because the Court is unable to determine the issue on the record before it, the Court reserves judgment on defendant's Motion *in Limine* No. 4.

   **5.    To Exclude Evidence Related to Third-Party Witnesses Bob Renaud and Bob Kocis (Farris ECF No. 195)**

Bob Renaud ("Renaud") is a former Regional Human Resources Manager who was responsible for overseeing Temple-Inland facilities in California but who, according to defendant, never established or implemented vacation policies as to Crockett Division facilities, including the Santa Fe Springs Facility ("SFSC Facility") at which plaintiffs worked. Defendant initially identified Renaud as a potential witness, but now maintains that he "has no relevance to this action as the Crockett Division Facilities, including the SFSC Facility, operated independently from other [Temple-Inland] Facilities, and operated pursuant to Crockett policies." Farris ECF No. 195, Memo. at 1 n.4. Bob Kocis

---

refuse[s] to perform an act which was required to be done.' " Choate v. Celite Corp., 215 Cal. App. 4th 1460, 1468 (2013) (quoting Barnhill v. Robert Saunders & Co., 125 Cal. App. 3d 1, 7 (1981)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 5:13-CV-00485-CAS(SPx) 2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|----------|-----------------------------------------------|------|-------------------|
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

("Kocis") is a Regional Human Resources manager who, according to plaintiffs, oversees human resources matters for facilities in Texas, Arizona, and New Mexico.  Farris has indicated that he intends to introduce as an exhibit at trial an email from Kocis concerning vacation policies at the Imperial Valley Facility, a non-Crockett facility. Defendant seeks to exclude testimony by or evidence concerning Renaud, Kocis, and "any other irrelevant third party witnesses," as well as any evidence "concerning vacation policies at Non-Crockett Facilities."  Id. at 2.[11]

Defendant submits that the aforementioned witnesses and evidence are irrelevant because the Crockett Division and the SFSC Facility employed distinct policies from those that Renaud and Kocis had experience with, and because the SFSC Facility had "its own management and human resources department."  Id. at 3.  Defendant argues that Kocis never oversaw any Crockett Division Facility, let alone the SFSC Facility, and indeed had no involvement with the SFSC Facility; therefore, defendant contends, he "has absolutely no knowledge regarding the vacation practices" employed there.  Id. at 4. Similarly, defendant argues that because Crockett Division facilities operated independently from [Temple-Inland] facilities, Renaud had no experience with vacation policies at the SFSC Facility.  Therefore, defendant argues that any testimony by Kocis or Renaud regarding vacation policies at the SFSC Facility "lacks foundation and is irrelevant."  Id. at 6.  Defendant further contends that such evidence would confuse and mislead the jury and waste the Court's time.

Farris opposes the motion, arguing that the evidence is relevant.  See Farris ECF No. 246.  He points to an email from Kocis to Don Skrede, another commission-based sales employee of IP's, stating, "[a]ll of your earned and unused vacation will be paid to you at leaving."  ECF No. 246, Jacobson Decl., Ex. 1.  Farris argues that Kocis would not have agreed to pay Skrede accrued vacation wages if Skrede, as a commission-based sales employee, was not entitled to paid vacation.  Farris argues that defendant has not submitted evidence to support a theory the policies at the SFSC Facility and other

[11]At oral argument, counsel for plaintiffs clarified that no plaintiff intends to call Renaud as a witness, though plaintiffs do intend to offer documentary evidence related to Renaud.  Counsel for plaintiffs intends to show video deposition testimony of Kocis, over whom the Court does not have subpoena power.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

facilities were unrelated.  He contends that defendant relies on "a self-serving declaration by Derrick Bates, and excerpts of deposition testimony from Mr. Bekiarian, Ms. Leach, and Ms. Rocha where they simply state that they are 'unaware' of the vacation policies for other facilities."  Farris ECF No. 246, Memo. at 3 n.2.  Farris further contends that available documentation of vacation policies for Crockett and Temple-Inland facilities do not suggest a marked difference between policies at the different facilities.  Farris argues that both Kocis and Renaud will testify to their personal knowledge of vacation policies at Temple-Inland facilities, and that Farris will proffer other evidence "demonstrating that the vacation policies at both the Crockett facilities and Temple-Inland facilities are nearly identical."  Id. at 4.

