1  Douglas N. Silverstein, Esq., SBN 181957
   Lauren J. Morrison, Esq., SBN 266135
2  KESLUK, SILVERSTEIN & JACOB, P.C.
   9255 Sunset Blvd., Suite 411
3  Los Angeles, CA 90069-3309
   Telephone: (310) 273-3180
4  Facsimile: (310) 273-6137
   dsilverstein@californialaborlawattorney.com
5  lmorrison@californialaborlawattorney.com

6  Attorneys for Plaintiffs Jared Andresen, Yeghia Bekiarian, John
   Duffy

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10  JARED ANDRESEN, an individual;       CASE NO. 2:13-cv-02079-CAS-AJW
    YEGHIA BEKIARIAN, an                 Related to No. 5:13-cv-00485-CAS-SP
11  individual; and JOHN DUFFY, and
    individual,                          [*Assigned to Courtroom 218-J/5 –*
12                                       *Honorable Christina A. Snyder, Judge,*
              Plaintiffs,                *Magistrate Andrew J. Wistrich*]
13
         v.                             **PLAINTIFFS JOHN DUFFY, JARED**
14                                      **ANDRESEN, AND YEGHIA**
    INTERNATIONAL PAPER                  **BEKIARIAN'S OBJECTION TO**
15  COMPANY dba CONTAINER                **DEFENDANT INTERNATIONAL**
    THE AMERICAS, a New York             **PAPER COMPANY'S APPLICATION**
16  Corporation; and DOES 1 through      **TO TAX COSTS PURSUANT TO**
    50; inclusive,                       **LOCAL RULE 54-2.2**
17
              Defendants.
18                                       [*Filed Concurrently with Declaration of*
19  ------------------------------------ *Douglas N. Silverstein*]
20  AND RELATED ACTION AND               Complaint filed:  February 13, 2013
    CROSS-ACTION.                        3RD Party Complaint filed: 05/30/14
21                                       Trial Date:  December 2, 2014

22

23

24

25

26

27

28

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

1

PLAINTIFFS OBJECTION TO DEFENDANT INTERNATIONAL PAPER COMPANY'S APPLICATION TO
TAX COSTS PURSUANT TO LOCAL RULE 54-2.2

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES.............................1

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ....................1

II.    GENERAL OBJECTIONS.......................................................2

    A.    IP May Not Recover Costs Against Plaintiffs Under Labor Code §218.5...........................................................................2

    B.    IP May Not Recover Costs against Plaintiffs Because It Encourages Forum Shopping.............................................4

    C.    IP May Not Recover Costs against Mr. Duffy under LC §218.5......5

    D.    At Most, Plaintiffs Should Only Be Ordered to Pay Their Share Of the Costs Associated with IP as the Prevailing Party.............................................................5

    E.    IP Is Not Entitled to Costs for Claims In Which it Ultimately Was Not the Prevailing Party...............................6

III.    SPECIFIC OBJECTIONS............. .............................................6

    A.    IP's Request for $20,580.21 in Reporter's Transcripts Is Excessive and Mostly Not Recoverable....................................6

    B.    IP's Request for $47,431.26 in Deposition Costs Is Improper and Seeks Reimbursement for Unrecoverable Costs..........................8

        1.    IP Cannot Recover Deposition Costs in the amount of $16, 847.08 for Depositions Which Were Not Reasonably Necessary and for Witnesses who It Did Not Call at Trial ......................................................................8

        2.  IP Cannot Recover Deposition Costs in the amount of $8,055.71 for  Rough Drafts, Expedited Transcripts, or Electronic CD's ....................................................9

        3.    IP is not Entitled to Costs for Depositions Taken for Plaintiff Duffy's   Unpaid Commissions Claim or Claims in

i

PLAINTIFFS' OBJECTION TO DEFENDANT INTERNATIONAL PAPER COMPANY'S APPLICATION TO TAX COSTS PURSUANT TO LOCAL RULE 54-2.2

IP's Cross-Complaint ……..………………………......12

C.  IP's Request for $1,828.00 in Witness Fees is Excessive
    and In Large Part Not Recoverable………………………………..13

D.  IP's Request for $13,598.32 in Document Reproduction
    Expense is Excessive and in Large Part Not Recoverable…………15

IV.  CONCLUSION ………………………………………………..…16

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

ii

PLAINTIFFS' OBJECTION TO DEFENDANT INTERNATIONAL PAPER COMPANY'S APPLICATION
TO TAX COSTS PURSUANT TO LOCAL RULE 54-2.2

# **TABLE OF AUTHORITIES**

**CASES**

*Aceves v. Allstate Ins. Co,*
     68 F.3d 1160 (9th Cir. 1995)..................................................3

*Affymetrix, Inc. v. Multilyte Ltd.,*
     No. C 03-03779, 2005 WL 2072113, at *2 (N.D. Cal. Aug. 26, 2005).......10

*ASIS Internet Servs. V. Optin Global, Inc.,*
     No. C-05-5124-JCS, 2008 WL 5245931, at *6 (N.D. Cal. Dec. 17, 2008)..................................................................10

*Barkhorn v. Adlib Associates, Inc.,*
     225 F. Supp.474, 475 (D. Haw. 1964)...................................13

*Childs Co.,*
     52 F. Supp. 89 (S.D. N.Y 1943)........................................6

*Clark v. Gifford-Hill & Co.,*
     95 F. Supp. 975, 976 (W.D. La. 1951)..................................13

*Clausen v. M/V New Carissa,*
     339 F.3d 1049, 1066 (2003)........................................2, 3, 4

*Crawford Fitting Co. v. J.T. Gibbons, Inc.,*
     487 U.S. 437, 444-445 (1987)...........................................8

*d'Hedouville v. Pioneer Hotel Co.,*
     552 F.2d 886, 896 (9th Cir. 1977)....................................5

