UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2015 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

Not Present                                              Not Present

**Proceedings:** **(In Chambers)** PLAINTIFF JARED ANDRESEN AND JOHN DUFFY'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, A NEW TRIAL (Dkt. No. 265, filed May 1, 2015)

PLAINTIFF YEGHIA BEKIARIAN'S MOTION FOR A PARTIAL NEW TRIAL ON AMOUNT OF PAID ACCRUED VACATION DAYS OWED, NEW TRIAL ON WAITING TIME PENALTIES, OR ALTERNATIVELY, A NEW TRIAL ON ALL CLAIMS EXCEPT LIABILITY ON VACATION CLAIM (Dkt. No. 267, filed May 1, 2015)

The Court finds these motions appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of June 8, 2015, is vacated, and the matters are hereby taken under submission.

## I.     INTRODUCTION

On February 13, 2013, plaintiffs Jared Andresen ("Andresen"), Yeghia Bekiarian ("Bekiarian"), and John Duffy ("Duffy") filed this lawsuit against their former employer International Paper Company ("IP" or "defendant") and Does 1 through 50 in Los Angeles County Superior Court. See Dkt. #1. Defendant removed the action to this Court on March 22, 2013, on the basis of diversity jurisdiction. Id. The Second Amended Complaint ("SAC"), filed on July 12, 2013, asserted claims on behalf of all three plaintiffs for (1) failure to pay vested vacation wages upon termination, in violation of Cal. Labor Code § 227.3; (2) waiting time penalties in violation of California Labor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2015 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

Code §§ 202, 203; (3) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; and (4) violations of record-keeping provisions in California Labor Code § 226. Dkt. #21. The SAC also alleged claims on behalf of Andresen and Duffy for failure to pay commission-based wages in violation of several California Labor Code provisions. Finally, the SAC asserted claims on behalf of Andresen only for breach of contract and promissory estoppel with regard to severance pay allegedly owed to Andresen. Id. In a related action consolidated with this case for purposes of trial, Daniel Farris v. International Paper Inc., et al., 5:13-cv-00485-CAS-SP (C.D. Cal. filed Mar. 15, 2013), Daniel Farris ("Farris") asserted similar claims against IP for unpaid vacation wages and waiting time and record-keeping penalties.

A jury trial began on December 2, 2014 and the first of two anticipated trial phases concluded on December 12, 2014. The jury rendered a verdict, and the Court entered judgment, (1) in favor of defendant on all plaintiffs' claims for unpaid vacation wages and waiting time penalties, (2) in favor of defendant on Andresen's claim for severance pay, and (3) in favor of Duffy on Duffy's claim for failure to pay commissions in the amount of $8,148.48. Dkt. No. 244 at 1–2. The second contemplated phase was to adjudicate IP's counterclaim and third party complaint against Bekiarian for his alleged responsibility for any accrued but unpaid vacation IP was found liable for, as well as Bekiarian's counterclaim for indemnification. In light of the jury's verdict, IP voluntarily dismissed their counterclaim and third party complaint, and the second phase did not proceed. Id. at 1. The Court dismissed the jury on December 15, 2014, and dismissed IP's counterclaim and third party complaint on December 16, 2014. Id. The Court entered final judgment on April 2, 2015. Id.[1]

On May 1, 2015, Andresen and Duffy filed a motion for judgment as a matter of law or, in the alternative, a new trial. Dkt. No. 265. On the same day, Bekiarian filed a motion seeking a partial new trial regarding the amount of accrued vacation days owed, a new trial pertaining to his waiting penalties claim, or, in the alternative, a new trial on all

---

[1]On December 10, 2014, plaintiffs joined in a motion for judgment as a matter of law filed by Farris in the related action. Case No. 5:13-cv-00485-CAS-SP, Dkt. Nos. 324, 326. The Court took that motion under advisement, and, as noted above, submitted the case to the jury.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2015 |
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

claims except for liability on Bekiarian's vacation claims. Dkt. No. 267. Defendant opposed both motions on May 11, 2015. Dkt. Nos. 275, 276. Plaintiffs filed reply briefs on May 26, 2015. Dkt. Nos. 282, 283. Having considered the parties' arguments, the Court denies each of the motions for the reasons that follow.

