UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - DEFENDANT INTERNATIONAL PAPER COMPANY'S MOTION TO RECOVER COSTS PURSUANT TO LOCAL RULE 54-3.12 (Dkt. No. 245, filed April 17, 2015)

DEFENDANT'S APPLICATION TO TAX COSTS (Dkt. No. 246, filed April 17, 2015)

PLAINTIFF JOHN DUFFY'S MOTION FOR ATTORNEYS' FEES AND COSTS (Dkt. No. 248, filed April 17, 2015)

PLAINTIFF JOHN DUFFY'S APPLICATION TO TAX COSTS (Dkt. No. 249, filed April 17, 2015)

## I.    INTRODUCTION

On February 13, 2013, plaintiffs Jared Andresen ("Andresen"), Yeghia Bekiarian ("Bekiarian"), and John Duffy ("Duffy") filed a lawsuit against their former employer International Paper Company ("IP" or "defendant") and Does 1 through 50 in Los Angeles County Superior Court. See Dkt. #1. Defendant removed the action to this Court on March 22, 2013, on the basis of diversity jurisdiction. Id. The Second Amended Complaint ("SAC"), filed on July 12, 2013, asserted claims on behalf of all three plaintiffs for (1) failure to pay vested vacation wages upon termination, in violation of Cal. Labor Code § 227.3; (2) waiting time penalties in violation of California Labor Code §§ 202, 203; (3) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; and (4) violations of record-keeping provisions in California Labor Code § 226. Dkt. #21. The SAC also alleged claims on behalf of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

Andresen and Duffy for failure to pay commission-based wages in violation of several provisions of the California Labor Code.  Finally, the SAC asserted claims on behalf of Andresen only for breach of contract and promissory estoppel with regard to severance pay allegedly owed to Andresen.  Id.  In a related action consolidated with this case for purposes of trial, Daniel Farris v. International Paper Inc., et al., 5:13-cv-00485-CAS-SP (C.D. Cal. filed Mar. 15, 2013), Daniel Farris ("Farris") brought similar claims against IP for unpaid vacation wages and waiting time and record-keeping penalties.

A jury trial began on December 2, 2014 and the first of two anticipated trial phases concluded on December 12, 2014.  The jury rendered a verdict, and the Court entered judgment, (1) in favor of defendant on all plaintiffs' claims for vacation wages and waiting time penalties, (2) in favor of defendant on Andresen's claim for severance pay, and (3) in favor of Duffy on Duffy's claim for failure to pay commissions in the amount of $8,148.48.  Dkt. No. 244 at 1–2.  The second trial phase was to adjudicate IP's counterclaim and third party complaint against Bekiarian for his alleged responsibility for any accrued but unpaid vacation for which IP was found liable, as well as Bekiarian's counterclaim for indemnification.  In light of the jury's verdict, the second phase did not proceed.  Id. at 1.  The Court dismissed the jury on December 15, 2014, and dismissed IP's counterclaim and third party complaint on December 16, 2014.  Id.  The Court entered final judgment on April 2, 2015.  Id.

On May 18, 2015, the Court held a hearing on motions and applications for costs and fees filed by IP and Duffy.  With leave of Court, the parties submitted supplemental briefing addressing issues raised in the Court's tentative order.  Dkt. Nos. 284, 285.  Having considered the parties' arguments, the Court finds and concludes as follows.

## II.   DEFENDANT'S MOTION TO RECOVER COSTS PURSUANT TO LOCAL RULE 54-3.12; DEFENDANT'S APPLICATION TO TAX COSTS

### A.   Background

On April 17, 2015, defendant filed an application to tax costs as the prevailing party.  Dkt. No. 246.  As amended after a settlement with Farris, defendant seeks a total of $118,982.81.  Dkt. No. 272-1 at 2.  On April 24, 2015, Andresen, Bekiarian, and Duffy (collectively "plaintiffs" for purposes of Section II) filed general and specific objections

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
|----------|-------------------------|------|---------------|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

to defendant's original application.  Dkt. No. 260.  On April 30, 2015, defendant filed a response to plaintiffs' objections.  Dkt. No. 264.

Pursuant to this Court's Local Rules, certain items may be taxed as costs only "[u]pon order of the Court."  C.D. Cal. L.R. 54-3.12.  On April 17, 2015, defendant filed a motion to recover costs for trial graphics used in its opening and closing statements and for a "hot seat" vendor that electronically displayed exhibits at trial and assisted with trial graphic design.  Dkt. No. 245 at 1.  Defendant made this motion pursuant to a Local Rule that states that the Court "may" tax costs including "charts, diagrams, and other visual aids reasonably necessary to assist the jury or the Court in understanding the issues at trial."  C.D. Cal. L.R. 54-3.12(a).  Defendant seeks $57,036.94 in such "other costs."  Dkt. No. 272-1 at 2.  Plaintiffs filed an opposition to this motion on April 27, 2015.  Dkt. No. 261.  Defendants replied on May 4, 2015.  Dkt. No. 268.  On May 12, 2015, plaintiff filed a notice of new authority in support of their opposition and objections.  Dkt. No. 277.  Defendant responded to this notice of new authority on May 14, 2015.  Dkt. No. 279.  After considering the parties' arguments, the Court finds and concludes as follows.

## B.    Analysis

Plaintiffs make similar general arguments in opposition to defendant's application to tax costs and motion to recover costs pursuant to Local Rule 54-3.12.  The Court first addresses these arguments, then turns to plaintiffs' specific objections to various cost items claimed by defendant.

### 1.    Federal Law Governs the Award of Costs in This Case.

Defendant argues that federal procedural law entitles it to recover costs in this action.  Plaintiffs argue that defendant is not entitled to recover costs because the governing statute is California Labor Code 218.5, which provides in part:

> In any action brought for the nonpayment of wages, fringe
> benefits, or health and welfare or pension fund contributions,
> the court shall award reasonable attorney's fees and costs to the
> prevailing party if any party to the action requests attorney's
> fees and costs upon the initiation of the action.  However, if the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
|----------|-------------------------|------|---------------|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

<u>prevailing party in the court action is not an employee,
attorney's fees and costs shall be awarded pursuant to this
section only if the court finds that the employee brought the
court action in bad faith.</u>

Cal. Labor Code § 218.5(a) (emphasis added).  On this choice of law issue, the Court agrees with defendant.

"An award of standard costs in federal district court is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases."  <u>Champion Produce, Inc. v. Ruby Robinson Co., Inc.</u>, 342 F.3d 1016, 1022 (9th Cir. 2003) (citing <u>In re Merrill Lynch Relocation Mgmt., Inc.</u>, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987)); <u>see also</u> 10 Wright & Miller, <u>Federal Practice & Procedure</u> § 2669 (3d ed. Apr. 2015) ("The award of costs is governed by federal law.").  Rule 54(d) provides in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).