In addition to arguments raised by Farris and discussed above, the Andresen plaintiffs point to an email from Renaud to Bekiarian and IP Human Resources managers Derrick Bates, Ottie Dicckson, and Michael Paquin in anticipation of a conference call to discuss Farris's entitlement to be paid out accrued vacation.  See Farris ECF No. 257, Morrison Decl. Ex. 2.  This email set forth California Labor Code provisions relating to vacation pay.  The Andresen plaintiffs contend that defendant's arguments on Kocis and Renaud's testimony go to weight, not admissibility.

In the absence of undisputed evidence that the policies with which Kocis and Renaud had experience are completely unrelated to the policies that governed plaintiffs' entitlement to vacation pay (or lack thereof), the Court does not find it appropriate to exclude the objected-to evidence, which appears to have some tendency to undermine IP's defense that commission-based sales employees were not entitled to paid vacation.  Therefore, the Court DENIES defendant's Motion *in Limine* No. 5 without prejudice to its being renewed at trial.

### 6.    To Exclude Farris's Expert Rebuttal Witness Miles E. Locker (Farris ECF No. 196)

Miles Locker ("Locker"), a labor and employment attorney who previously worked with the DLSE, is Farris's damages rebuttal expert.  See generally ECF No. 196-2. In his submitted declaration, Locker attempts to rebut each of the opinions in Crandall's declaration, generally opining that Farris was entitled to significant accrued vacation pay measured at a high final rate of pay.  Based on documentary evidence and his experience

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 5:13-CV-00485-CAS(SPx) 2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|----------|---|------|---|

| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. |
|-------|---|

with commissioned employees in California, Locker opines that Farris's compensation always included a salary component. Locker Decl. at 5–6. Citing his experience litigating at the DLSE, as well as a DLSE opinion letter and his awareness of court cases involving claims of vacation wages owed to commissioned sales employees, Locker opines that there is nothing unusual about providing paid vacation to commissioned employees. Id. at 7. Citing documentary and testimonial evidence, as well as Labor Code section 227.3 and related case law, Locker asserts that Farris was entitled to paid vacation. Id. at 7–8. Drawing on case law and disputing Crandall's interpretation of the evidence, Locker opines that Farris was never subject to a lawful cap on vacation accrual. Id. at 9–10. Locker also opines on the timeliness of Farris's claims under California law and the correct rate at which Farris's vacation pay should be calculated. Id. at 10–13. Finally, citing Labor Code provisions and related cases, Locker opines that Farris is entitled to waiting time penalties. Id. at 13–14.

On July 21, 2014, the Court denied defendant's motion to strike Locker on the ground that he was not a proper rebuttal expert. See Farris ECF No. 65. In that ruling, the Court ruled that Locker, like plaintiff's expert Crandall, opined on "whether [Farris] is entitled to vacation pay," the "same subject matter" as Crandall. Id. at 3. The Court acknowledged that Locker "cites to legal authority in his report that is not present in Crandall's report," but still found that it would not be appropriate to strike Locker or allow defendant to designate another rebuttal witness. Id. The Court did, however, note that "after reviewing both parties' expert reports, [it] has significant questions as to whether these reports invade the province of the jury." Id. at 3 n.2. The Court cautioned that "[a]t trial, the Court may substantially limit the admissibility of the opinions contained in the reports." Id. Defendant anticipates that Locker would opine at trial that Farris was legally entitled to and did accrue paid vacation while working for IP, and that he should be compensated for this unused vacation at a high rate of pay. Defendant argues that Locker should be precluded from testifying pursuant to Federal Rules of Evidence 401, 402, 403, and 702.

First, defendant argues that Locker will offer inadmissible personal opinion regarding ultimate issues of California law. Defendant cites previous cases in which Locker has been excluded as an expert witness for improperly giving opinions as to legal conclusions. In opposition, Farris argues that because the Court previously found that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

Locker is a proper rebuttal expert, Locker can be excluded for opining on ultimate issues of law only to the extent that Crandall is excluded on the same ground.

Second, defendant argues that Locker lacks "the basic qualifications necessary to appropriately render an expert economic opinion as to Farris' damages." Farris ECF No. 196, Memo. at 4. Defendant contends that "[n]othing in Locker's credentials demonstrate [sic] that he has any expert knowledge of economics or damages analysis," and that Locker has admitted that he is not an economics or statistics expert and did not use financial modeling to calculate Farris's economic damages. Id. at 4–5. In opposition, Farris points to Locker's decades of employment at the Division of Labor Standards Enforcement, where he regularly analyzed data of hours worked, wages earned, and amounts owed to individual employees. Farris argues that no economics or statistics expertise is required to offer Locker's opinions, because the proper methodology is to determine the relevant vacation policy, subtract the number of vacation days actually taken, then multiply the amount of remaining vacation days by the final rate of pay. To the extent that defendant objects to this simple methodology, Farris maintains that defendant can cross-examine Locker to expose any weaknesses.