*Dowd v. City of Los Angeles,*
     28 F. Supp.3d 1019, 1050 (C.D. Cal. 2014)..............................7

*Drumm v. Morningstar, Inc.,*
     695 F.Supp. 2d 1014 (N.D. Cal. 2010)..................................3, 4

*Erie RR Co. v. Tompkins,*
     304 U.S. 64, 82 (1938)...............................................2

*Evanow v. M/V Neptune,*

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

iii

163 F.3d 1108, 1118 (9th Cir. 1998)………………………………..……9

*Farmer v. Arabian Am. Oil Co.,*
    379 U.S. 227, 235 (1964)………………………………………………… 8

*Feldman v. Allstate Ins. Co.,*
    322 F.3d 660, 666 (9th Cir. 2003)…………………………………………2

*Frederick v. City of Portland,*
    162 F.R.D. 139, 144 (D. Or. 1995)………………………………….. 9, 15

*Furr v. AT&T Technologies, Inc.,*
    824 F.2d 1537 (10th Cir. 1987)……………………………………….. 9

*Grady v. Bunzl Packagin Supply Co.,*
    161 F.R.D. 477, 479 (N.D. Ga. 1995)……………………………………15

*Hanna v. Plumer,*
    380 U.S. 460, 463 (1965)………………………………………..……4

*Henning v. Lake Charles Harbor and Terminal District,*
    387 F.2d 264 (5th Cir. 1968)………………………………………..……3

*Hesterberg v. United States,*
    No. 13-CV-01265-JSC, 2014 WL 7184246, at *4
    (N.D. Cal. Dec. 17, 2008)……………………………………………… 10

*Hunt v. City of Portland,*
    2011 U.S. Dist. LEXIS 89744 at 30-32……………………………..…15

*Independence Tube Corp. v. Copperweld Corp.,*
    543 F.Supp. 706, 722 (N.D. Ill. 1982)…………………………………13

*Intermedics, Inc. v. Ventritex, Inc.,*
    No. C-90-20233 JW (WDB), 1993 WL 515879, at *3
    (N.D. Cal. Dec. 2, 1993)………………………………………………10

*K-2 Ski Co. v. Head Ski Co.,*
    506 F.2d 471, 477 (9th Cir. 1974)………………………………………5

Keshuk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

iv

*Key Bank Nat'l Ass'n v. Van Noy,*
    598 F. Supp.2d 1160, 1168 (D. Ore. 2009)....................................15
*Manildra Milling Corp. v. Ogilvie Mills, Inc.,*
    76 F.3d 1178, 1184 (Fed. Cir. 1996).................................... 7
*Mikel v. Kerr,*
    499 F.2d 1178, 1183 (10th Cir.1974)...............................7
*Petroliam Nasional Berhad v. GoDaddy.com, Inc.*
    No. C 09-5939 PJH, 2012 WL 1610979.............................. 9
*Quy v. Air America, Inc.,*
    667 F.2d 1059, 1065 (D.C. Cir. 1981)...............................13
*Romero v. City of Pomona,*
    883 F.2d 1418, 1428 (9th Cir. 1989)................................. 8
*San Diego Police Officers' Ass'n v. San Diego City Employees Ret. Sys.,*
    568 F.3d 725, 741 (9th Cir. 2009)....................................5
*Shum v. Intel Corp.,*
    682 F.Supp 2d 992, 1001 (N.D. Cal. 2009) aff'd,
    629 F.3d 1360 (Fed. Cir. 2010)....................................15
*United States v. Kolesar,*
    313 F.2d 835 (5th Cir. 1963)................................... 7, 10
*Washington State Department of Transportation v. Washington
Natural Gas Co.,*
    59 F.3d 793 (9th Cir. 1995).................................... 9

**STATUTES**

28 U.S.C. §1920....................................................8, 9
28 U.S.C. 1920 (2), (4)..............................................9
28 U.S.C §1920(4)..................................................15
Labor Code § 201...................................................4
Labor Code § 218.5...........................................1, 2, 3, 4, 5

PLAINTIFFS' OBJECTION TO DEFENDANT INTERNATIONAL PAPER COMPANY'S APPLICATION
TO TAX COSTS PURSUANT TO LOCAL RULE 54-2.2

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

*Labor Code* §§ 227.3...................................................................4

California Code of Civil Procedure § 1021.5............................................3

## **OTHER**

*cf.* 10 Wright. Miller & Kane, Fed. Prac. & Proc. §2678..........................13

PLAINTIFFS' OBJECTION TO DEFENDANT INTERNATIONAL PAPER COMPANY'S APPLICATION
TO TAX COSTS PURSUANT TO LOCAL RULE 54-2.2

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs John Duffy, Jared Andresen, and Yeghia Bekiarian (collectively "Plaintiffs") hereby object to Defendant International Paper Company's ("IP") Application to Tax Costs pursuant to L.R. 54-2.2.  IP's Bill of Costs seeks to recover $159,631.04 in costs from all plaintiffs in this consolidated action.  The Court should deny IP's request because: (1) it has not shown that Plaintiffs brought the claims in this matter in bad faith as required by Labor Code ("LC") §218.5; and (2) applying FRCP 54 encourages forum shopping by allowing IP to litigate wage claims and recover costs without complying with state substantive law.  Moreover, since Mr. Duffy was the prevailing party in that he recovered a net monetary judgment with respect to his unpaid commissions claim, IP cannot recover costs against him.

Alternatively, the costs sought should be substantially reduced based on the following: (1) IP has not allocated recoverable costs between each plaintiff in the *Andresen* and *Farris* matter; (2) IP was not the prevailing party with respect to Mr. Duffy's unpaid commissions claim and thus cannot recover costs defending that claim; (3) IP was not the prevailing party in its cross-complaint and third party claims against Bekiarian, and Bekiarian's Reply counter-claim, and therefore cannot recover its costs associated with those actions; and (4) a majority of IP's requested costs for deposition, transcript, reproduction expense, and witness fees are excessive and not taxable.