### III. LEGAL STANDARDS

#### A. Motion for Judgment as a Matter of Law

A district court should grant a motion for judgment as a matter of law if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). A Rule 50(a) motion "may be made at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). If the court does not grant such a motion, "the court is considered to have submitted the matter to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law." Fed. R. Civ. P. 50(b). "Because it is a renewed motion, a proper post-verdict Rule 50(b) motion is limited to the grounds asserted in the pre-deliberation Rule 50(a) motion." E.E.O.C. v. Go Daddy Software, Inc., 581 F.3d 951, 961 (9th Cir. 2009).

"Judgment as a matter of law is proper when the evidence permits only one reasonable conclusion and the conclusion is contrary to that reached by the jury." Ostad v. Or. Health Sci. Univ., 327 F.3d 876, 881 (9th Cir. 2003). The jury's verdict, however, "must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002). Although a court deciding a motion for judgment as a matter of law "should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). "That is, the court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses." Id. (internal quotation marks and citations omitted). The court "must draw all reasonable inferences in favor of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2015 |
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

nonmoving party, and it may not make credibility determinations or weigh the evidence." Id.

### B. Motion for a New Trial

Federal Rule of Civil Procedure 59 provides that a court may, after a jury trial, "grant a new trial on all or some of the issues—and to any party." Fed. R. Civ. P. 59(a)(1)(A). A district court "may grant a new trial only if the verdict is against the clear weight of the evidence, and may not grant it simply because the court would have arrived at a different verdict." Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002). Generally, "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." 11 Wright & Miller, et al., Federal Practice & Procedure § 2803 (3d ed. 2015). A court should, however, grant a new trial where necessary "to prevent a miscarriage of justice." Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007).

A trial court's decision whether to grant a new trial is reviewed for abuse of discretion. Pavao, 307 F.3d at 918. The Ninth Circuit may reverse the denial of such a motion only "if the record contains no evidence in support of the verdict" or the court "has made a mistake of law." Molski, 481 F.3d at 729 (internal quotation marks and citations omitted).

### IV. ANDRESEN AND DUFFY'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Andresen and Duffy submit that they introduced "overwhelming" evidence "demonstrating their entitlement to paid vacation wages." Dkt. No. 265 at 5. But the vast majority of the evidence they cite consists of the plaintiffs' own testimony, as well as charts summarizing such testimony. See id. at 6–9. As stated, a court considering a motion for judgment as a matter of law "must disregard all evidence favorable to the moving party that the jury is not required to believe." Reeves, 530 U.S. at 151. "A factfinder may choose to discount a party's self-interested testimony." Christensen v. C.I.R., 786 F.2d 1382, 1383 (9th Cir. 1986). As such, a court need only consider evidence supporting the moving party that is "uncontradicted and unimpeached," and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2015 |
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

"comes from disinterested witnesses." Reeves, 530 U.S. at 151. Additionally, the reviewing court may not make its own credibility determinations, but must instead "accept the jury's credibility findings consistent with the verdict." Winarto v. Toshiba Am. Elecs. Components, Inc., 274 F.3d 1276, 1283 (9th Cir. 2001). Because the jury was not required to believe plaintiffs' own self-serving testimony that Andresen and Duffy were always entitled to paid vacation—and indeed, the verdict indicates that the jury did not credit such testimony—the bulk of evidence on which Andresen and Duffy rely is not cognizable on a motion for judgment as a matter of law.[2]

Setting aside testimony the jury may not have credited, the evidence of paid vacation entitlement to which Andresen and Duffy point consists of: (1) "personnel action reports" indicating that the two were "full-time regular" employees, Morrison Decl. Ex. J;[3] (2) documents indicating that the plaintiffs sold back some paid vacation time, id. Ex. K; (3) personnel action reports reflecting "vacation eligibility" for Andresen, Duffy, and three other commissioned sales representatives, id. Ex. L; and (4) documentation showing that IP's Human Resources Manager, Gayle Leach ("Leach"), tracked vacation and time off for employees including plaintiffs and other commissioned sales representatives.[4]

Even giving credence to these four types of evidence, a jury could have reasonably concluded from contrary evidence offered at trial that Andresen and Duffy were not entitled to paid vacation. First, Andresen and Duffy's testimony that they were told by

---

[2] Nor was the jury required to credit testimony by other commissioned sales representatives who stated that they believed they were entitled to paid vacation. See Morrisoin Decl. Ex. E.