Plaintiffs do not argue that a federal statute, Federal Rule of Civil Procedure, or court order overrides Rule 54(d) in this case.  Rather, plaintiffs contend that costs should be governed by state law because " '[f]ederal courts sitting in diversity apply state substantive law and federal procedural law.' "  Dkt. No. 260 at 2 (quoting <u>Feldman v. Allstate Ins. Co.</u>, 322 F.3d 660, 666 (9th Cir. 2003) (citing <u>Erie R.R. v. Tompkins</u>, 304 U.S. 64, 78 (1938))).  But the award of costs is a procedural matter.  <u>See, e.g.</u>, <u>BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., Inc.</u>, Civil No. 09-00181 DAE-KSC, 2011 WL 4369303, at *2 n.1 (D. Haw. Aug. 24, 2011) ("Although federal jurisdiction in this case is based upon diversity, because the taxation of costs pursuant to FRCP 54(d)(1) is a procedural matter, federal law applies."); <u>Kolb v. Turner</u>, No. 1:07-cv-0262 OWW DLB, 2008 WL 5478575, at *13 (E.D. Cal. Dec. 31, 2008) ("Costs, as a general matter, are procedural in nature such that an award of costs is governed by federal, not state, law.").  As one district court has summarized, "a federal court sitting in diversity . . . will award costs in accordance with federal law unless a state provision allows for the awarding of costs as part of a substantive, compensatory damages scheme."  <u>Kelly v. Echols</u>, No. CIV F05118 AWI SMS, 2005 WL 2105309, at *16 (E.D. Cal. Aug. 30, 2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
|----------|-------------------------|------|---------------|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

Applying this rule, one court within the Ninth Circuit has rejected plaintiffs' precise argument. In <u>Drumm v. Morningstar, Inc.</u>, the plaintiff argued that California Labor Code section 218.5, rather than Rule 54(d), governed the award of costs when he prevailed on his claim that his employer had failed to pay out vested vacation time. 695 F. Supp. 2d 1014, 1026-27 (N.D. Cal. 2010). The court disagreed, reasoning, "[s]ince the awarding of costs here is procedural, not substantive, federal law governs," and rejecting the argument that section 218.5's cost provision constituted a compensatory damages scheme. <u>Id.</u> at 1027. Another district court sitting in California subsequently applied Rule 56(d)(1) to a request for costs where an employer prevailed on Labor Code claims. <u>See</u> <u>Johnson v. Hewlett-Packard Co.</u>, No. C 09-03596, 2014 WL 3703993, at *1, 6 (N.D. Cal. July 24, 2014).

Plaintiffs dismiss <u>Drumm</u> and <u>Johnson</u> as irrelevant because they applied a version of Labor Code section 218.5 in effect before amendments made its standard for awarding costs asymmetrical. Previously, section 218.5 directed costs to be awarded to the prevailing party so long as "any party to the action request[ed] attorney's fees and costs upon the initiation of the action." Cal. Labor Code § 218.5 (West 2012) (effective Jan. 1, 2001 to June 30, 2012). As amended, section 218.5 allows an employer to recover costs "only if . . . the employee brought the court action in bad faith." But the Court fails to see how this amendment undermines <u>Drumm</u>, which concluded that federal law applied because the California statute "simply requires a court to 'award reasonable attorney's fees and costs to the prevailing party,' " rather than making costs "an element of <u>damages</u> for an unpaid wage claim under California law." <u>Drumm</u>, 695 F. Supp. 2d at 1027 (emphasis in original). The section 218.5 language quoted by the <u>Drumm</u> court has not changed, and the subsequent amendments in no way indicate that an award of costs is now "an element of damages."

A comparison with the Ninth Circuit case on which plaintiffs rely makes this point clear. In <u>Clausen v. M/V New Clarissa</u>, the court determined that expert witness fees were governed by Oregon law because the choice of law was "between a federal cost provision, and a state <u>damages provision</u> that permits prevailing plaintiffs under the Oil Spill Act to recover 'costs of any kind' as <u>one element of its compensatory damages</u>." 339 F.3d 1049, 1064 (9th Cir. 2003) (emphasis in original) (quoting Or. Rev. Stat. § 468.300(6). The statute at issue in <u>Clausen</u> states: " 'Damages' includes damages, costs, losses, penalties or attorney fees of any kind for which liability may exist under the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

laws of this state resulting from, arising out of or related to the discharge or threatened discharge of oil." Or. Rev. Stat. § 468.300(6)). Because of this express definition of "damages" as including "costs," the choice of law issue in <u>Clausen</u> was controlled by the well-settled principle that " '[t]he measure of damages is a matter of state substantive law.' " <u>Clausen</u>, 339 F.3d at 1065 (quoting <u>Barbier v. Shearson Lehman Hutton Inc.</u>, 948 F.2d 117, 122 (2d Cir. 1991)). Although plaintiffs argue that Labor Code section 218.5 similarly makes costs an element of damages, the statute's actual language ("the court shall award reasonable attorney's fees and costs to the prevailing party") is a far cry from the explicit definition of "costs" as part of "damages" in <u>Clausen</u>, and much closer to the language of Rule 54(d)(1) itself ("costs . . . should be allowed to the prevailing party"). Further, it is difficult to see how section 218.5's "costs" can be properly considered "damages" when defendants can recover them in cases brought in bad faith. Plaintiffs cite no federal case applying Labor Code section 218.5 to costs instead of Rule 54(d), and the Court sees no reason to depart from the general rule, applied by the <u>Drumm</u> court in a materially indistinguishable case, that federal law governs whether costs should be awarded.

The Court is not persuaded to the contrary by plaintiffs' citation of <u>Williams v. Chino Valley Independent Fire District</u>, 61 Cal. 4th 97 (2015). In that case, the California Supreme Court held that a different statute—California Government Code 12965(b), part of the Fair Employment and Housing Act (FEHA)—is "an express exception to [California] Code of Civil Procedure 1032(b) and the former, rather than the latter, therefore governs cost awards in FEHA cases." <u>Williams</u>, 61 Cal. 4th at 105.[1] <u>Williams</u> is inapposite because it did not discuss any Labor Code provision and, with regard to the statute it did analyze, held only that the statute is an exception to California Code of Civil Procedure 1032(b), not that it is substantive for <u>Erie</u> purposes or a "compensatory damages" provision within the meaning of <u>Clausen</u>. Further, that the court discussed as persuasive authority federal cases analyzing whether federal statutes such as Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act contain fee or cost-shifting mechanisms that create exceptions to the general rule in Rule

[1]California Code of Civil Procedure 1032(b) provides that civil defendants are "entitled as a matter of right" to recover their costs "[e]xcept as otherwise expressly provided by statute."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

54(d) is of no moment because here, there is no federal statute that could be said to conflict with Rule 54(d).