Next, defendant asserts that Locker's opinions are based on improper assumptions and are inherently unreliable. Defendant argues that, rather than performing an "independent investigation" and using a reliable methodology under Daubert v. Merrel Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Locker performed pencil-and-paper calculations based on unverified assumptions adopted from Farris's response to an interrogatory request as to the vacation he used between 1984 and 2012. In opposition, Farris responds that there is nothing improper about an expert witness relying on deposition transcripts, discovery responses, and pleadings in forming an opinion. Pointing to deposition testimony that establishes that Crandall did not review the second volume of Farris's transcript before forming his opinion on Farris's entitlement to vacation pay, Farris argues that it is Crandall, not Locker, who based his opinions on speculation. To the extent that Farris is found to have provided inaccurate information that Locker relied on, Farris admits that this would affect the amount of damages he is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL                    'O'

| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|----------|---------------------------|------|-------------------|
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

entitled to, but contends that such flaws are grounds for cross-examination, not wholesale exclusion of an expert witness.[12]

Based on the briefing and Locker's submitted declaration, the Court is concerned that some of Locker's proposed testimony would consist of improper legal conclusions. Nevertheless, there appears to be a foundation for Locker to testify that, based on his experience, vacation pay may be owed to commission-based employees, and to other matters insofar as his testimony rebuts that of defendant's experts and does not extend to legal conclusions on ultimate issues. Accordingly, the Court reserves judgment on defendant's Motion *in Limine* No. 6. Farris is to file, no later than **November 24, 2014**, a brief updated summary of Locker's expected trial testimony, not to exceed **10 pages**.

### 7.    To Exclude Evidence Regarding IP's Profits, Financial Condition, Net Worth, or Size (Farris ECF No. 197)

Defendant moves to exclude evidence regarding IP's profits, financial condition, net worth, or size. Defendant argues that such evidence is not relevant to any of plaintiffs' claims, especially since plaintiffs are not seeking punitive damages. Defendant also contends that such evidence would unfairly prejudice IP by suggesting that it "should be found liable because it allegedly has the financial resources to pay a verdict against it." Farris ECF No. 197, Memo. at 2.

Farris does not object to this motion in the main, and "agrees not to affirmatively raise the issues" of IP's profits, financial condition, net worth, or size. Farris ECF No. 248. Farris does note that the "door could be opened" if "IP makes certain arguments or introduces evidence which would call into question their size or economic viability," and requests a side bar with the Court if that should occur. Id. The Andresen plaintiffs, in contrast, oppose the motion, arguing that by counter-suing Bekiarian for breach of fiduciary duties, IP has made its corporate structure and size relevant because they pertain to "IP's operation and Bekiarian's role within it." Farris ECF No. 259 at 4. They also argue that IP has put its finances at issue by suing Bekiarian and "claiming it has not been

---

[12]The Andresen plaintiffs have submitted a separate opposition that appears to be substantially identical to the one filed by Farris. See Farris ECF No. 258.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

able to manage its contingent liabilities or labor costs." <u>Id.</u> The Andresen plaintiffs appear to argue that because IP has claimed Bekiarian's failure to track vacation time prevented IP and its predecessors from "managing, mitigating, setting reserves for, and/or precluding and preventing any purported paid vacation accrual liability," its general finances are fair game. <u>Id.</u> at 4 (quoting IP's Amended Answer and Cross Claims ¶ 19).

The Court finds IP's size and financial condition irrelevant to the claims and defenses at issue, and is not persuaded by the Andresen plaintiffs' arguments to the contrary. Although the portion of defendant's business overseen by Bekiarian may be relevant to a determination in Phase II of the trial of whether he was a corporate officer, that inquiry would not require the introduction of evidence of net worth or other financial indicia. As indicated at oral argument, to the extent that Bekiarian's job responsibilities are relevant to his defense at Phase II of the trial, he may present argument without reference to numbers that would indicate defendant's financial condition or size. Therefore, the Court GRANTS defendant's Motion *in Limine* No. 7. Nevertheless, the Court will revisit the issue if IP suggests that it is unable to pay any of the claims at issue or otherwise makes its finances relevant.