Based on the arguments set forth herein, the Court should deny IP's Application of Costs outright or alternatively, substantially limit the requested costs accordingly.  All costs related to claims on which IP was not the prevailing party should be denied, and costs incurred for both prevailing and non-prevailing claims should be reduced by at least 35%.

/ / /

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

1

PLAINTIFFS OBJECTION TO DEFENDANT INTERNATIONAL PAPER COMPANY'S APPLICATION TO TAX COSTS PURSUANT TO LOCAL RULE 54-2.2

## II.  GENERAL OBJECTIONS

### A.  IP May Not Recover Costs Against Plaintiffs Under Labor Code § 218.5

Labor Code ("LC") § 218.5 provides that "in any action for the nonpayment of wages . . . the court *shall* award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action.  However, if the prevailing party in the court action is not an employee, attorney's fees and costs shall be awarded pursuant to this section only if the court finds that the employee brought the court action in bad faith." (Emphasis added).

Here, the operative complaint asserted claims for unpaid wages and derivative claims, namely vacation pay, commissions and LC § 203 waiting time wage continuation.  Declaration of Douglas Silverstein ¶3.  All of these claims, and any claim for which IP was the prevailing party, are wage claims governed by LC § 218.5.  (Andresen Dkt. 248-2, p.g. 2-4)  The Court did not make a finding that any of the Plaintiffs brought the action in bad faith.  (Andresen Dkt. 248-2, p.g. 2-4). Indeed, given the evidence supporting entitlement to vacation pay and severance, no such finding could be made.

Federal courts sitting in diversity apply state substantive law and federal procedural law.  *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) citing *Erie RR Co. v. Tompkins*, 304 U.S. 64, 82 (1938).   In a very similar case, the Ninth Circuit held that a prevailing party's right to costs under the Oregon Oil Spill Act was substantive in nature.  *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1066 (2003).  The Oregon Oil Spill Act provided strict liability to owners or controllers of oil which enter the waters and cause damages by such entry.  *Id.* at 1061.  The damages allowed are specifically defined.  *Id.*  Similarly, LC § 218.5 defines when a non-employee may recover costs in wage claims - via a court ruling that the action was brought in bad faith.  In both cases, the statutes defines when a

*Keshk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

2

1    prevailing party is entitled to costs.

2    The issue presented here does not involve state procedural law versus federal
3    procedural law.  California Code of Civil Procedure ("CCP")§ 1021.5 is the
4    California state procedural rule governing costs to prevailing parties.  That statute is
5    displaced by FRCP 54 for diversity actions in federal court.  *Aceves v. Allstate Ins.*
6    *Co*, 68 F.3d 1160 (9th Cir. 1995) (reimbursement of expert witness fees is an issue
7    of procedure under CCP 998(c), and therefore federal procedural law governs).
8    Rather, the issue here deals with applying state substantive law in wage claims
9    defining the requisite showing IP must make in order to be entitled to costs under
10    California law.  LC §218.5

11    In *Clausen*, the Court was presented with whether to apply a federal cost
12    provision or a state damages provision that permitted a prevailing plaintiff under
13    the Oil Spill Act to recover costs.  *Id.* at 1064-1065.  Similarly, here, the Court is
14    presented with whether to apply Federal Rule of Civil Procedure ("FRCP") 54 or
15    LC § 218.5, which specifically defines the standard IP must meet to recover
16    attorney's fees and costs in a wage claim.  Other circuits confronting this issue have
17    ruled consistently with *Clausen*.  *Henning v. Lake Charles Harbor and Terminal*
18    *District*, 387 F.2d 264 (5th Cir. 1968) (affirmed holding that reimbursement of
19    costs is a substantive requirement of Louisiana law and therefore binding in federal
20    court).

21    Plaintiffs anticipate IP arguing that the award of costs under LC § 218.5 is a
22    procedural matter governed by FRCP 54.  *Drumm v. Morningstar, Inc.*, 695
23    F.Supp. 2d 1014 (N.D. Cal. 2010).  This case lacks authority as it was decided prior
24    to the 2014 amendment of LC §218.5, thus rendering it inapplicable.  Perhaps more
25    importantly, the court in *Drumm* did not provide any analysis as to why or how an
26    award of costs to a prevailing employee in a Labor Code claim is not an element of
27    damages for an unpaid wage claim under California law.  Indeed, an employee's
28    entitlement to attorney fees and costs for any unpaid wage claim is part and parcel

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

to their recovery of unpaid wages. Section 218.5 expressly relies on state substantive law to allow for attorney fees and costs. It states "[i]n any action brought for the **nonpayment of wages**, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party…" (Emphasis added). Clearly, any substantive claim for unpaid wages, *i.e.,* Labor Code §§ 227.3 and 201, is read in conjunction with Labor Code § 218.5. There is no reliance on the procedural CCP § 1021.5, which is the state law equivalent of FRCP 54. This is a critical distinction. Given that LC §218.5 was amended after the *Drumm* decision, and the absence of any meaningful analysis by the district court in that decision, this court should find that IP's Application for Costs should be denied pursuant to Cal. Labor Code § 218.5. Since LC § 218.5 defines the requisite showing IP must make in order to be entitled to costs, the issue presented is clearly substantive as defined by the California legislature.

**B. IP May Not Recover Costs against Plaintiffs Because It Encourages Forum Shopping**

A district court applies federal law with issues of trial procedure unless the federal rule creates an incentive to shop for the federal forum. *Clausen*, 339 F.3d at 1064, citing *Hanna v. Plumer*, 380 U.S. 460, 463 (1965).