[3] A vacation policy admitted at trial provides that "[a]ll regular full time employees" were entitled to vacation time. See Morrision Decl. Ex. D, Bates DEF 664.

[4] As to this last type of evidence, testimony at trial indicated that these reports did not reflect vacation accruals. See Dec. 9, 2014 AM Tr. 28:14-25, 29:12-22. Therefore, it is possible that the jury could have concluded, as defendant suggests, that these documents reflected who was out of the office at any given time, not who was using paid vacation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2015 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

Bekiarian on the day they were hired that they were entitled to paid vacation was contradicted by Bekiarian's testimony that he "never told [Andresen or Duffy] because they were all sales representatives, that they were entitled to paid vacation accruals." Dec. 5, 2014 PM Tr. at 25:3-8.  Bekiarian also testified that, in three decades of overseeing the facility at which plaintiffs worked, he never authorized the payment of accrued but unused vacation to any commissioned sales representative, id. at 25:25–26:12, and that although the facility kept detailed vacation accrual reports, he never saw such a report listing contingent vacation accrual liability for commissioned sales persons, id. at 29:2-6.  Defendant also submitted extensive vacation accrual reports that did not include commissioned sales representatives.  Gillinger Decl. Ex. B.  Moreover, although Bekiarian himself was responsible for and did verify contingent vacation liabilities for the facility each month for several years, Bekiarian never reported vacation liability for any commissioned sales representative.  Dec. 5, 2014 PM Tr. at 48:14–49:16; Gillinger Decl. Ex. C.

The jury could have also found support for defendant's position in some of Andresen's and Duffy's own testimony.  For example, Duffy testified that he never asked Human Resources or Accounting for a statement of accrued vacation time or wages during his twenty-six years of employment.  Dec. 3, 2014 A.M. Tr. at 77:3-11.  And despite the fact that their employer's policy required vacation requests to be submitted in writing "at least two weeks prior to the time requested," Duffy never submitted a written request until shortly before his resignation, and months after Farris had resigned.  Id. at 80:1–81:14, 85:2-8.  Similarly, Andresen never submitted a written request for vacation, and never requested a statement or accounting of accrued vacation.  Dec. 5, 2014 AM Tr. at 10:3-8, 12:10-15.  This behavior by Andresen and Duffy could have supported an inference that the plaintiffs and their employer did not act as if plaintiffs were covered by the paid vacation policy, supporting IP's position that the plaintiffs were not.

Additionally, Leach—whose job included keeping track of vacation accruals for employees entitled to paid vacation at the facility where Andresen and Duffy worked—testified that commissioned salespeople were not entitled to paid vacation, and that she was told so by Bekiarian and defendant's Controller Sheldon Demke.  Dec. 4. AM Tr. at 91:21-24; Dec. 4 PM Tr. at 21:13-19, 31:14-25, 32:6-16.  Leach also testified that Demke's successor, Edith Rogers, confirmed that commissioned sales representatives should not be on vacation accrual reports.  Id. at 49:18–50:2.  Rogers also offered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2015 |
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

testimony favorable to IP, stating that Bekiarian told her on multiple occasions that "commissioned sales reps were not entitled to paid vacation," and made no objection when she forwarded him an email chain in which she stated that vacation accruals were not being managed for any commissioned sales representatives. Id. at 23:11–24:9, 33:6–34:8; Gillinger Decl. Ex. E.