Finally, plaintiffs argue that the Court should apply state law instead of Rule 54(d) in order to discourage forum shopping. But the Ninth Circuit has stated that although "[t]here may be unusual cases . . . in which litigation costs are so large" that they constitute a significant incentive to litigate in federal court, "in ordinary cases other factors, like impartiality and speed of the court system, determine the choice of forum, and we design the choice of law rule for the ordinary case, not a hypothetical one." Aceves v. Allstate Ins. Co., 68 F.3d 1160, 1168 (9th Cir. 1995); see also 10 Wright & Miller § 2669 ("Variations between state and federal practice in the assessment of costs after the case has been disposed of do not appear likely to promote forum shopping or to affect 'the outcome of the litigation' in any significant way and therefore employing federal law does not violate the underlying policies of the Erie principle."). For these reasons, the Court concludes that Federal Rule of Civil Procedure 54(d)—not state law—governs defendant's application and motion for costs.

### 2. Defendant Is Entitled to Recover Costs Under Federal Law.

"Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party, but the district court may refuse to award costs within its discretion." Champion Produce, 342 F.3d at 1022. The burden falls on the losing party to demonstrate why costs should not be awarded. Stanley v. Univ. of S. Cal., 1789 F.3d 1069, 1079 (9th Cir. 1999). A district court "must 'specify reasons' for its refusal to tax costs to the losing party," but "need not give affirmative reasons for awarding costs." Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) (emphasis in original) (quoting Assoc. of Mexican-American Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000)). Here, plaintiffs have not met their burden of overcoming Rule 54(d)(1)'s presumption that costs should be awarded to the prevailing party.

### 3. Defendant May Recover Costs Against Duffy.

Next, plaintiffs argue that IP may not recover any costs against Duffy because he, not IP, is the prevailing party. The "party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d)." San

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**           **'O'**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
|----------|-------------------------|------|---------------|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

Diego Police Officers Ass'n v. San Diego City Employees' Retirement Sys., 568 F.3d 725, 741 (9th Cir. 2009) (internal quotation marks and citation omitted).  It is not "necessary for a party to prevail on all of its claims to be found the prevailing party."  Id. The Seventh Circuit has stated that a district court "may award costs to whichever party prevails in 'the substantial part of the litigation.' "  O.K. Sand & Gravel, Inc. v. Martin Marietta Techs., Inc., 36 F.3d 565, 571 (7th Cir. 1994) (quoting Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble, 924 F.2d 633, 641 (7th Cir. 1991)).  For example, one court in this jurisdiction found the defendants to have prevailed where the plaintiffs "sought hundreds of millions in damages but succeeded only in receiving a judgment of about $370,000 on behalf of the class."  Tibble v. Edison Int'l, No. CV 07-5359 SVW (AGRx), 2011 WL 3759927, at *2 (C.D. Cal. Aug. 22, 2011).  Additionally, trial courts have discretion to allocate costs among prevailing parties where plaintiffs prevail on a small subset of their claims.  See, e.g., EEOC v. Colgate-Palmolive Co., 617 F. Supp. 843, 844 (S.D.N.Y. 1985) (awarding a defendant most of its costs and the plaintiff a smaller fraction of its costs, where the plaintiff prevailed on only two of ten claims).

At trial, Duffy sought damages of $305,744.38; approximately 97 percent of that figure was based on his unsuccessful vacation and waiting time claims.  See Dkt. No. 264-2 Ex. A.  As noted, the jury found in favor of Duffy only on his claim for unpaid commissions, awarding him $8,148.48.  Although Duffy prevailed on a small portion of his claims, the bulk of the effort and costs in this litigation were clearly directed at the unpaid vacation claims.  Consequently, the Court determines that Duffy should be ordered to pay defendant's costs, and that Duffy's partial success is adequately reflected by awarding him his own reasonable requested costs, as discussed *infra*.  See Colgate-Palmolive, 617 F. Supp. at 844 (awarding each party a portion of its costs where the defendant prevailed on most but not all claims).[2]

---

[2]Plaintiffs' arguments that defendant's costs should be reduced by thirty-five percent or more because Duffy recovered approximately $8,000 in unpaid commissions and the Phase II claims involving Bekiarian were dismissed in light of the Phase I verdict are unsupported by authority.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

4.      Defendants Need Not Apportion Costs Among the Plaintiffs.

Plaintiffs next argue that each plaintiff should only be held liable for a proportional amount of any costs awarded to IP, rather than being held jointly and severally liable. When one party prevails against multiple opponents, "the presumptive rule is joint and several liability unless it is clear that one or more of the losing parties is responsible for a disproportionate share of the costs." Anderson v. Griffin, 397 F.3d 515, 522–23 (7th Cir. 2005)); see Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 497 (8th Cir. 2002) ("Joint and several liability for costs is the general rule unless equity otherwise dictates."); In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 469 (3d Cir. 2000) (holding that the "default rule is that costs may be imposed jointly and severally," and that the losing parties have the burden of introducing evidence persuading the court otherwise). Plaintiffs shared a joint defense team and many trial exhibits and witnesses, and offer no evidence or authority that would suggest equity requires departing from the presumption of joint and several liability. Cf. Walker v. U.S. Dep't of Housing & Urban Dev., 99 F.3d 761, 773 (5th Cir. 1996) (affirming joint and several liability for attorneys' fees where each party played a substantial role in the litigation, had a joint legal defense, and shared experts). Accordingly, the Court rejects plaintiffs' contention that each plaintiff may only be held individually liable for a fraction of defendant's costs.

5.      Plaintiffs' Specific Objections

The Court now turns to the specific cost items to which plaintiffs object. See Wright & Miller § 2668 ("The court's discretion embraces both allowing and disallowing all costs or only particular items.").

a.      Reporter's Transcripts

Defendant requests $20,580.21 for reporter's transcripts from trial. Dkt. No. 272-1 at 2. 28 U.S.C. § 1920 provides that a court "may tax . . . [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." The Court's Local Rules provide that items taxable as costs include "[t]he cost of the original and one copy of all or any part of a trial transcript, a daily transcript, or a transcript of matters occurring before or after trial, if requested by the Court or prepared pursuant to stipulation." C.D. Cal. L.R. 54-3.4. "Generally, daily trial transcript costs should not be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
|----------|-------------------------|------|---------------|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

awarded absent court approval prior to the trial. . . . 'However, a district court may overlook the lack of prior approval if the case is complex and the transcripts proved invaluable to both the counsel and the court.' " <u>Dowd v. City of Los Angeles</u>, 28 F. Supp. 2d 1019, 1049 (C.D. Cal. 2014) (quoting <u>Manildra Milling Corp. v. Ogilvie Mills, Inc.</u>, 76 F.3d 1178, 1184 (Fed. Cir. 1996)). For example, the <u>Dowd</u> court awarded costs for daily transcripts because the court had "required the parties . . . to cite to specific pieces of testimony when making evidentiary objections and arguing the proposed jury instructions," making the transcripts "invaluable" to the parties and the court in resolving the "complex issues in [that] case." <u>Id.</u>