**8.     To Exclude Evidence Regarding Bekiarian's Dismissed Claims for Indemnification (Farris ECF No. 198)**

In the <u>Farris</u> matter, in which he is a third-party defendant, Bekiarian asserts a counterclaim for indemnity against IP. <u>See</u> Farris ECF No. 75. In this counterclaim, Bekiarian argues that IP is required to reimburse and indemnify him pursuant to California Labor Code § 2802, California Corporations Code § 317, and IP's corporate bylaws. <u>Id.</u> The Court granted with prejudice IP's motion to dismiss Bekiarian's claim for indemnity insofar as it is based on Labor Code § 2802 and corporate bylaws, but denying the motion insofar as Bekiarian's claims are based on Corporations Code § 317. <u>See</u> Farris ECF Nos. 170, 178. Defendant now argues that any evidence regarding or reference to these already-adjudicated bases for indemnification should be excluded as irrelevant and unfairly prejudicial.

Because it has already determined through a motion to dismiss that claims based on Labor Code § 2802 and IP's corporate bylaws are not viable, the Court GRANTS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

defendant's Motion *in Limine* No. 8 insofar as it seeks to exclude evidence or argument concerning those provisions.

### 9. To Exclude Evidence that Bekiarian Was Entitled to Vacation Pay (Farris ECF No. 199)

Defendant argues that, as the principal onsite officer in charge of the SFSC Facility, it was Bekiarian's job to track and accrue his own vacation time and verify the accuracy of financial reporting that should have included, but omitted, the allegedly accrued but unused vacation Bekiarian seeks in this lawsuit. Defendant argues that Bekiarian's failure to track or report his allegedly accrued vacation is "tantamount to spoliation" because it prevented IP and its predecessors from learning about the potential existence and extent of the vacation claims Bekiarian now asserts, and asks the Court to prohibit any evidence or argument that Bekiarian was entitled to any pay for accrued and unused vacation.

The Court agrees with Bekiarian that this motion *in limine* essentially reasserts arguments already rejected by the Court's orders on motions for summary judgment, and that defendant's spoliation analogy is inapt. Therefore, the Court DENIES defendant's Motion *in Limine* No. 9.

### 10. To Preclude Video Deposition Testimony of Available Witnesses (Farris ECF No. 200)

According to defendant, plaintiffs have indicated that they intend to play videotaped testimony of available witnesses who will testify at trial, during plaintiffs' opening statements and before examinations of those witnesses. Defendant moves to preclude plaintiffs from doing so.

First, defendant argues that this practice is disfavored in federal court. See, e.g., Hynix Semiconductor Inc. v. Rambus Inc., 2008 WL 190990 (N.D. Cal. Jan. 21, 2008) (disallowing the playing of videotaped testimony in opening statements because "[v]ideotaped testimony may seem more believable or important to the lay jury because it can both see and hear the witness" and because a video deposition can be shown multiple

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

times in the exact same form, "exalt[ing] the relevance of those videotaped shreds of evidence over live testimony").

Citing Federal Rule of Civil Procedure 32(a), defendant also contends that "since all of the witnesses are available and plan to testify, there is no legitimate reason to play the videotaped testimony absent impeachment." Farris ECF No. 200, Memo. at 1. Finally, defendant argues that video deposition testimony should be excluded as unfairly prejudicial and cumulative under Federal Rule of Evidence 403. No opposition has been filed to this motion *in limine*.

The Court's general practice is that, absent an agreement between the parties, videotaped testimony may not be offered during opening argument or before live witness testimony. Therefore, the Court GRANTS defendant's Motion *in Limine* insofar as it seeks to exclude video deposition testimony at these stages of trial.

## 11.    To Exclude Testimony Regarding Christopher Farris (Farris ECF No. 201)

Based on pretrial disclosures, defendant anticipates that one or more plaintiff will attempt to offer evidence or argument regarding former sales representative Christopher Farris, who is plaintiff Farris's son. According to defendant, IP requested that plaintiff Farris's counsel accept a deposition subpoena on behalf of Christopher, but was told that Christopher had moved out of state and was no longer in contact with plaintiff Farris. Defendant contends that when it finally tracked down Christopher and scheduled an interview with him, plaintiff Farris's counsel informed IP that he represented Christopher, and prohibited IP from communicating with him. Defendant also avers that plaintiff Farris's counsel has refused to produce Christopher for a noticed deposition. Defendant requests that the Court, under its inherent powers and as a sanction for alleged bad faith conduct by plaintiff Farris, exclude evidence, testimony, or argument relating to Christopher Farris.