If the Court was to apply FRCP 54 instead of LC § 218.5 to determine if IP is entitled to costs, it would encourage and create an incentive for defendants like IP to litigate wage claims in federal court without having to make the requisite showing to obtain costs under California law. IP's Application to Clerk to Tax Costs in which it seeks $159,631.04 exemplifies the importance of applying state substantive law. (Dkt. 246 pg. 1) Without enforcing LC § 218.5, IP will be able to achieve an inequitable result without conforming to California law. That result can only be avoided by applying state substantive law in this case.

/ / /

Keslek, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

4

PLAINTIFFS OBJECTION TO DEFENDANT INTERNATIONAL PAPER COMPANY'S APPLICATION TO TAX COSTS PURSUANT TO LOCAL RULE 54-2.2

### C. IP May Not Recover Costs against Mr. Duffy under LC § 218.5

A party in whose favor judgment is rendered is the prevailing party for purposes of awarding costs under FRCP 54(d). *San Diego Police Officers' Ass'n v. San Diego City Employees Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009), quoting *d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 896 (9th Cir. 1977). To be a prevailing party, it is not necessary to prevail on all of its claims. *Id.* see *K-2 Ski Co. v. Head Ski Co.*, 506 F.2d 471, 477 (9th Cir. 1974)(plaintiff found to be a prevailing party despite only succeeding on two of twelve trade secrets).

Here, Mr. Duffy prevailed on his unpaid commissions claim and the Court entered judgment wherein Mr. Duffy received a net monetary recovery. (Andresen Dkt. 248-2, pg. 2-4). As the prevailing party under FRCP 54(d) and LC §218.5, Mr. Duffy is entitled to costs and IP should be precluded from obtaining any costs against Mr. Duffy.

### D. At Most, Plaintiffs Should Only Be Ordered to Pay Their Share Of the Costs Associated with IP as the Prevailing Party

While the above sections demonstrate that IP is not entitled to any costs against all Plaintiffs, and specifically with respect to Duffy, IP is also not entitled to costs associated with (1) Mr. Duffy's unpaid commission claim; and (2) prosecuting Mr. Bekiarian via a cross-complaint and third party claims, or defending the Reply counter-claim.

IP failed to: (1) apportion its costs against each plaintiff in the consolidated action, (2) account for the Bekiarian cross actions, (3) account for costs associated with defending Mr. Duffy's unpaid commissions claim. If any costs are awarded, categories 2 and 3 must be excluded, and the Court should allocate IP's claimed costs by 1/4 to each Plaintiff to account for the four plaintiffs. As such, each plaintiff should only be required to pay 25% of any costs IP is awarded.

/ / /

/ / /

*Keslvik, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

5
PLAINTIFFS OBJECTION TO DEFENDANT INTERNATIONAL PAPER COMPANY'S APPLICATION TO TAX COSTS PURSUANT TO LOCAL RULE 54-2.2

### E. IP Is Not Entitled to Costs for Claims In Which it Ultimately Was Not the Prevailing Party

IP is only entitled to recover costs for claims in which it was deemed the prevailing party.  L.R. 54-1 states, "[t]he "prevailing party" entitled to costs pursuant to F.R. Civ. P. 54(d) shall be the party in whose favor judgment is rendered …"

Here, IP was not the prevailing party with regard to Mr. Duffy's unpaid commissions claim.  (Andresen Dkt. 248-2, p.g. 2-4)  Moreover, IP was not the prevailing party with respect to its cross-complaint or third party claims against Mr. Bekiarian, or the Reply counter-claim.  (Andresen Dkt. 248-2, p.g. 2-4)  Therefore, IP is not entitled to recover costs associated with those claims.  For example, Exhibit A to IP's Application for Costs sets forth a cost of $144.00 for service of third-party complaint against Bekiarian to counsel for Mr. Farris and Mr. Bekiarian.  (Andresen Dkt. 246-1, p.2).  IP was not the prevailing party in its Third Party Complaint and thus is not entitled to recover this cost.  Since IP has not apportioned its costs for visual aids, deposition and transcript expense with respect to each claim, the Court should reduce IP's application of costs by a minimum of 35% to account for the claims in which IP was not the prevailing party and costs attributable to claims where IP was a prevailing party.  (Decl. of Silverstein ¶7)  A judgment for **costs** cannot be awarded against a person **not** a party to the suit. *In re Childs Co.*, 52 F. Supp. 89 (S.D. N.Y 1943).

### III.   SPECIFIC OBJECTIONS

### A.   IP's Request for $20,580.21 in Reporter's Transcripts is Not Recoverable

IP has requested reimbursement for $20,580.21 in transcript expense.  (Dkt. 246-2, p.2)  A review of the invoices attached by IP in support of its claim for those expenses reveal that IP ordered transcripts for hearings that occurred before trial.  (Dkt. 246-2, pgs. 7-15) and "daily trial transcripts" (Dkt. 246-2 pgs. 3-6) which are

6

not recoverable per L.R. 54-4.5 unless they were required by the Court or prepared pursuant to stipulation.  IP did not obtain Court approval prior to ordering its daily transcripts and no request for "daily transcripts" was made by the Court or stipulated to by the parties.  Generally, daily trial transcript costs should not be awarded absent court approval prior to the trial.  *Dowd v. City of Los Angeles*, 28 F. Supp.3d 1019, 1050 (C.D. Cal. 2014) citing *Manildra Milling Corp. v. Ogilvie Mills, Inc.,* 76 F.3d 1178, 1184 (Fed. Cir. 1996).  On that ground alone, the Court should deny IP's request for costs for daily transcript expense.