In light of this evidence, it cannot be said that the jury's verdict that Andresen and Duffy were not entitled to paid vacation was not "supported by substantial evidence," Pavao, 307 F.3d at 918, or that a reasonable jury could only have reached a contrary conclusion, see Ostad, 327 F.3d at 881. Accordingly, the motion for judgment as a matter of law is **DENIED**.

V.   **ANDRESEN AND DUFFY'S MOTION FOR A NEW TRIAL**

Andresen and Duffy move in the alternative for a new trial on three grounds, which the Court addresses in turn.

   A.   **Clear Weight of the Evidence**

Based on the same evidence discussed above, Andresen and Duffy argue that the jury verdict was contrary to the clear weight of the evidence. The Court disagrees. Although the jury heard some evidence that supported plaintiffs' position, much of that evidence came in the form of uncorroborated and self-serving testimony by the plaintiffs themselves, and from other commissioned sales representatives whom the jury did not have to find credible. The jury could have permissibly discredited this testimony, and the remaining evidence favoring Andresen and Duffy's claim was not incontrovertible. Moreover, as cited above, defendant introduced substantial evidence that Andresen and Duffy were not entitled to paid vacation, including testimony by current and former employees with no direct stake in the litigation, documents showing that accrued vacation was carefully tracked for other employees but not plaintiffs, and evidence that Bekiarian did not tell Andresen and Duffy that they were entitled to paid vacation, and in fact stated multiple times that they were not.

Andresen and Duffy argue that Leach's and Rogers' testimony "lacked candor," but the jury was not required to disbelieve it. And although some documentary evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2015 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

(such as documents indicating that Andresen and Duffy sold back some vacation time) supported plaintiffs' claimed entitlement, the jury could reasonably have resolved the conflict between this and substantial contrary evidence by concluding that evidence favoring plaintiffs reflected isolated oversights or ambiguities in the multi-decade span covered by plaintiffs' claims, rather than conclusive proof of entitlement to paid vacation. Considering the entire record and the arguments advanced by both parties, the Court concludes that the jury's verdict was not "against the clear weight of the evidence." Pavao, 307 F.3d at 918.

### B. Jury Instruction No. 20

Andresen and Duffy next argue that they are entitled to a new trial because of error in Jury Instruction No. 20. "[E]rroneous jury instructions, as well as the failure to give adequate instructions, are . . . bases for a new trial." Murphy v. City of Long Beach, 914 F.2d 183, 187 (9th Cir. 1990). In a civil case, if an erroneous instruction is given, the Ninth Circuit " 'will reverse the judgment unless the error is more probably than not harmless.' " Gulliford v. Pierce County, 136 F.3d 1345, 1350 (9th Cir. 1998) (quoting Chuman v. Wright, 76 F.3d 292, 294 (9th Cir. 1996)). Once a jury instruction has been shown to be erroneous, the burden "shifts to the [prevailing party] to demonstrate that it is more probable than not that the jury would have reached the same verdict had it been properly instructed." Gantt v. City of Los Angeles, 717 F.3d 702, 707 (9th Cir. 2013) (quoting Clem v. Lomeli, 566 F.3d 1177, 1182 (9th Cir. 2009)).

The objected-to instruction was one of several addressing the standard for determining whether an employee is entitled to paid vacation, which read as follows:

**INSTRUCTION NO. 18**
**PAID VACATION IS A MATTER OF CONTRACT OR POLICY**

California law does not require employers to provide employees with any paid vacation. An employer can, however, choose to offer paid vacation by contract or employer policy. Where the employer has such a contract or policy applying to an employee, this creates a right to vested vacation wages and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2015 |
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

the right to payout of accrued but unused wages at separation of employment.

### INSTRUCTION NO. 19
### VACATION PAY IS A FORM OF WAGES

California law considers vacation pay to be a form of wages. Vacation pay is, in effect, additional wages for services performed, or a form of deferred compensation.

### INSTRUCTION NO. 20

In determining whether a Plaintiff is entitled to paid vacation, you may consider, among other things enumerated in these jury instructions, evidence of the Plaintiff's actions during his employment.