Here, there was no Court order requesting or approving daily transcripts, and no stipulation by the parties making such costs taxable. Defendant's attempt to compare this case to <u>Dowd</u> because its attorneys used the transcripts to prepare for questioning witnesses and delivering closing arguments is unavailing because an attorney's convenience is not the same as a court's requirement. Because daily trial transcript costs are generally not to be taxed absent prior approval and defendant has not overcome this presumption, the Court disallows defendant's requested daily transcript costs entirely.

    b.    Deposition Costs

Defendant seeks to recover $30,282.07 in deposition expenses. Dkt. No. 272-1 at 2. "Deposition costs are taxable if they are reasonably necessary for trial." <u>Evanow v. M/V Neptune</u>, 163 F.3d 1108, 118 (9th Cir. 1998). "A deposition need not be absolutely indispensable to justify an award of costs; rather, it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary deposition." <u>Frederick v. City of Portland</u>, 162 F.R.D. 139, 143 (D. Or. 1995). For example, one circuit has affirmed the award of costs for deponents not called as witnesses at trial based on the affidavit of counsel that the depositions "were believed to be necessary for trial at the time they were taken." <u>Manildra Milling Corp.</u>, 76 F.3d at 1184–85. "Indeed, in those instances when courts have prohibited the recovery of deposition costs, the prohibition has customarily been predicated on a finding that the deposition was purely investigative in nature or solely for the convenience of counsel." <u>Frederick</u>, 162 F.R.D. at 143. The Local Rules provide that taxable costs in connection with taking oral depositions include:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

    (a)    The cost of the original and one copy of the transcription of the oral portion of all depositions used for any purpose in connection with the case, including non-expedited transcripts, the reporter's appearance fee, fees for binding, bates stamping, non-expedited shipping and handling, processing fee, ASCII disks, production and code compliance charge, electronic transmission charge, miniscripts and witness handling charges, but not including the cost of videotaping or recording depositions unless otherwise ordered by the Court;

    (b)    The reasonable fees of the deposition reporter . . . the notary, and any other persons required to report or transcribe the deposition, but not including the costs of video and audio technicians unless otherwise ordered by the Court;

    (c)    Reasonable witness fees paid to a deponent . . . . ;

    (d)    Reasonable fees paid to an interpreter when necessary to the taking of the deposition; and

    (e)    The cost of copying or reproducing exhibits used at the deposition and made a part of the deposition transcript.

C.D. Cal. L.R. 54-3.5.

    Plaintiffs first argue that fifteen depositions taken by IP were unnecessary because those witnesses were not called at trial. But transcripts indicate that three of these depositions—those of Mayra Vargas, Elizabeth Johnson, and Lloyd Aubrey—were actually taken "on behalf of the Plaintiffs." Dkt. No. 264-2 Exs. F–H. An additional eight of the deponents were on plaintiffs' trial witness lists, undermining plaintiffs' contention that the depositions were not reasonably necessary when they were taken. See Dkt. No. 241; Farris Dkt. No. 127. The remaining witnesses to which plaintiffs object are plaintiffs' spouses. The Court finds reasonable defendant's explanation that the spouses' depositions were relevant at the time they were taken because each had knowledge about the amount of vacations plaintiffs took, a critical damages issue; indeed, Duffy and Anderson testified that their wives helped them prepare charts of vacation taken. Therefore, the Court rejects plaintiffs' argument that all costs for these deponents should

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

be disallowed.  Additionally, the Court rejects for the reasons stated above plaintiffs' arguments that costs for depositions touching on counterclaims against Bekiarian or Duffy's commissions claim, among others, should be disallowed.[3]

Plaintiffs next argue that IP improperly claims deposition costs for rough draft transcripts, expedited transcripts, and compact discs.  As stated, the Local Rules allow "non-expedited transcripts" to be taxed, indicating that expedited transcripts should not be.  Therefore, the Court disallows costs for expedited transcripts in the amount of $1,054.88.  See Dkt. No. 272-1 Ex. C.  Additionally, the Court strikes $4,051 of costs for rough draft and daily transcripts in addition to the one original and one copy allowed by the Local Rules.  See Petroliam Nasional Berhad v. GoDaddy.com, Inc., No. C 09-5939 PJH, 2012 WL 1610979, at *2 (N.D. Cal. May 8, 2012) (disallowing cost of a " 'rough draft' copy, because it appears to be a copy in addition to the permitted original and one copy").  Summing these figures, the Court subtracts $5,105.88 from the deposition costs IP seeks, leaving **$25,176.19** in taxable deposition costs.[4]

c.      Witness Fees

Defendant requests $1,029 in witness fees.  Dkt. No. 272-1 at 2.  The Local Rules authorize the taxing of "[s]tatutory fees paid to witnesses, including . . . [p]er diem, mileage, subsistence, and attendance fees as provided in 28 U.S.C. § 1821 paid to witnesses subpoenaed or actually attending the proceeding."  C.D. Cal. L.R. 54-3.6.  "The awarding of witness fees and expenses as taxable costs is a matter addressed to the discretion of the district judge," who must consider "whether the testimony of the witness was relevant to an issue in the case and reasonably necessary to its resolution."  10 Wright & Miller § 2678.  "Ordinarily, no fee may be taxed for someone who comes to the

---

[3]This argument is especially audacious in light of the fact, discussed below, that Duffy has applied to tax costs as the prevailing party on his unpaid commissions claim for depositions at which that claim was not even discussed.

[4]As to the compact discs to which plaintiffs object, IP has clarified that those discs are ASCII discs.  See Dkt. No. 285-1 at 2.  As stated, such costs are expressly taxable under the Local Rules.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

courthouse but does not testify at the trial, the presumption being that the person was not a necessary witness.  But this is no more than a presumption and can be overcome if it appears that a court order or some other extrinsic circumstance rendered that testimony unnecessary."  Id.