Farris states that he does not intend to refer to or elicit any evidence regarding Christopher Farris, or call him as a witness at trial, but asserts that he should be permitted to rebut or impeach any evidence regarding Christopher Farris that IP offers at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                    'O'

| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|----------|---------------------------------------------------|------|-------------------|
| Title    | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

Farris ECF No. 249.  The Andresen plaintiffs filed a joinder in Farris's opposition, and request that the Court deny the motion.  See Farris ECF No. 262.

The Court finds this motion moot insofar as it seeks to exclude Christopher Farris as a witness, since no party has indicated that they wish to call him at trial. At oral argument, defense counsel expressed concern that one or more plaintiff may attempt to introduce a personnel document referencing Christopher Farris.  The Court DENIES AS MOOT defendant's Motion *in Limine* No. 11 insofar as it seeks to exclude Christopher Farris as a witness, and will address the issue of any documentary evidence addressing him if and when any plaintiff attempts to offer it at trial.

### 12.    To Bifurcate Commission and Severance-Based Claims (Farris ECF No. 202)

Finally, defendant moves the Court for an order pursuant to Federal Rule of Civil Procedure 42(b) bifurcating Andresen's and Duffy's commission claims and Andresen's severance claims from the plaintiffs' "principal claims" for paid vacation.  This Rule provides for separate trials of claims or issues if bifurcation will "further . . . convenience or . . . avoid prejudice, or when separate trials will be conducive to expedition and economy."  Fed. R. Civ. P. 42(b).  "Whether to bifurcate is a decision reserved to the trial court's sound discretion.' "  Estate of Gonzalez v. Hickman, 2007 WL 3237635, at *10 n.18 (C.D. Cal. June 28, 2007) (citing Davis & Cox v. Summa Corp., 751 F.2d 1507, 1517 (9th Cir. 1985)).  "In exercising this discretion, a court should consider such factors as the 'potential prejudice the parties, potential confusion to the jury, and the relative convenience and economy which would result.' "  Id. (quoting Cravens v. Cnty. of Wood, 856 F.2d 753, 755 (6th Cir. 1988)).

Defendant argues that the commission and severance claims are factually and legally distinct from the vacation claims, the latter of which are "novel" and require adjudication of a variety of complex issues spanning a time period of three decades.  See Farris ECF No. 202, Memo. at 2–3.  Defendant contends that simultaneous trial of the commission and severance claims would further muddy the issues at bar, and could prejudicially confuse the jury.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

Opposing the motion, the Andresen plaintiffs argue that bifurcation would be inefficient because Andresen, Duffy, Derrick Bates, and Carlton Jones will testify to the vacation claims as well as to the severance and commission claims. The Andresen plaintiffs further contend that the severance and commission claims "will take minimal time to address during the first phase of trial," and that bifurcation would lengthen trial for no reason. Farris ECF No. 261 at 2.

The Court sees no reason to "trifurcate" an already bifurcated trial, and does not find that any risk of confusion or unfair prejudice would justify the further delay that would be caused by such an order. Therefore, the Court DENIES defendant's Motion *in Limine* No. 12.

### 13.    To Exclude Rebuttal Expert Daniel M. Cornet (Andresen ECF No. 152)

Defendant moves to exclude the Andresen plaintiffs' economic damages rebuttal expert, Daniel M. Cornet ("Cornet"). <u>See generally</u> Cornet Decl. (ECF No. 152-2). Cornet has a B.A. in Sociology from the University of California, Santa Barbara. He is a former Senior Deputy Labor Commissioner of the DLSE and, in his work for that department, enforced compliance with the California Labor Code and Industrial Welfare Commission orders. <u>Id.</u> ¶¶ 1–4. Plaintiffs retained Cornet to rebut the opinions of Crandall and Aubry on whether the plaintiffs are entitled to vacation pay and unpaid commissions, the amount of any vacation pay they are entitled to, and whether waiting time penalties under Labor Code section 203 are applicable. <u>Id.</u> ¶ 10.