A district court may not require prior approval if the case is complex and the transcripts were invaluable to both counsel and the court.  *Id.*  A district court must evaluate the facts to determine whether a daily transcript was necessarily obtained for use in a case.  *Mikel v. Kerr*, 499 F.2d 1178, 1183 (10th Cir.1974)(citing *United States v. Kolesar*, 313 F.2d 835 (5th Cir. 1963).

Here, daily transcripts were not necessary or warranted.  The issues litigated were not complex as the claims turned on whether IP violated the labor code.  Trial in this matter was relatively short and Plaintiffs completed their case in chief in less than five days.  Therefore, daily transcripts were not invaluable at trial and were in fact sparingly used by IP.  The facts of the instant case are distinguishable from those in *Dowd*.  In *Dowd,* supra, 28 F.Supp.3d at 1049, the Court allowed daily transcript costs because the parties used them for evidentiary objections and arguing proposed jury instructions which aided the Court in resolving complex issues in the case.  Here, the Court did not require the parties to cite to specific testimony when arguing evidentiary objections and/or arguing jury instructions as the case was not complex.  Moreover, the daily trial transcripts in this case was not critical to the Court's management of the litigation, as it was in *Dowd*, because they were not used by the Court in resolving issues in the matter.  *Id.*

/ / /

/ / /

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

PLAINTIFFS OBJECTION TO DEFENDANT INTERNATIONAL PAPER COMPANY'S APPLICATION TO TAX COSTS PURSUANT TO LOCAL RULE 54-2.2

**B.  IP's Request for $47,431.26 in Deposition Costs Is Improper and Seeks Reimbursement for Unrecoverable Costs**

**1.  IP Cannot Recover Deposition Costs in the amount of $16, 847.08 for Depositions Which Were Not Reasonably Necessary and for Witnesses who It Did Not Call at Trial**

IP seeks to recover $47,431.26 in deposition expense pursuant to L.R. 54-3.5.[1] (Andresen Dkt. 246-3 pg. 2)  IP seeks to recover the costs of 38 depositions. (*Id.*)  Of those 38 depositions, 21 were taken by IP.  (Declaration of Doug Silverstein ¶4)  Of those 21 depositions, the following chart reflects depositions taken by IP for witnesses in which IP did not call to testify at trial.  (Decl. of Silverstein ¶5)

| Deposition | Amount |
|---|---|
| Robert Kocis | $552.40 |
| Elizabeth Johnson | $1,078.86 |
| Mayra Vargas | $577.12 |
| Lloyd Aubry | $997.62 |
| Don Skrede | $766.03 |
| Michael Cwieka | $583.80 |
| Scott Winder | $952.33 |
| Vergine Bekiarian | $741.90 |
| Cynthia Duffy | $917.77 |
| Robert Jones | $1,224.95 |
| Debra Andresen | $898.63 |
| Larry Leavitt | $796.99 |
| Suzanne Farris | $902.04 |

---

[1] Federal courts may award to the prevailing party only those costs enumerated by 28 U.S.C §1920.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 487 U.S. 437, 444-445 (1987).  "Congress meant to impose rigid controls on cost-shifting in federal courts.  Thus, a prevailing party's costs are limited to those allowable under 28 U.S.C.§1920." *Id.* at 444.  Costs not expressly authorized by §1920 are presumptively precluded.  *Id.* at 442.  "[A] district court may not rely on its 'equity power' to tax costs beyond those expressly authorized by section 1920."  *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989).  Thus, "[i]tems proposed by winning parties as costs should always be given careful scrutiny."  *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964).

8

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

PLAINTIFFS OBJECTION TO DEFENDANT INTERNATIONAL PAPER COMPANY'S APPLICATION TO TAX COSTS PURSUANT TO LOCAL RULE 54-2.2

| Daniel Cornet | $3,150.50 |
|---|---|
| Don Zenser | $693.14 |
| Daniel Cornet (witness fee) | $2,013.00 |
| Subtotal | **$16,847.08** |

(Andresen Dkt. 246-3, p.g. 2)(Decl. of Silverstein ¶5).

28 U.S.C. § 1920 permits recovery for the costs of taking, transcribing, and copying only those depositions "necessarily obtained for use in the case."  28 U.S.C. § 1920 (2),(4).  Therefore, the court cannot tax costs of depositions that were not actually used.  *Washington State Department of Transportation v. Washington Natural Gas Co.*, 59 F.3d 793 (9th Cir. 1995) (upholding denial of costs of depositions not used at trial).  Depositions taken for discovery purposes which were not actually introduced in evidence or used at trial are not taxable as costs.  *Furr v. AT&T Technologies, Inc.*, 824 F.2d 1537 (10th Cir. 1987); *Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998)("Deposition costs are taxable if they are reasonably necessary for trial") *Frederick v. City of Portland*, 162 F.R.D. 139, 144 (D. Or. 1995)("Copies made for the convenience of counsel are ordinarily not taxable costs").

Witnesses reflected in the above table, consist of the spouses and past co-workers of the Plaintiffs.  (Decl. of Silverstein ¶4)  Their depositions were not reasonably necessary for IP's defense of this case.  (Decl. of Silverstein ¶4)  Since IP did not call the witnesses reflected above at trial, or use their deposition for any purpose at trial, the costs associated with those depositions is not taxable and should be stricken.