### INSTRUCTION NO. 23
### NONPAYMENT OF VACATION WAGES

Each Plaintiff claims that International Paper owes him payment for accrued but unused vacation days. By "accrued" in these instructions, I mean "earned."

To establish this claim, each Plaintiff must prove all of the following:
    1.    The existence of a contract of employment or employer policy that applied to Plaintiff and entitled him to paid vacation . . . .

Dkt. No. 220.

Andresen and Duffy contend that Instruction No. 20's statement that the jury could consider "evidence of the Plaintiff's actions during his employment" is contrary to California law requiring that, "whenever a contract of employment or employer policy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2015 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages," and prohibiting a contract or policy from "provid[ing] for forfeiture of vested vacation wages upon termination." Cal. Labor Code § 227.3. Andresen and Duffy argue that the instruction improperly "enabled the jury to focus on [Andresen's and Duffy's] conduct instead of IP's employment contract," essentially reciting a waiver defense. Dkt. No. 282 at 4. They submit that the employees' conduct was wholly irrelevant to proof of paid vacation entitlement. Dkt. No. 265 at 13–17.

The Court disagrees. In this case, Andresen and Duffy did not produce a written contract stating that they were entitled to paid vacation; rather, they argued based on oral promises and course of conduct and circumstantial evidence that they were covered by a vacation policy that all parties agreed applied to some but not all IP employees. Evidence that Andresen and Duffy did or did not, during the course of their multi-decade careers with IP, act as if they were entitled to paid vacation pay was relevant to the disputed issue of whether they were covered by a "contract of employment or employer policy provid[ing] for paid vacations." Cal. Labor Code § 227.3. The objected-to instruction—which stated that the plaintiff's conduct was one factor that could be considered "among other things enumerated in these instructions"—did not invite the jury to find that the plaintiffs were entitled to paid vacation but had waived that entitlement. Rather, submitted alongside the clear instruction that "**PAID VACATION IS A MATTER OF CONTRACT OR POLICY**," Instruction No. 20 gave the jury guidance on some of the evidence that could be considered in deciding the "existence of a contract of employment or employer policy that applied to [each] Plaintiff and entitled him to paid vacation." Accordingly, the Court rejects plaintiffs' argument that the giving of Instruction No. 20 necessitates a new trial.

      **C.**     **Improper Introduction of Phase II Evidence**

Finally, Andresen and Duffy argue that highly prejudicial error resulted from the introduction of evidence that Bekiarian, in his role at plaintiffs' employer, was responsible for reviewing and approving financial reports that listed contingent vacation accrual liability for commissioned sales people. Their theory is that because the Court bifurcated the counterclaim and third party complaint against Bekiarian into a second phase, the complained-of evidence should have been admitted only in that second phase.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2015 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

    Although Andresen and Duffy cast the introduction of and reference to this evidence as "misconduct by [opposing] counsel," see Dkt. No. 265 at 18, Dkt. No. 282 at 5, the cases they cite in support of this characterization are a poor fit. See, e.g., Cal. Sansome Co. v. United States Gypsum, 44 F.3d 1402, 1405 (9th Cir. 1995) (opposing counsel failed to produce requested documents, "substantially interfer[ing] with" plaintiff's case); Tesser v. Bd. of Educ., 370 F.3d 314, 321 (2d Cir. 2004) (counsel suggested during summation that plaintiff was "hiding" evidence). Because the Court admitted the objected-to evidence, the more apt description for this argument is that of prejudicial evidentiary error. "An erroneous evidentiary ruling requires reversal of a jury verdict only where 'a party's substantial rights were affected.' " B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1103–04 (9th Cir. 2002) (quoting Becahy v. Boise Cascade Corp., 191 F.3d 1010, 1015 (9th Cir. 1999)).