Plaintiffs argue that fees should be disallowed for witnesses IP did not call at trial, consisting of plaintiffs' and Farris's spouses and coworkers.  The Court agrees, as defendant does not point to any special circumstances or court order that overcomes the presumption that fees for witnesses not called at trial are not taxable.  Accordingly, the Court subtracts $473 from IP's requested costs, leaving **$556** of taxable witness fees.

d.      Document Reproduction Expenses

In its amended application, defendant requests $9,976.59 for "exemplification and reproduction of documents."  Dkt. No. 272-1 at 2.  The Local Rules authorize the taxing of document preparation costs including:

(a)      The cost of copies (including Mandatory Chambers Copies) of documents necessarily filed and served;
(b)      The cost of documents or other materials admitted into evidence when the original is not available or the copy is substituted for the original at the request of an opposing party; [and]
. . . .
(f)      Fees for certification or exemplification of any document or record necessarily obtained for use in this case.

C.D. Cal. L.R. 54-3.10.

Upon a review of the submitted invoices, Dkt. No. 256-5, it appears that claimed costs for binders containing the copied documents, binder preparation and assembly, computer labor, overtime labor, and courier services should not be taxed.  These costs are set forth in the invoices IP submits as $2,048 for binders, $805 for binder preparation, $1,275 for computer labor, $3,112.50 for overtime labor, and $150 for courier services.  Dkt. No. 271-1 Ex. E.  IP reduced its overall document reproduction costs by fifty

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

percent to account for the fact that the Court only requires two copies of trial exhibits (rather than the four IP ordered), and then by an additional twenty-five percent to reflect the settlement with Farris.  Accordingly, for those categories of costs that the Court will not tax, the Court has halved the invoice figures and multiplied that result by three-quarters, yielding $768 (binders), $301.88 (binder preparation), $478.13 (computer labor), $1,167.19 (overtime labor), and $56.25 (courier services) of costs that will not be taxed.  Summing these figures, the Court deducts $2,771.45 from IP's requested document reproduction costs, leaving **$7,205.14** of document certification, exemplification, and reproduction costs to be taxed.

       e.      Visual Aids Used at Trial

Defendant seeks reimbursement for visual aids used at trial, strategy and consulting services relating to those visual aids, and a "hot seat vendor" who displayed and highlighted visual exhibits at trial.  The Court "may" tax costs including "charts, diagrams, and other visual aids reasonably necessary to assist the jury or the Court in understanding the issues at trial."  C.D. Cal. L.R. 54-3.12(a).  The Court has "discretion" to award costs for such visual aids.  Dowd, 28 F. Supp. 3d at 1049 (citing Little Oil Co., Inc. v. Atl. Richfield Co., 852 F.2d 441, 448 (9th Cir. 1988)).

The Court declines to tax costs for the services provided by "Trial Edge," which appear to have consisted of technical assistance at trial.  See Dowd, 28 F. Supp. 3d at 1050 (denying costs for "trial technician services," finding them not to be taxable under Local Rule 54-3 or 28 U.S.C. § 1920); Am. Color Graphics, Inc. v. Travelers Property Cas. Ins. Co., No. C 04-3518 SBA, 2007 WL 832935, at *3 (N.D. Cal. Mar. 19, 2007) (disallowing costs for trial video technician).  As to the services provided by Huck, LLC, the Court will tax costs only for those services related to direct production of visuals, not billed services for "expert persuasive strategists."  See Shum v. Intel Corp., 682 F. Supp. 2d 992, 1000 (N.D. Cal. 2009) (disallowing charges for "strategy" and "case management," and rejecting argument that losing party "should be required to pay for the time defense counsel spent in 'close collaboration' with their consultants, especially as it related to strategic planning for the trial as opposed to costs for production of the demonstratives").  This leaves $15,725 in taxable costs for visual aids.  Additionally, defendant has reduced its request for visual aid costs by 25% in light of its settlement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

with Farris.  Applying this same reduction to the remaining visual aid costs the Court will permit, the Court concludes that **$11,793.75** of "other costs" should be taxed.

### C.    Conclusion

In accordance with the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** defendant's motion for other costs, and **ALLOWS IN PART** and **DISALLOWS IN PART** plaintiffs' objections to defendant's application to tax costs.  Plaintiffs are ordered to pay IP a total of **$44,819.08** in costs.

## III.    PLAINTIFF DUFFY'S MOTION AND APPLICATION FOR ATTORNEYS' FEES AND COSTS

As stated above, plaintiff Duffy was unsuccessful in his claims for unpaid vacation and waiting time penalties, but prevailed on his claim for unpaid commissions, receiving a jury verdict in the amount of $8,148.48.  On April 17, 2015, Duffy filed a motion for attorneys' fees and costs based on his commissions claim.  Dkt. No. 248.  Defendant opposed the motion on April 27, 2015, and plaintiff filed a reply on May 4, 2015.  Dkt. Nos. 263, 269.  Duffy filed an application to tax costs on April 17, 2015, and an amended version on April 24, 2015.  Dkt. Nos. 249, 259.  Defendant filed objections to the application on April 24, 2015, and Duffy responded to those objections on April 27, 2015.  Dkt. Nos. 258, 262.

### A.    Attorneys' Fees

Duffy asserts—and defendant does not contest—that Duffy is entitled to "reasonable attorney's fees" under California Labor Code section 218.5.  See Cal. Labor Code § 218.5 ("In any action brought for the nonpayment of wages . . . the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action."); Drumm v. Morningstar, Inc., 695 F. Supp. 2d 1014, 1018 (N.D. Cal. 2010) ("The awarding of attorney's fees is 'mandatory' in unpaid wage claims." (citing Earley v. Superior Court,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
|----------|-------------------------|------|---------------|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

79 Cal. App. 4th 1420, 1427 (2000))).[5]  Duffy requests approximately $400,000 in fees, while defendant argues that this figure is grossly inflated and should be denied entirely or drastically reduced.

"California law commits the determination of reasonable attorneys' fees to the discretion of the trial courts."  Beaty v. BET Holdings, Inc., 222 F.3d 607, 609 (9th Cir. 2000).  California courts and the Ninth Circuit apply the "lodestar" method, designed to determine the "basic fee for comparable legal services in the community."  Ketchum v. Moss, 24 Cal. 4th 1122, 1132 (2001); see Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008).  The " 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  Camacho, 523 F.3d at 978 (internal quotation marks and citation omitted).  Once the lodestar has been calculated, a court may "adjust [it] upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar."  Van Gerwen v. Guar. Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000).

1.     Hours Reasonably Spent on Litigation

The party seeking fees must submit evidence supporting the number of hours worked, and the district court should exclude "hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.' "  Van Gerwen, 214 F.3d at 1045 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  "[T]ime spent in establishing the entitlement to and amount of the fee" is compensable as reasonably necessary attorney time.  In re Nucorp Energy, Inc., 764 F.2d 655, 659–60 (9th Cir. 1985); accord Serrano v. Unruh, 32 Cal. 3d 621, 639 (1982).