Based on his experience at the DLSE, Cornet opines that commission-based compensation and vacation wages are not inconsistent. <u>Id.</u> ¶ 12. Citing a Labor Code provision, case law, and defendant's employee handbook, Cornet asserts that plaintiffs were not responsible for tracking their own vacation time. <u>Id.</u> ¶¶ 13, 14. Cornet also discusses vacation pay requirements under California law and the applicable statute of limitations for vacation pay claims. <u>Id.</u> ¶¶ 15–17. Citing documentary evidence and his experience, Cornet asserts that a commissioned salesperson's "draw" is "akin to a salary." <u>Id.</u> ¶¶ 18, 19. Drawing on the defendant's "written policies, procedures and practices," Cornet disagrees with Crandall's conclusion that plaintiffs were not entitled to paid vacation. <u>Id.</u> ¶¶ 20–27. Cornet also takes issue with Crandall's testimony that it would be unusual for an employer not to cap vacation accruals, and opines that a part of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:13-CV-00485-CAS(SPx)<br>2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
|---|---|---|---|
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

IP's vacation policy as reflected in a 1997 document appears to conflict with the Labor Code. Id. ¶¶ 28, 29. Although he claims not to offer a final conclusion on the issue, reserving it for the court, Cornet also offers significant testimony on considerations germane to the issue of successor liability. Id. ¶¶ 30–32. Crandall then asserts that based on his experience with the DLSE, the methodology for determining accrued vacation pay is to "determine the total number of days accrued, then subtract the total number of vacation days used, and then multiply the remaining days times the employee's final rate of pay." Id. ¶ 34. Cornet then applies this methodology to data provided by plaintiffs. Id. ¶¶ 35, 36. Finally, citing both legal authorities and documentary evidence, Cornet opines that plaintiffs were entitled to waiting time penalties pursuant to Labor Code section 203 and to claimed but unpaid commissions. Id. ¶¶ 37–43.

First, defendant argues that Cornet will provide inadmissible personal opinion regarding the meaning of California law, invading the Court's province of instructing the jury on the applicable law. Plaintiffs respond that Cornet only rebuts testimony from Crandall and Aubry and that, to the extent that Cornet's testimony is excluded, Crandall's and Aubry's must be excluded as well.

Next, defendant contends that Cornet lacks the qualifications to opine on potential damages because he is "not an expert in economics, surveys, data analysis, statistics, labor economics, financial modeling for damages analysis, has never done any professional work related to serving as an economic damages expert, and indeed has never been qualified in [California or federal court] to testify as a damages expert." Andresen ECF No. 152 at 4. Plaintiffs respond—and the Court agrees—that given the subject matter, a qualified expert need not have the technical expertise defendant suggests.[13]

Finally, defendant argues that Cornet's opinions are not based on a reliable methodology under Daubert. Defendant asserts that the calculations rest on "incorrect

---

[13]Defendant also avers that Cornet is biased because he has only served as an expert for employees, not employers. But "[g]enerally, evidence of bias goes toward the credibility of a witness, not his competence to testify, and credibility is an issue for the jury." United States v. Abonce-Barrera, 257 F.3d 959, 965 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:13-CV-00485-CAS(SPx) 2:13-CV-02079-CAS(AJWx) | Date | November 17, 2014 |
| --- | --- | --- | --- |
| Title | DANIEL FARRIS v. INTERNATIONAL PAPER INC.; ET AL. | | |

and speculative assumptions" gleaned from plaintiffs' interrogatory responses, rather than an independent investigation, and that Cornet ignored or did not read "critical evidence," including the deposition testimony of Leach and Rocha.  Andresen ECF No. 152 at 7. But Cornet states in his declaration and deposition that he read Rocha's declaration and the deposition testimony of Leach, but decided that the preponderance of the evidence supported a conclusion contrary to their assertions.  See Andresen ECF No. 152-2 at 32; Andresen ECF No. 152-3 at 14–16.

Having considered the parties' arguments, the Court is concerned that much of Cornet's proposed testimony would constitute improper legal conclusions.  As a general matter, it appears that it may be proper for Cornet to render opinions based on written policies and his experience with employment policies, but he cannot offer legal conclusions on the ultimate issues in this case.  Accordingly, the Court reserves judgment on defendant's Motion *in Limine* No. 13.  Farris is to file, no later than **November 24, 2014**, a brief updated summary of Cornet's expected trial testimony, not to exceed **10 pages**.

IT IS SO ORDERED.

| | 01 | : | 29 |
| --- | --- | --- | --- |
| Initials of Preparer | | CMJ | |