**2.  IP Cannot Recover Deposition Costs in the amount of $8,055.71 for Rough Drafts, Expedited Transcripts, or Electronic CD's**

The Central Districts' Bill of Cost Handbook states that "the costs of **one original deposition and one copy** used for any purpose in connection with the case are recoverable as taxable costs, but not the cost of videotapes or recorded depositions **unless ordered by the Court.**" *See Petroliam Nasional Berhad v.*

9

PLAINTIFFS OBJECTION TO DEFENDANT INTERNATIONAL PAPER COMPANY'S APPLICATION TO TAX COSTS PURSUANT TO LOCAL RULE 54-2.2

*GoDaddy.com, Inc.* No. C 09-5939 PJH, 2012 WL 1610979, at *2 (N.D. Cal. May 8, 2012)(disallowing the cost of the "rough draft" copy, because it appeared to be a copy in addition to the permitted original and one copy.)(emphasis added)  It is well established in this District that "expedited delivery charges" for deposition transcripts are not allowable.  *Hesterberg v. United States*, No. 13-CV-01265-JSC, 2014 WL 7184246, at *4 (N.D. Cal. Dec. 17, 2008) citing *Affymetrix, Inc. v. Multilyte Ltd.*, No. C 03-03779, 2005 WL 2072113, at *2 (N.D. Cal. Aug. 26, 2005)(citations omitted).  *ASIS Internet Servs. V. Optin Global, Inc.*, No. C-05-5124-JCS, 2008 WL 5245931, at *6 (N.D. Cal. Dec. 17, 2008) (awarding costs for written copies of a deposition transcript but declining to award costs for " 'extra' charges such as ASCII/Mini/E-transcripts" (citations omitted)); *Intermedics, Inc. v. Ventritex, Inc.*, No. C-90-20233 JW (WDB), 1993 WL 515879, at *3 (N.D. Cal. Dec. 2, 1993)("If a party elects to have the transcript made available in an additional, separate medium, such as on a diskette or in a condensed 'travel copy,' the party must bear any additional expenses associated with that choice.")

Here, IP seeks to improperly tax depositions costs for rough drafts, expedited transcripts and electronic CD's:

- Dkt. 246-3 pg. 16-17 (Skrede Depo. Rough Draft $145 + CD $34.00)
- Dkt. 246-3 pg. 18-19 (Bekiarian Depo. Rough Draft $477.50 + CD $34.00)
- Dkt. 246-3 pg. 20-21 (Duffy Depo. Rough Draft $336.25 + CD $34.00)
- Dkt. 246-3 pg. 22-23 (Andresen Depo. Rough Draft $372.50 + CD $34.00)
- Dkt. 246-3 pg. 24-26 (Cwieka Depo. Rough Draft $52.50 + CD $34.00; Donald Fry Depo Rough Draft $121.25)
- Dkt. 246-3 pg. 27-28 (Winder Depo. Rough Draft $170.00 + CD $34.00)

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

- Dkt. 246-3 pg. 29-30 (Campbell Depo. Rough Draft $106 + CD $34.00; Vergine Bekiarian Depo Rough Draft $141.25 + CD $34.00)
- Dkt. 246-3 pg. 31-32 (Cynthia Duffy Depo. Rough Draft $177.50 + Expedited Transcript $177.50 + CD $39.00)
- Dkt. 246-3 pg. 33-34 (Jones Depo. Rough Draft $240.00 + Expedited Transcript $245.75 + CD $39.00)
- Dkt. 246-3 pg. 35-36 (Debra Andresen Depo. CD $34.00)
- Dkt. 246-3 pg. 37-38 (Lee Bekiarian Depo. Rough Draft $345.00 + CD 34.00)
- Dkt. 246-3 pg. 39-40 (Daniel Farris Depo. Rough Draft $428.75 + CD $39.00) This deposition was not taken in the *Andresen* case and thus Plaintiffs should not have to pay for any cost associated with this deposition.
- Dkt. 246-3 pg. 41-42 (Daniel Farris Depo Rough Draft $466.25 + Expedited Transcript $794.49 + CD $39.00 + Shipping $207.97) This deposition was not taken in the *Andresen* case and thus Plaintiffs should not have to pay for any cost associated with this deposition.
- Dkt. 246-3 pg. 43-44 (Leavitt Depo. Rough Draft $141.25 + CD $34.00)
- Dkt. 246-3 pg. 45 (Miles Locker Depo Rough Draft $222.50 + CD 34.00) This deposition was not taken in the *Andresen* case and thus Plaintiffs should not have to pay for any cost associated with this deposition.
- Dkt. 246-3 pg. 46-47 (Suzanne Farris Depo Rough Draft $173.75 + CD $34.00) This deposition was not taken in the *Andresen* case and thus Plaintiffs should not have to pay for any cost associated with this deposition.

Keslik, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

11

- Dkt. 246-3 pg. 48-49 (Daniel Cornet Depo. Rough Draft $361.25 + Daily $1,228.25 + CD $34.00)
- Dkt. 246-3 pg. 50-52 (Donald Zenser Depo Rough Draft $120.00 + Richard Radtke Depo Rough Draft $171.25)

Accordingly, Plaintiffs seek to deduct **$8,055.71** in depositions costs for rough drafts, expedited transcripts and electronic CD's.

### 3.   IP is not Entitled to Costs for Depositions Taken for Plaintiff Duffy's Unpaid Commissions Claim or Claims in IP's Cross-Complaint

FRCP §54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."