    The Court finds no error in the admission of the complained-of evidence. Evidence that the person responsible for reviewing and confirming contingent liabilities including accrued vacation pay repeatedly signed off on statements not reflecting any accrued but unused vacation for Andresen and Duffy was relevant because it tended to show that Andresen and Duffy were not actually entitled to paid vacation. The evidence was additionally relevant to impeach or counter Bekiarian's testimony—elicited by plaintiffs' counsel—that he always understood Andresen and Duffy to be "full time regular employees" who qualified for paid vacation. See Dec. 5, 2014 AM Tr. at 59:3-11. Far from irrelevant, this was crucial rebuttal evidence for IP. Because admission of this evidence was not erroneous, it could not have unfairly prejudiced Andresen and Duffy so as to necessitate a new trial.[5]

---

[5]Andresen and Duffy also misconstrue the Court's pretrial orders For example, they cite a transcript from the Court's hearing on motions *in limine* as a ruling that no evidence of Bekiarian's approval of contingent liability statements could be introduced in the first phase of trial. See Dkt. No. 265 at 19 (citing Morrison Decl. Ex. G). But the Court's statements in that portion of the transcript that "bad evidence about Bekiarian" would not be permitted in Phase I pertained to evidence IP planned to introduce of an alleged "conspiracy" between Bekiarian and Farris to fabricate vacation claims, as well as allegations of misconduct by Bekiarian that were unrelated to paid vacation entitlement (e.g., poaching customers). See Nov. 17, 2014 Tr. at 58:20-25; Dkt. No. 163 at 7–8, 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2015 |
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

**D.     Conclusion**

In accordance with the foregoing, the Court **DENIES** the motion for a new trial.

**VI.     BEKIARIAN'S MOTION FOR A NEW TRIAL**

**A.     New Trial on Damages for Accrued but Unpaid Vacation Pay**

A district court may order "a new trial on damages alone" if not reopening liability as well would not "work injustice." Wharf v. Burlington Northern R.R. Co., 60 F.3d 631, 638 (9th Cir. 1995). The jury found that Bekiarian, unlike Andresen and Duffy, had "prove[d] he was entitled to paid vacation pursuant to his employer's vacation policy or pursuant to a contract with his employer." Dkt. No. 232 (Special Verdict) at 9. However, the jury answered the question, "How many, if any, accrued and unused paid vacation days did Plaintiff Yeghia 'Lee' Bekiarian prove he was entitled to at the time of his resignation," with the response, "0 days." Id. Bekiarian argues that he is entitled to a partial new trial because (1) the jury's verdict is contrary to the clear weight of the evidence, and (2) prejudicial evidence was improperly introduced in Phase I of the trial. The Court is not persuaded by either argument.

    1.     Clear Weight of the Evidence

Bekiarian argues that the jury's verdict that Bekiarian was not owed any damages is against the clear weight of the evidence and inconsistent with its finding that Bekiarian was entitled to paid vacation, because "[n]o evidence existed to support the jury's finding that Mr. Bekiarian used up his accrued vacation pay." Dkt. No. 267 at 5. At the outset, the Court notes that Bekiarian seriously misquotes the Special Verdict form in his motion, stating that it read "How many unused paid vacation days did Plaintiff Yeghia 'Lee' Bekiarian accrue throughout his employment with Defendant International Paper,

---

This does not support plaintiffs' argument that the evidence discussed in this section was admitted in violation of an *in limine* order. And in any event, "*in limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." Ohler v. United States, 529 U.S. 753, 758 n.3 (2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2015 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

Temple-Inland, and Crocket Containers?" See Dkt. No. 267 at 5. This misstatement, which omits the important point that it was Bekiarian's burden to "prove" the number of vacation days to which he was entitled, "at the time of his resignation," is not well-taken.