---

[5]Courts sitting in diversity often apply federal law to applications for costs while applying state law to motions for attorneys' fees.  See, e.g., United Cal. Bank v. THC Fin. Corp., 557 F.2d 1351, 1361 (9th Cir. 1977); Johnson v. Hewlett-Packard Co., No. C 09-03596, 2014 WL 3703993, at *1, 6 (N.D. Cal. July 24, 2014) (applying Rule 54(d) to request for costs where employer prevailed on Labor Code claims, while applying Labor Code section 218.5 to employer's request for attorneys' fees on those claims).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          '**O**'

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
|----------|-------------------------|------|---------------|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

Even limited to Duffy's commissions claim, this litigation was hard-fought, including significant discovery, a motion to dismiss, two amended complaints, a motion for summary judgment, motions *in limine*, and a contentious trial.  A relatively high number of hours worked in relation to the monetary result obtained is therefore not surprising and, especially given the public policies advanced by Labor Code litigation, not improper.  Cf. Beaty, 222 F.3d at 612 ("[A] trial court does not under California law abuse its discretion simply by awarding fees in an amount higher, even very much higher, than the damages awarded, where successful litigation causes 'conduct which the [Fair Employment and Housing Act] was enacted to deter [to be] exposed and corrected.' " (citation omitted)).  Still, where a "plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."  Hensley, 461 U.S. at 436.  In cases such as this one, where successful and unsuccessful claims are factually separable, the "fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.  The applicant should exercise 'billing judgment' with respect to hours worked . . . and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."  Id.  "The trial court may 'reduce the award or deny one altogether' if the fee request 'appears unreasonably inflated.' "  Drumm, 695 F. Supp. 2d at 1023 (quoting Serrano v. Unruh, 32 Cal. 3d 621, 635 (1982)).

Duffy asserts that he is only claiming fees for hours spent on his successful commissions claim, segregating such hours from those pertaining to unsuccessful claims.  For the two attorneys that worked on Duffy's commission claim, Doug Silverstein and Lauren Morrison, Duffy submits time sheets including a separate time entry for "time spent on commissions" if the overall billing activity for that row was directed at Duffy's commission claim and others.[6]  Nevertheless, having reviewed the submitted time sheets,

---

[6]The Court notes that, despite seeking leave of Court to file limited supplemental briefing explaining in greater detail the submitted billing entries, Duffy submitted entry-by-entry explanations only for a subset of Silverstein's hours (many of which were already reasonably allocated, and which the Court's tentative order therefore did not discount), did not address any of Morrison's billing entries (many of which have no analogue in Silverstein's entries), and spent most of his supplemental brief arguing for a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

and in light of the Court's observation of time spent on the various issues throughout this litigation, it is clear that some hours claimed cannot reasonably have been spent only on the commission claims.

For example, Silverstein includes as time spent on the commissions claim only 4.75 hours for "Trial—Closing Arguments and Jury Instructions" on December 12, 2014 (the last day of trial); 5.8 hours for "Closing Argument/Power Point" preparation on December 9, 2014; and 3.5 hours for "Trial—Opening Statements" on December 2, 2014.[7]  Given that the approximately $8,000 in unpaid commissions Duffy sought represented less than 1% of the damages sought by the plaintiffs, and that the vast majority of trial time was spent on other issues, this is either implausible or unreasonable. The Court therefore awards only ten percent of the billed time for these entries, subtracting 12.65 hours from Silverstein's claimed time.  Silverstein also claims 2.5 hours for "Trial—Examination of Robert Crandall" (IP's damages expert), and an additional hour preparing for that cross-examination.  But out of approximately 134 transcript pages covering Crandall's examination at trial, only two pages relate to Duffy's commissions claim.  Finding the billed time to be unreasonable in light of this extremely limited questioning related to the claim on which Duffy prevailed, the Court subtracts 2.5 hours total from these two entries.  For similar reasons, the Court only awards six minutes of the requested 1.6 hours for trial examination of Miles Locker, for whom questions related to the commissions claim span less than half a page of approximately forty-five transcript pages covering Locker's trial testimony; this reduces Silverstein's claimed time by an additional 1.5 hours.  Next, the Court does not find reasonably necessary to the prosecution of Duffy's commission claim the 3.5 hours Silverstein bills for calls with a jury consultant on November 28 and 30, 2014, and strikes those entries entirely.  Finally, the Court will not order IP to pay 3.8 hours billed in connection with IP's motion to dismiss the SAC, as that motion did not seek to dismiss (or even mention) Duffy's commissions claim.  Summing these totals, the Court deducts 23.95 hours from Silverstein's claimed hours, leaving **75.2 hours** to be billed at his reasonable rate.

---

multiplier, an issue on which the Court did not authorize additional briefing.

[7]All time entries in this section appear at Dkt. No. 257-2, Ex. D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

For the reasons discussed above, the Court awards only ten percent of the unallocated hours Morrison billed for "Closing Arguments and Jury Instructions" (4.75 hours on December 12, 2014); "Closing Argument/PowerPoint" (5.8 hours on December 9, 2014); and "Trial—Opening Statements" (3.5 hours on December 2, 2014). Deducting ninety percent of the time billed for these entries reduces Morrison's claimed hours by 12.65 hours. Also for reasons already stated, the Court deducts 1.5 hours of the two hours Morrison billed for cross-examination of Crandall on December 9, 2014, and all of her 3.5 hours billed for calls with a jury consultant. Additionally, the Court finds that IP should only be ordered to pay ten percent of the four hours billed for traveling to and taking the deposition of Ottie Dixon (at which defendant avers—and Duffy does not contest—that Morrison asked only one question related to Duffy's commissions claim), and subtracts 3.6 hours for that reason. On the same rationale, the Court deducts 4.5 hours out of five hours claimed for preparing for and taking the deposition of Derrick Bates, for whom questions about Duffy's commissions claim ran three pages out of a 289-page deposition transcript. And because Duffy's commissions claim was such a small part of this case, the Court only awards ten percent of the 11.2 hours Morrison claims for preparing Duffy for his deposition and then traveling to and defending that deposition, reducing her billed time by an additional 10.1 hours. Additionally, the Court disallows entirely a total of 30.8 unallocated hours billed in connection with the depositions of the following witnesses whom Duffy appears to admit were not asked about his commissions claim: Robert Jones, Cindy Duffy, James Campbell, Don Skrede, Mike Cweika, Don Fry, Eric Radtke, and Don Zenser. Finally, because the motion was not directed at Duffy's commissions claim, the Court subtracts 3.4 hours billed with regard to IP's motion to dismiss the SAC. All told, the Court deducts 70.1 hours from Morrison's requested hours, leaving **176.8 hours** to be billed at her reasonable rate.[8]

With regard to paralegal Michael Bew, defendant argues that many of the tasks he performed consists of "administrative and clerical tasks, which should never be charged