Here, Plaintiff Duffy prevailed on his unpaid commissions claim. (Dkt. 248-2 pg. 2-4)  IP's counterclaim against Mr. Bekiarian was dismissed on December 16, 2014. (Dkt. 248-2 p.g. 3).  IP impermissibly seeks recovery for the entire deposition costs of John Duffy, Carlton Jones & Derrick Bates, their Person Most Knowledgeable, of Mr. Duffy's unpaid commissions claim. (Decl. of Silverstein ¶7)(Dkt. 246-3 pg. 2)  Since these depositions related to Mr. Duffy's unpaid commissions claim, the costs for said depositions should be reduced by 25%. (Decl. of Silverstein ¶7)  Moreover, IP seeks recovery for deposition costs of Ottie Dixon who testified as to issues pertaining to IP's cross-complaint against Mr. Bekiarian for which IP was not a prevailing party. (Decl. of Silverstein ¶7)(Dkt. 246-3 pg. 2).  The second session of Mr. Carlton's deposition and the deposition of Lloyd Aubry related to Mr. Duffy's unpaid commissions claim for which Mr. Duffy was the prevailing party. (Decl. of Silverstein ¶7)(Dkt. 248-2 pg. 2-4; Dkt. 246-3 pgs. 10, 12).  Since the depositions of Carlton Jones, Vol. II, Lloyd Aubry and Ottie Dixon pertained to issues for which IP was not a prevailing party, said costs should be excluded. (Decl. of Silverstein ¶7)

Plaintiffs seek to exclude **$1,839.57** of the following costs:

Keslik, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

12

- Dkt. 246-3 pg. 12 (Certified Copy of Carlton Jones, Vol. II $278.85)
- Dkt. 246-3 pg. 10 (Certified Copy of Lloyd Aubry $997.62)
- Dkt. 246-3 pg. 11 (Certified Copy of Ottie Dixon Depo  $563.10)

Plaintiffs seek to reduce the following costs by 25%:

- Dkt. 246-3 pg. 8 (Certified Copy of Carlton Jones Depo $370.80)
- Dkt. 246-3 pg. 15 (Certified Copy of Derrick Bates, Vol. I $1,345.67)
- Dkt. 246-3 pgs. 2, 20 (Certified Copy Depo of John Duffy $1,143.25 + CD $34)

Accordingly, Plaintiffs seek to exclude **$1,839.57** for the depositions of Carlton Jones Vol. II, Lloyd Aubry, and Mr. Dixon; and reduce the total of $2,893.72 by 25% equaling **$2,170.29** for depositions of Mr. Jones Vol I., Mr. Bates Vol. I, and Mr. Duffy.  (Decl. of Silverstein ¶7)

### C. IP's Request for $1,828.00 in Witness Fees is Excessive and In Large Part Not Recoverable

IP seeks to recover $1,828.00 in witness fees pursuant to L.R. 54-3.6 (Dkt. 246-4 pg. 2-3).  IP cannot recover costs associated with witness fees for witnesses whom IP did not call to testify at trial.  If a subpoenaed witness does not testify, it is presumed that his testimony was unnecessary and fees therefore are prohibited. *Barkhorn v. Adlib Associates, Inc.*, 225 F. Supp.474, 475 (D. Haw. 1964)(Disallowing the taxation of fees for 2 witnesses who were subpoenaed but not examined)  The test is whether the prevailing party's counsel exercised good faith and reasonable judgment in determining that a person would be needed as a witness. *Quy v. Air America, Inc.*, 667 F.2d 1059, 1065 (D.C. Cir. 1981); *Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706, 722 (N.D. Ill. 1982); *cf.* 10 Wright. Miller & Kane, Fed. Prac. & Proc. §2678.  Where witnesses are summoned and not called, a presumption that they were unnecessary arises and the burden is upon the party summoning them to justify such action. *Clark v. Gifford-Hill & Co.*, 95 F. Supp. 975, 976 (W.D. La. 1951)

Keslik, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

13

The table shows witness expense IP is requesting for witnesses who did not appear at trial:

| Name | Attendance | Mileage | Total |
|------|-----------|---------|-------|
| Larry Leavitt | $40.00 | $56.00 | $96.00 |
| Scott Winder | $40.00 | $56.00 | $96.00 |
| Suzanne Farris | $40.00 | $46.00 | $86.00 |
| Suzanne Farris | $40.00 | $45.00 | $85.00 |
| Vergine Bekiarian | $40.00 | $14.00 | $54.00 |
| Scott Winder | $40.00 | $61.00 | $101.00 |
| Michael Cwieka | $40.00 | $42.00 | $82.00 |
| Scott Winder | $40.00 | $60.00 | $100.00 |
| Suzanne Farris | $40.00 | $35.00 | $75.00 |
| Vergine Bekiarian | $40.00 | $11.00 | $51.00 |
| Debra Andresen | $40.00 | $11.00 | $51.00 |
| Cynthia Duffy | $40.00 | $11.00 | $51.00 |
| Don Skrede | $40.00 | $226.00 | $266.00 |
| | | Subtotal | **$1,194.00** |

(Dkt. 246-4 pg. 2)(Decl. of Silverstein ¶6)

None of the aforementioned witnesses were called by IP to testify at trial. These witnesses consisted of the spouses of the Plaintiffs and Mr. Farris and their co-workers. They had no percipient knowledge regarding the claims alleged by Plaintiffs and were not useful for impeachment purposes. Out of the 38 depositions conducted in this matter, IP was well aware that the witnesses reflected above would not be needed to testify at trial. In fact, IP even brought a motion to exclude the Plaintiffs from calling their fellow co-workers at trial because their testimony would be cumulative and unnecessary. IP certainly did not exercise good faith and reasonable judgment in determining whether these witnesses would be needed at trial.

Based on the foregoing, the Court should decrease IP's recoverable witness fees by *1,194.00*.

/ / /

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

PLAINTIFFS OBJECTION TO DEFENDANT INTERNATIONAL PAPER COMPANY'S APPLICATION TO TAX COSTS PURSUANT TO LOCAL RULE 54-2.2

**D.  IP's Request for $13,598.32 in Document Reproduction Expense is Not Recoverable Because it Lacks Specificity Required by this Court**

28 U.S.C § 1920(4) provides that a judge or a clerk may tax fees paid for the "exemplification and copies of papers necessarily obtained for the use in the case." The party seeking to recover these costs must show that the copies were necessary and provided either to the court or the opposing party. *Grady v. Bunzl Packaging Supply Co.*, 161 F.R.D. 477, 479 (N.D. Ga. 1995); *Shum v. Intel Corp.*, 682 F. Supp 2d 992, 1001 (N.D. Cal. 2009) aff'd, 629 F.3d 1360 (Fed. Cir. 2010)(reducing Defendant's copying costs by 20%)  Local Rule 54-1(a) required IP to explain the nature of the copying of documents so that the court can determine, which costs, if any, are awardable.  *Key Bank Nat'l Ass'n v. Van Noy*, 598 F. Supp.2d 1160, 1168 (D. Ore. 2009).