    Indeed, Bekiarian's omission of the fact that he bore the burden of proof on damages is the fatal flaw in his argument for a new trial. Defendant was not required to prove that Bekiarian had "used up" all of the vacation time he had earned over his career; rather, as the jury instructions and special verdict form indicated, Bekiarian had to prove "[t]he number of accrued but unused vacation days [he] had at the time of his resignation." See Jury Instr. No. 20. Bekiarian does not contest that the only evidence he offered of the number of accrued vacation days he had at the time of his resignation was his own testimony, as well as a chart he himself made for litigation.[6] A jury is "free to disbelieve [a witness's] self-serving account of the events in question." United States v. Miguel, 952 F.2d 285, 288 (9th Cir. 1991); see also Christensen v. C.I.R., 786 F.2d 1382, 1383 (9th Cir. 1986) ("A factfinder may choose to discount a party's self-interested testimony."); Charyulu v. Cal. Cas. Indem. Exchange, 523 F. App'x 478, 481 (9th Cir. 2013) (affirming a finding that a jury verdict was not against the weight of the evidence, reasoning that "[t]he witnesses who testified for Plaintiff . . . were not disinterested, and the jury could consider the witnesses possible biases when determining how much weight to give their testimony"). Moreover, defendant's expert witness testified that the chart of Bekiarian's alleged unused vacation days did not accurately reflect the contemporaneous documentation Bekiarian produced in discovery, which the jury could have found to impeach Bekiarian's testimony. See Dec. 10 AM Tr. at 66:1–67:10. On this record, the Court concludes that the jury's verdict that Bekiarian did not prove his entitlement to any accrued but unpaid vacation days was not contrary to the clear weight of the evidence.[7]

---

    [6]The jury was properly instructed that "[c]harts and summaries are only as good as the underlying evidence that supports them." Jury Instr. No. 25; see United States v. Nguyen, 267 F. App'x 699, 704 (9th Cir. 2008) ("We note that the district court properly instructed the jury that the charts and summaries were only as good as the underlying evidence on which they were based.").

    [7]Bekiarian argues that it was defendant's burden to "establish the precise amount of vacation owed," Dkt. No. 283 at 3, based on Hernandez v. Mendoza, 199 Cal. App. 3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2015 |
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

2. Improper Introduction of Phase II Evidence

Bekiarian asserts that the jury's verdict on damages can only be explained by the introduction of evidence relating to Bekiarian's responsibilities regarding accrued vacation liabilities that should only have been permitted in Phase II of the trial. For the same reasons discussed with regard to the essentially identical argument made by Andresen and Duffy, the Court finds no error in the admission of this evidence.

Because the Court finds no merit in either of Bekiarian's argument for a new trial on damages or, in the alternative, a new trial on all issues except for "liability on the vacation claim," his motion is denied insofar as it seeks such relief.

---

721, 727 (1988). The Mendoza court reversed a determination that although the plaintiff had proved he worked overtime for which he was not paid, he could not recover damages because he failed to show with certainty the amount of unpaid wages he was owed. Id. at 727. The court reasoned that because the employer had failed to keep time records as required by statute, "imprecise evidence by the employee [could] provide a sufficient basis for damages." Id. But Bekiarian does not argue that defendant was required to keep records of accrued vacation for the approximately four decades he was employed by defendant, nor could he. See Cal. Labor Code § 226(a) (requiring employers to keep certain records for three years). Additionally, plaintiff's reliance on Mendoza ignores that the jury here found that Bekiarian did not "meet his burden of proving that he performed work for which he was not compensated," so that the burden could not have shifted to IP to prove the precise amount of unpaid compensation. Mendoza, 199 Cal. App. 3d at 727; see also Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946) (holding that the burden shifts to an employer "if [the employee] proves that he has in fact performed work for which he was improperly compensated, and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference" (emphasis added)), cited by Mendoza, 199 Cal. App. 3d at 727. Because the jury's finding that Bekiarian was covered by a paid vacation policy is not analogous to the Mendoza trial court's finding that the employee had not been paid for working overtime, Bekiarian's reliance on that case is unavailing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2015 |
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