---

[8]Contrary to its tentative order, however, the Court will award in full Silverstein and Morrison's fees for billing entries directed toward the settlement and mediation conferences, as well as similar billing entries that—while not allocated between total and commissions-directed time on Duffy's submitted time sheets—would have been reasonably necessary if the commissions claim were brought as a standalone claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
|----------|-------------------------|------|---------------|

| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. |
|-------|-----------------------------------------------------------------|

to a client—and thereby, should not be billed to an opposing counsel in a fee request." Dkt. No. 263 at 6–7. But the cases defendant cites in support of this argument disallowed billed fees for clerical tasks performed by attorneys at attorneys' rates, not tasks performed by paralegals at substantially lower rates. <u>See, e.g.</u>, <u>Yenidunya Invs. Ltd. v. Magnum Seeds, Inc.</u>, No. CV 2:11-1787 WBS, 2012 WL 538263, at *10 (E.D. Cal. Feb. 17, 2012); <u>Sunstone Behavioral Health, Inc. v. Alameda Cnty. Med. Ctr.</u>, 646 F. Supp. 2d 1206, 1215 (E.D. Cal. 2009). The Court therefore declines to strike the bulk of Bew's requested hours, as IP suggests. The Court will, however, disallow <u>3.2 hours</u> billed in connection with the motion to dismiss the SAC, which as stated above, did not implicate Duffy's commissions claims. As defendant makes no other specific objections to Bew's hours, the Court will allow reimbursement for the other **152.6 hours** Duffy's counsel declares that Bew spent on Duffy's commissions claim.

        2.      Reasonable Hourly Rate and Calculation of the Lodestar

        The party seeking fees must demonstrate that the rates requested are "in line with the prevailing market rate of the relevant community." <u>Carson v. Billings Police Dep't</u>, 470 F.3d 889, 891 (9th Cir. 2006) (internal quotation marks and citation omitted). The relevant rate is that "for similar work performed by attorneys of comparable skill, experience, and reputation," <u>Schwarz v. Sec. of Health & Human Servs.</u>, 73 F.3d 895, 908 (9th Cir. 1995) (citation omitted), and "the relevant community is the forum in which the district court sits," <u>Camacho</u>, 523 F.3d at 979 (citing <u>Barjon v. Dalton</u>, 132 F.3d 496, 500 (9th Cir. 1997)). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." <u>United Steelworkers of Am. v. Phelps Dodge Corp.</u>, 896 F.2d 403, 407 (9th Cir. 1990).

        Duffy submits that a reasonable rate for work performed by partner Douglas N. Silverstein is $750 per hour. Silverstein has practiced labor and employment law for twenty years, and litigated several trials in the past four years. <u>See</u> Dkt. No. 257-1 ¶¶ 3–14. He represents that $750 is the hourly rate he actually charges, and has been approved at a rate of $700 per hour multiple times by state and federal judges in the past few years. <u>Id.</u> ¶¶ 16–17. Duffy submits declarations by Los Angeles area employment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       **'O'**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. |

lawyers Lee Feldman, Carney Shegerian, and Gary Dordick, all of whom attest to Silverstein's experience and competence, and the reasonableness of his requested rate. See Dkt. Nos. 248-5, 248-6, 248-7. Defendant does not contest Silverstein's hourly rate, and the Court finds $750 to be an appropriate hourly rate for work performed by him.

Duffy submits that a reasonable rate for work performed by associate and second chair trial attorney Lauren J. Morrison is $450 per hour. Morrison has been practicing employment law exclusively for over five years, has taken over one hundred depositions, and has defended a larger number of depositions. Dkt. No. 248-3 ¶ 2. She represents that her firm bills her time at an hourly rate of $450 per hour. Id. ¶ 4. Morrison was approved at a rate of $400 per hour in November 2012 by a California Superior Court. Id. Silverstein declares that $450 per hour is a reasonable market rate for an attorney of Morrison's experience and skill acting as second chair in such a case. Dkt. No. 257-1 ¶ 19. Feldman, Shegerian, and Dordick all opine that this rate is within the range charged by comparably qualified attorneys for similar litigation within the Los Angeles area. See Dkt. No. 248-5 ¶ 10; Dkt. No. 248-6 ¶ 7; Dkt. No. 248-7 ¶ 10. The Court finds the submitted declarations, and its own experience with the work done in this case, sufficient to establish $450 as a reasonable hourly rate for Morrison's work.

Duffy submits that paralegal Michael Bew's work on Duffy's commissions claim should be billed at $150 per hour. Morrison declares that Bew has been a paralegal at her firm for three years, and worked as a legal assistant for over twenty years before joining the firm. Dkt. No. 248-3 ¶ 7. The Court finds $150 per hour to be reasonable for work performed by Bew.

Applying these hourly rates, the lodestar for work performed by Silverstein is $56,400 (75.2 hours x $750). The lodestar for work performed by Morrison is $79,560 (176.8 hours x $450). The lodestar for work performed by Bew is $22,890 (152.6 hours x $150). Summing these figures yields a total lodestar of **$158,850**.

       3.      Adjustment of the Lodestar Rate

"The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in 'rare'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

or 'exceptional' cases, supported by both specific evidence on the record and detailed findings . . . that the lodestar amount is unreasonably low or unreasonably high." Van Gerwen, 214 F.3d at 1045 (internal quotation marks and citations omitted).  Under California law, the lodestar may be adjusted based on factors including "(1) the results obtained by plaintiff's counsel; (2) the skill and quality of representation; (3) the novelty and difficulty of the questions involved; (4) the extent to which the litigation precluded other employment by the attorneys; and (5) the contingent nature of the case." Jadwin v. County of Kern, 767 F. Supp. 2d 1069, 1134–35 (E.D. Cal. 2011) (citing Serrano v. Priest, 20 Cal. 3d 25, 49 (1977), and Lealao v. Beneficial Cal., Inc., 82 Cal. App. 4th 19, 45 (2000)).  "Courts must not," however, "consider any multiplier factor to the extent it is already encompassed within the lodestar calculation." Parkinson v. Hyundai Motor Am., 796 F. Supp. 2d 1160, 1173 (C.D. Cal. 2010).  "[T]he trial court is not required to include a fee enhancement to the basic lodestar figure for contingent risk, exceptional skill, or other factors, although it retains discretion to do so in the appropriate case; moreover, the party seeking a fee enhancement bears the burden of proof." Ketchum, 24 Cal. 4th at 1138 (emphasis in original); accord Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 553 (2010).