IP seeks to recover $13,598.32 in document production expense.  (Dkt. 246-5 pg. 2).  Plaintiffs are dumbfounded as to how IP arrived at their figure.  The supporting invoice lists $25,813.62 in document reproduction expense allocating $14, 260.08 to labor intensive copies.  (Dkt. 246-5, p.g 5).  The invoice does not state for what purpose those documents were copied, what information was copied, nor whether they were copied for IP's counsel which is impermissible. *Frederick v. City of Portland*, 162 F.R.D. 139, 144 (D. Ore. 1995).  Therefore, IP's request should be denied in its entirety. *Hunt v. City of Portland*, 2011 U.S. Dist. LEXIS 89744 at 30-32 (denying copying costs because the court could not determine the purpose for which they were made or whether unnecessary copies were included despite representation that they were reasonable and necessary).

Based on IP's own admission, IP copied twice as many exhibits as required by the Court.  (Dkt. 246-5 pg. 2)(Trial Exhibit Binder Notes indicate four sets of exhibits made when only two sets were required by Court).  On that basis alone, the reproduction expense should be deducted by 50%.  However, since IP failed to show why these reproduction expenses were reasonable and necessary and how

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

they were allocated, the court should deny the entire request.  (Dkt. 246-5 pg. 2)
IP's reproduction costs are grossly excessive and includes charges such as "1 sided
color copy ($1,069); "Electronic Numbering Applied ($191.88); "Language
Endorsed ($383.76); "DVD Duplication" ($90.00); "Binders" ($2,048.00) (which
will be re-used by IP): "Binder Preparation & Assembly" ($805.00); "Computer
Labor" ($1,275.00); and "Weekend/Holiday Overtime"($3,112.50)" (Dkt.246-5 pg.
5)  All of these costs are not recoverable pursuant to L.R. 54-3.10 and should be
stricken.  The Court should also reduce these costs by 35% to account for those
attributable to claims in which IP was not the prevailing party and the prevailing
party.  (Decl. of Silverstein ¶7)(Dkt. 248-2, p.g. 2-4)  Moreover, each Plaintiff,
excluding Mr. Duffy, should only be required to pay his 25% share of the
reproduction expenses.

## IV.   **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny
in its entirety, or at a minimum substantially reduce the application for bill of costs
in accordance with the legal arguments set forth above as reflected in the chart
below.

| Filing Fee | **$144.00** |
|---|---|
| Reporter's Transcripts | $0 |
| Depositions | $47,431.26  total sought reduced by: |
|  | $16,847.08 (not called at trial) |
|  | $8,055.71 (rough drafts, etc) |
|  | $1,839.57 (testimony exclusive |
|  | to claims IP not a |
|  | prevailing party) |
|  | $723.43 (25% reduction for depos |
|  | related to claims IP not a |

Keluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

PLAINTIFFS OBJECTION TO DEFENDANT INTERNATIONAL PAPER COMPANY'S APPLICATION TO
TAX COSTS PURSUANT TO LOCAL RULE 54-2.2

| | prevailing party) |
|---|---|
| | **$19,965.47**  Total owed |
| Witness Fees | **$634** |
| Reproduction of Documents | $0 |
| Total | **$20,743.47** |
| | -<u>7,260.21</u> (35 %) reduction for costs that were incurred for both prevailing and non-prevailing claims |
| | **$13,483.26    Total costs owed** |
| | *To account for the 4 plaintiff's this number is divided by 4 (however, Duffy does not have to pay his share) Thus, a maximum of **$3,370.82** allocated per plaintiff |

DATED:      April 24, 2015          KESLUK, SILVERSTEIN & JACOB, P.C.


By   /s/   Douglas N. Silverstein
Douglas N. Silverstein, Esq.
Lauren J. Morrison, Esq.
Attorneys for Plaintiffs JARED
ANDRESEN, YEGHIA BEKIARIAN,
and JOHN DUFFY

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

PLAINTIFFS OBJECTION TO DEFENDANT INTERNATIONAL PAPER COMPANY'S APPLICATION TO
TAX COSTS PURSUANT TO LOCAL RULE 54-2.2

## CERTIFICATE OF SERVICE

I hereby certify this 24th day of April, 2015 the foregoing **PLAINTIFFS JOHN DUFFY, JARED ANDRESEN, AND YEGHIA BEKIARIAN'S OBJECTION TO DEFENDANT INTERNATIONAL PAPER COMPANY'S APPLICATION TO TAX COSTS PURSUANT TO LOCAL RULE 54-2.2** was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Marcus A. Torrano, Esq.
Amy McGinnis Gillinger, Esq.
Emilie C. Woodhead, Esq.
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, California 90071
Telephone (213) 615-1700
Facsimile (213) 615-1750
mtorrano@winston.com
agillinger@winston.com
ewoodhead@winston.com
*[Attorneys for Defendant International Paper Company]*

Walter J. Lack, Esq.
Paul A. Traina, Esq.
Jared W. Belilke, Esq.
Andrew M. Jacobson, Esq.
ENGSTROM, LIPSCOMB & LACK
10100 Santa Monica Blvd., 12th Foor
Los Angeles, CA 90067
Telephone (310) 552-3800
Facsimile (310) 552-9434
*[Attorneys for Plaintiff Daniel Farris]*

/s/ Michael Bew