### B. New Trial or Amended Judgment on Defendant's Counterclaim and Third-Party Complaint

IP filed a counterclaim in this action against Bekiarian, alleging that because Bekiarian was responsible for, *inter alia*, signing off on monthly closing reports and disclosing contingent liabilities, he "precluded and prevented" defendant "from managing, mitigating, setting reserves for, and/or precluding and preventing any purported paid vacation accrual liability for sales representatives and/or Bekiarian." See Dkt. No. 43 at 18–25. Based on these allegations, IP brought counterclaims for breach of the duty of loyalty, breach of fiduciary loyalty, gross negligence, and intentional misrepresentation. Id. at 21–24. IP filed the same claims in a third party complaint in the related Farris action. See Case No. EDCV 13-485, Dkt. No. 41. The counterclaim and third party complaint were bifurcated into a contemplated Phase II of the trial. On December 15, 2014, the Court dismissed IP's third party complaint and counterclaim against Bekiarian without prejudice. Dkt. No. 228. Prior to that dismissal, Bekiarian's counsel stated on the record that he was "at a loss to understand how there could even be a second phase of trial, since there has been no liability found for vacation pay." Dec. 12, 2014 Tr. at 77:22-25.

Bekiarian argues that it was error to not enter judgment in his favor when the Court dismissed IP's claims, because those claims were "contingent on a finding of International Paper's liability for back vacation wages," the "jury found no vacation wage liability, and therefore International Paper could not state a claim against" Bekiarian. Dkt. No. 267 at 13–14. Although Bekiarian styles the heading for this argument as requesting a new trial, it appears that the relief he is actually requesting is that the "judgment should be amended" to reflect that Bekiarian is the prevailing party on IP's claims and, as such, can seek attorneys' fees and costs. Id. at 14.[8]

IP responds that Bekiarian should not be considered the prevailing party on its claims because the verdict in Phase I rendered the counterclaim and third party complaint

---

[8]As a general matter, a defendant is not a prevailing party with regard to claims dismissed without prejudice. See Oscar v. Alaska Dep't of Educ. & Early Dev., 541 F.3d 978, 981–82 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2015 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

moot, so that Bekiarian did not and could not have prevailed on the merits. The Court agrees. "A defendant cannot be said to have 'prevailed' on an issue which evaporated prior to the court addressing it." Sellers v. Local 1598, Dist. Council 88, Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO, 614 F. Supp. 141, 143 (E.D. Pa. 1985). That is precisely what happened here. As Bekiarian concedes, IP's Phase II claims were premised on a Phase I verdict adverse to IP on the vacation claims; absent such a verdict, trying the Phase II claims would have been pointless. Cf. In re Pattullo, 271 F.3d 898, 901 (9th Cir. 2001) (explaining that the "mootness inquiry focuses upon whether [a court] can still grant relief between the parties").

Despite having briefed this issue three times, Bekiarian has cited no authority supporting his argument that he should be considered the prevailing party under these circumstances.[9] For these reasons, Bekiarian has not presented any reason to grant a new trial or alter the judgment on IP's counterclaim and third party complaint.[10]

---

[9]The only cases Bekiarian does cite in support of this argument are inapposite. See Power Mosfet Techs., L.L.C. v. Siemens AG, 378 F.3d 1396, 1415–16 (Fed. Cir. 2004) (holding to be a prevailing party a defendant against whom all claims were dismissed with prejudice because the plaintiff discovered that defendant had not sold the allegedly infringing products); Burda v. M. Ecker Co., 954 F.2d 434, 440 n.9 (7th Cir. 1992) (noting that a defendant who succeeded in having the claims against it dismissed on a Rule 12(b)(6) motion was the prevailing party).

[10]Additionally, it is unclear on what basis Bekiarian would seek attorneys' fees, even if he were the prevailing party on the counterclaims and third party complaint. "In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975). IP argues cogently that California Labor Code 218.5—which provides for the payment of attorneys' fees to the prevailing party "[i]n any action brought for the nonpayment of wages"—by its terms does not apply to IP's common law claims, and Bekiarian does not respond to that argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 3, 2015 |
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

### C. Conclusion

In accordance with the foregoing, Bekiarian's motion for a new trial is **DENIED**.[11]

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[11] Bekiarian's motion indicates that he is also moving for a "new trial on waiting time penalties," but includes no argument directed at waiting time penalties in his brief or reply. Because of the lack of argument, and because a new trial on waiting time penalties would be contingent on a new trial for unpaid wages, the motion is denied insofar as it seeks a new trial on those claims as well.