Duffy requests that the Court apply a 2.0x multiplier to the lodestar based on the contingent nature of the representation and the public policy advanced by the litigation, while IP requests a sharp negative multiplier.  Exercising its discretion, the Court does not see any reason to depart from the strong presumption that the lodestar provides the appropriate fee amount.  The Court does not find that the results obtained at trial,[9] or the legal skill required in presenting Duffy's commissions claim, were "exceptional."[10]  Nor

---

[9]Compare Leuzinger v. County of Lake, No. C 06-00398 SBA , 2009 WL 839056, at *10–11 (N.D. Cal. Mar. 30, 2009) (finding a multiplier of 2.0x justified in part because the prevailing plaintiff offered attorney affidavits stating that a $1.67 million verdict "was an exceptional result")

[10]See Ketchum, 24 Cal. 4th at 1139 ("[A] trial court should award a multiplier for exceptional representation only when the quality of representation far exceeds the quality of representation that would have been provided by an attorney of comparable skill and experience billing at the hourly rate used in the lodestar calculation.  Otherwise, the fee

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

were the commissions claims "novel or complex." Aguilar v. Zep Inc., No. 13-CV-00563-WHO, 2014 WL 4063144, at *8 (N.D. Cal. Aug. 15, 2014) (denying a requested multiplier where plaintiffs' counsel litigated Labor Code claims on contingency basis); see also Jadwin, 767 F. Supp. 2d at 1137 (finding a multiplier unjustified in a contingency case under the FEHA because the "litigation was not exceedingly novel and counsel did not demonstrate 'exceptional' skill"); Schultz v. Ichimoto, 2010 WL 3504781, at *11 (E.D. Cal. Sept. 7, 2010) (noting that a multiplier "is completely within the Court's discretion" under California and federal law, and declining to apply one where the litigation was not unusually complex). And although the Court appreciates the importance of the Labor Code policies advanced by plaintiff's counsel on a contingency fee basis, a contingent arrangement does not merit a multiplier in every instance, especially where—as here—the statute provides for mandatory attorneys' fees to a prevailing plaintiff.[11] Additionally, the Court notes that—unlike in cases where a multiplier is applied in contingency fee litigation that spans several years at the trial court level—this case spanned less than two years from filing to trial. Accordingly, a multiplier is not needed to account for the risk in taking Duffy's case, or to encourage attorneys to take similar cases advancing Labor Code's public policies.

Nor will the Court apply a downward multiplier to reflect Duffy's limited success, as defendant suggests. It is true that "[u]nder both California and federal law, a fee award must be adjusted to reflect limited success." Muniz v. United Parcel Serv., Inc., 738 F.3d 214, 224 (9th Cir. 2013). But Duffy's limited success has already been accounted for by limiting the number of hours to those reasonably necessary to advance his successful

---

award will result in unfair double counting and be unreasonable.").

[11]One California court has noted that multiplier requests are less compelling in contingent fee cases where a statute provides for a mandatory award of attorneys' fees, "unlike in the Serrano cases"—on which Duffy relies—"where it was uncertain that the attorneys would be entitled to an award of fees even if they prevailed." Weeks v. Baker & McKenzie, 63 Cal. App. 4th 1128, 1175 (1998). The Weeks court reasoned that the "contingent nature of the litigation" in cases such as this one is "the risk that [plaintiff] would not prevail," which is "inherent in any contingency fee case and is managed by the decision of the attorney to take the case and the steps taken in pursuing it." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

commissions claim only.  "Since consideration of limited success is presumably 'subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate,' district courts should not ordinarily make a separate adjustment for limited success."  Corder v. Gates, 947 F.2d 374, 378 (9th Cir. 1991) (quoting Cabrales v. County of Los Angeles, 864 F.2d 1454, 1461 (9th Cir. 1988)).  Although California law gives the Court discretion to further reduce the lodestar amount to account for limited success, see Beaty, 222 F.3d at 610, the Court declines to do so—especially because, although Duffy was not successful overall, he recovered all of the unpaid commissions he sought in the SAC.  Under the totality of the circumstances, the Court concludes that neither an upward nor downward departure from the presumptively reasonable lodestar is appropriate.[12]

**B.    Costs**

The standards for awarding costs under Federal Rule of Civil Procedure 54(d)(1) are set forth in Section II, above.  Defendant does not contest that Duffy is entitled to recover some costs for his commissions claim.  In his initial application, Duffy requested $17,341.44 in costs, including $7,763.33 in deposition costs.  Dkt. No. 249.  Defendant objected to many of these costs, arguing that Duffy's cost recovery should be limited to $9,817.26.  Dkt. No. 258.  On the same day that defendant filed its objections, Duffy filed a notice of errata regarding the bill of costs.  Dkt. No. 259-1.  Three days later, Duffy filed a response to defendant's objections, reducing his requests for certain fees and altering the allocation of others.  Dkt. No. 262.  As revised, Duffy requests the following costs:

| | |
|---|---|
| Filing Fees: | $435.00 |
| Fees for Service of Process: | $202.00 |
| Reporter's Transcripts: | $191.10 |
| Depositions: | $9,494.85 |
| Certification, Exemplification | |

---

[12]Because the Court does not find a multiplier to be justified, this order does not separately analyze time spent on the commissions claim itself (for which Duffy requests a multiplier) and for preparing the fees motion (for which Duffy does not).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-02079-CAS(AJWx) | Date | June 10, 2015 |
|---|---|---|---|
| Title | JARED ANDRESEN, ET AL. v. INTERNATIONAL PAPER COMPANY, ET AL. | | |

|  |  |
|---|---|
| and Reproduction of Documents: | $1,634.10 |
| Masters, Commissions and Receivers: | $2,900.00 |
| Total: | $14,858.05 |

<u>Id.</u>  This revised application obviates IP's objections to the significantly greater reporter's transcripts costs initially requested, and the revised certification, exemplification, and reproduction of documents costs are actually lower than the figure IP argued should be allowed.  However, Duffy provides no explanation for requesting almost $2,000 more in deposition costs than he sought in either his initial or amended application to tax costs.  Therefore, the Court will only allow deposition costs in the originally requested amount of $7,763.33.  Finding the other requested costs to be reasonable, the Court orders IP to pay Duffy **$13,125.53** in costs.

## C.    Conclusion

In accordance with the foregoing the Court **GRANTS IN PART** and **DENIES IN PART** Duffy's motion for attorneys' fees and costs, awarding him **$159,330** in attorneys' fees and **$13,125.53** in costs.[13]

IT IS SO ORDERED.

|  |  |  |
|---|---|---|
| | 00 | : | 00 |
| Initials of Preparer | | CMJ |

---

[13]The Court notes that in its tentative order, the Court made an arithmetic error that resulted in counting twice the $10,665 Duffy claims for time spent preparing the fees motion.  Hence, although the Court has allowed an additional $26,752.50 in net attorneys' fees compared to those reflected in the tentative order, the actual net increase between the tentative order and this one is $16,087.50.